**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | Case No. 6:20-cv-00473-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ....................................................................................................2

        A.    The '144 Patent ........................................................................................ 2

        B.    The Accused Product ................................................................................ 4

        C.    Plaintiff's Infringement Allegations ........................................................ 5

III.    LEGAL STANDARD ............................................................................................6

IV.     ARGUMENT ........................................................................................................8

        A.    Plaintiff Fails to Identify the Claimed "V mod N" Formula, and
              Instead Accuses Functionality That was Distinguished During
              Prosecution ............................................................................................... 8

        B.    Plaintiff Fails to State a Claim for Induced and Contributory
              Infringement ........................................................................................... 10

V.      CONCLUSION ....................................................................................................14

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................7, 13

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..............................7, 8, 13

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ......................11, 12

*Amgen Inc. v. Coherus BioSciences Inc.*,
931 F.3d 1154 (Fed. Cir. 2019)..........................................................................9

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ...................................................................6, 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................6, 8, 9

*Auto–Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
6:15–CV–00091, 2015 WL 12868183 (W.D. Tex. June 24, 2015), report and
recommendation adopted, 2015 WL 11004538 (W.D. Tex. July 15, 2015)...........................10

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
C 11–04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012)...................................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................6, 8

*Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*,
912 F. Supp. 2d 1338 (M.D. Fla. 2012).................................................................12

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)...............................................................................7, 11

*Data Engine Techs. LLC v. Google LLC*,
906 F.3d 999 (Fed. Cir. 2018)...........................................................................10

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)............................................................7, 8

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018).......................................13

*DSU Med. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006)..........................................................................13

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
 909 F.3d 398 (Fed. Cir. 2018)............................................................................7, 11

*Fujitsu Ltd. v. Netgear Inc.*,
 620 F.3d 1321 (Fed. Cir. 2010).................................................................................8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
 563 U.S. 754 (2011)...................................................................................................7

*Hypermedia Navigation LLC v. Google LLC*,
 No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)...................13

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
 870 F.3d 1320 (Fed. Cir. 2017)............................................................................7, 11

*Lormand v. US Unwired, Inc.*,
 565 F.3d 228 (5th Cir. 2009) ....................................................................................6

*Lovelace v. Software Spectrum Inc.*,
 78 F.3d 1015 (5th Cir. 1996) ..................................................................................10

*Metricolor LLC v. L'Oreal S.A.*,
 791 F. Appx. 183 (Fed. Cir. 2019)............................................................................9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
 No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)............13

*Parus Holdings Inc. v. Apple Inc.*,
 No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020).........................................................12

*Proxyconn Inc. v. Microsoft Corp.*,
 No. SACV 11-1681-DOC-ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012)....12

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
 730 F. Supp. 2d 349 (D. Del. 2010)........................................................................12

**Statutes**

35 U.S.C. § 271(a) ...........................................................................................................6

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '144 Patent | U.S. Patent No. 9,137,144 |
| Accused Product(s) | Dell SmartFabric OS and others not named in the Complaint |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| ECMP | Equal Cost Multi-Path |
| VLAN | Virtual Local Area Network |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

Plaintiff filed its Complaint alleging that Defendants infringe the '144 Patent.  D.I. 1.
Defendants respectfully move this Court to dismiss Plaintiff's Complaint for failure to state a
claim.

## I.   INTRODUCTION

Plaintiff has not plausibly alleged—and cannot plausibly allege—infringement in this case.
The '144 Patent claims selection of a path by a specifically recited mathematical formula.  The
patentee emphasized this specific formula during prosecution to distinguish prior art that instead
disclosed using a hash function to select the path.  Plaintiff does not identify any use of the recited
formula, and instead accuses ***exactly the same*** type of hash function that was distinguished during
prosecution.  It is thus unsurprising that Plaintiff fails to allege that the accused product selects a
path using the formula explicitly required by every claim of the '144 Patent, and further fails to
provide any facts upon which this limitation could be met.  Plaintiff's Complaint demonstrates
non-infringement on its face, and should be dismissed.

Plaintiff's indirect allegations are also fatally deficient for several reasons.  They rely
entirely on ***post-Complaint*** knowledge of the patent, which is legally insufficient to satisfy
pleading standards in this District.  They also fail to plead specific intent for induced infringement
and that there are no non-infringing uses for contributory infringement.  Thus, beyond the complete
failure to plausibly plead direct infringement, the failure to plausibly plead indirect infringement
also compels dismissal of those claims.

Plaintiff's pleading failures are fatal to its Complaint.  This is not a case in which Plaintiff's
pleading suffers from some technicality.  Instead, the Complaint demonstrates non-infringement
and a complete failure to plausibly allege infringement.  As such, Defendants respectfully ask that
the Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    BACKGROUND

### A.    The '144 Patent

The '144 Patent relates to selecting a virtual Local Area Network (VLAN) path form a path selection table using a specific formula.  That formula is defined as "V modulus N, where V is the sequential ID number for a given VLAN and N is the total number of available paths for selection." *See* '144 Patent, 6:20–23.[1]  The allegedly novel feature of the '144 Patent is using that V mod N formula instead of a hash algorithm to assign an incoming group of communication traffic to one of a plurality of paths.  This is confirmed by the prosecution history, where the applicant distinguished the claimed V mod N calculation from hashing in order to overcome the prior art. *See* Ex. A '144 Patent File History, 2014-07-17 Applicant Response, 6 ("[W]hile the cited portions of Matthews may mention a modulus operation, the modulus operation is *merely performed on a hash value* to obtain a path ID.  However, the cited portions of Matthews do not compare the path ID 'to indices on a path selection table' or 'select the path associated with an index equal to' the path ID.").

Plaintiff asserts claim 1 in the Complaint:

> 1. A method of selecting, for a group of communication traffic, a communication path from a source node to a destination node through a network comprising a plurality of contiguous communication paths, the method comprising:
>
> determining lowest cost paths from the plurality of contiguous communication paths;
>
> **determining V mod N,**

---

[1]  "Modulus" or "mod" is a well-known mathematical calculation that provides the remainder upon dividing two numbers.  For example, the result of "12 mod 5" is 2, because the remainder, when dividing 12 by 5, is 2.

comparing a result of the determining to indices on a path selection table that associates a unique index with each of the plurality of communication paths, and

**selecting a path associated with an index equal to the result, wherein N is a number of the lowest cost paths in the plurality of communication paths and V is a group identifier corresponding to the group of communication traffic.**

Tables 3 and 4 together depict an example of how the V mod N would work. Table 3 shows the VLAN ID (*i.e.,* "V") for each of the VLANs:

TABLE 3

| VLAN TABLE | |
| --- | --- |
| VLAN | V |
| VLAN1 | 099 |
| VLAN2 | 100 |
| VLAN3 | 101 |
| VLAN4 | 102 |
| VLAN5 | 103 |
| VLAN6 | 104 |
| VLAN7 | 105 |

TABLE 3-continued

| VLAN TABLE | |
| --- | --- |
| VLAN | V |
| VLAN8 | 106 |
| VLAN9 | 107 |
| VLAN10 | 108 |
| VLAN11 | 109 |
| VLAN12 | 110 |

'144 Patent, 5:55-6:10. Table 4 shows each of the possible paths:

TABLE 4

| PATH SELECTION TABLE | | | |
| --- | --- | --- | --- |
| Index | Path | VLAN | VLAN |
| 0 | 20:23 | VLAN1 | VLAN10 |
| 1 | 20:24 | VLAN2 | VLAN11 |
| 2 | 20:25 | VLAN3 | VLAN12 |
| 3 | 21:23 | VLAN4 | |
| 4 | 21:24 | VLAN5 | |
| 5 | 21:25 | VLAN6 | |
| 6 | 22:23 | VLAN7 | |
| 7 | 22:24 | VLAN8 | |
| 8 | 22:25 | VLAN9 | |

*Id.*, 6:26-39.  Table 4 shows that there are 9 possible paths (numbered 0 through 8), and thus "N" is 9.  These two tables provide the information to be used with the V mod N formula to select a path for each VLAN.  For example, VLAN1 has an ID of 99, and 99 mod 9 is 0; so VLAN1 will be assigned to path 0.  VLAN2 has an ID of 100 and 100 mod 9 is 1; so VLAN2 will be assigned to path 1.  This same calculation is performed for each VLAN and the path is assigned accordingly in a round-robin fashion.  *Id.*, 6:20-24.

### B.      The Accused Product

Plaintiff has accused the Dell SmartFabric Operating System of infringing claim 1 of the '144 Patent.[2]  Among many other functions, the Accused Product can provide path mapping using Equal Cost Multiple Path ("ECMP") routing.  *See* 10.5.0 User Guide at 628.[3]  "ECMP is a routing technique where next-hop packet forwarding to a single destination occurs over multiple best paths.  When you enable ECMP, OS10 uses a ***hash algorithm*** to determine the next-hop."  *Id* (emphasis added).  The User Guide on which Plaintiff relies explains how the hash algorithm load balances traffic by selecting the next port for traffic to follow: "To increase bandwidth and for load balancing, traffic distributes across the next hops of an ECMP group or member ports of a port channel.  ***OS10 uses a hash algorithm*** to determine a hash key.  The egress port in a port channel or the next hop in an ECMP group is selected based on the ***hash key modulo the number of ports***

---

[2] The complaint actually identifies "augmented reality headsets and services, including but not limited to, the Dell EMC SmartFabric Operating System" as Accused Products.  Compl. at ¶ 13.  One can only assume this is a cut-and-paste error resulting from Plaintiff's many complaints, as such products are not made by Dell EMC or relevant to the patent.  The only Dell EMC product actually identified is the SmartFabric Operating System, so this motion addresses that product.

[3] This user guide is quoted throughout the Complaint and is found at https://topics-cdn.dell.com/pdf/smartfabric-os10-5-0_en-us.pdf.

*in a port channel or next hops in an ECMP group*, respectively." *Id* (emphasis added).  Nothing

in the Accused Product uses a "V mod N" calculation to select a path.

      **C.**     **Plaintiff's Infringement Allegations**

      Plaintiff accuses Defendants of direct infringement of claim 1 of the '144 patent based on

making, using, or selling the Accused Product.  *See* Compl. at ¶¶ 13, 26.

      Plaintiff's indirect infringement allegations amount to three sentences that parrot the legal

elements and two website links that fail to support their claims.  *See* Compl. at ¶¶ 27–29.  These

allegations lack any factual basis and fail to even allege that Defendants had knowledge of the

patent and knowledge of infringement ***before*** Plaintiff filed suit.[4]  *See id.*  To make matters worse,

the two website links that Plaintiff attempts to use to support their induced infringement claim do

not even address the Accused Products.  The first website address yields a 404 error,[5] and the

second is a website generally discussing VLAN and "Trunk" (not the Accused Products).[6]  *See id.*

at ¶ 28.

---

[4]  Plaintiff alleges that:  (1) "Defendants have received notice and actual or constructive knowledge of the '144 Patent ***since at least the date of service of this Complaint***"; (2) "***Since at least the date of service of this Complaint***, through its actions, Defendants have actively induced [infringement of the '144 Patent] . . ."; and (3) "***Since at least the date of service of this Complaint***, through its actions, Defendants have contributed to the infringement of the '144 Patent[.]"  Compl. at ¶¶ 27–29 (emphasis added).

[5]  The Complaint cites https://topics-cdn.dell.com/pdf/smartfabric-os10-5-0, which generates an error when opened.

[6]  The Complaint cites https://www.dell.com/community/Connectrix/An-Introduction-to-VLAN-and-Trunk/td-p/7076385, which generally relates to VLAN and "Trunk" and is not relevant to the Accused Products.

## III.   LEGAL STANDARD

### A.   Direct Infringement

A complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it "fail[s] to state a claim upon which relief can be granted."  The complaint must include more than "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).  Additionally, "under any pleading standard, a complaint must put a defendant 'on notice as to what he must defend.'"  *Artrip v. Ball Corp.*, 735 Fed. Appx. 708, 715 (Fed. Cir. 2018) (affirming district court's dismissal of complaint that used broad functional language copied from patent).  Only those complaints which state a plausible claim for relief survive a motion to dismiss, and the reviewing court makes this determination by drawing on its "judicial experience and common sense." *Ashcroft*, 556 U.S. at 679; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.").  For a claim of patent infringement, the alleged infringer can only be liable if it "makes, uses, offers to sell, or sells" the allegedly infringing product.  *See* 35 U.S.C. § 271(a). This requires that the plaintiff—at a minimum—plead facts that identify an allegedly infringing

product and describe how that allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

**B.      Induced and Contributory Infringement**

To plead indirect infringement, the complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, Plaintiff must plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014).   The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21.  Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the

invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV.    ARGUMENT

Plaintiff has not alleged—and cannot allege—that the Accused Product meets the claim limitations because:  (1) Plaintiff fails to plead that the Accused Products determine "V mod N" where "V is a group identifier"; and (2) the functionality that Plaintiff instead accuses—a hash function in ECMP—was explicitly distinguished from the claims during the prosecution of the '144 Patent, and therefore cannot support an allegation of infringement.  In view of its failure to identify any functionality that allegedly meets this limitation, Plaintiff cannot satisfy the *Iqbal/Twombly* standard.  *Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft*, 556 U.S. at 678 (2009); *see also De La Vega*, 2020 WL3528411 (W.D. Tex, 2020), at *6-7.

### A.    Plaintiff Fails to Identify the Claimed "V mod N" Formula, and Instead Accuses Functionality That was Distinguished During Prosecution

Asserted claim 1 requires the key limitation that the claimed method determine "V mod N" where "V is a group identifier."[7]  *See supra* § II.A.  The "V mod N" formula, where "V is a group identifier," is fundamental to the alleged invention.  "V mod N" is expressly asserted in claim 1, discussed throughout the specification of the '144 Patent, seen in multiple Figures, and described in various embodiments of the invention.  The entire purpose of the invention is to deliver data from a start to a destination node by the lowest cost paths via the "V mod N" function, where "V is a group identifier."  *See e.g.*, '144 Patent, 2:33-38, 2:59-64, 3:9-14, 7:35-39, 8:11-12, 9:13-20, and 10:11-18.

---

[7]  All other independent claims require the same limitation.

Plaintiff fails to provide any plausible factual basis to allege that the Accused Product determines "V mod N" where V is a group identifier.  Nor can it.  The allegations in the Complaint—and the quoted portions of the User Guide—definitively establish that the Accused Product does ***not*** use the "V mod N" formula to select a path.  Plaintiff repeatedly alleges, in almost every paragraph related to the Accused Product, that the Accused Product performs a hash algorithm and uses ECMP to perform routing.  *See* Compl. at ¶¶ 15, 17-24.  The Complaint establishes that this formula uses a "***hash key*** modulo the number of ports in a port channel or next hops in an ECMP group, respectively" to determine the egress port or next channel.  *Id.* ¶ 21. While the Complaint clumsily suggests that somehow this corresponds to a "V mod N" calculation, that is the exact opposite of what the applicant said during prosecution.  The applicant stressed that the claimed V is a group identifier, ***not a hash key***, to get around the prior art during the prosecution of the '144 Patent.  *See* Ex. A '144 Patent File History, 2014-07-17 Applicant Response, 6 ("[W]hile the cited portions of Matthews may mention a modulus operation, the modulus operation is *merely performed on a hash value* to obtain a path ID.  However, the cited portions of Matthews do not compare the path ID 'to indices on a path selection table' or 'select the path associated with an index equal to' the path ID.").  Plaintiff cannot sustain its pleading burden by accusing the exact same functionality that was distinguished during prosecution, and then simply adding conclusory statements that it meets the claim limitation.  *See Ashcroft*, 556 U.S. at 678 (2009).

The Federal Circuit has granted motions to dismiss in these circumstances.  *See Amgen Inc. v. Coherus BioSciences Inc.*, 931 F.3d 1154 (Fed. Cir. 2019) (affirming grant of a motion to dismiss because prosecution history estoppel barred patentees from succeeding on their infringement claim under doctrine of equivalents); *Metricolor LLC v. L'Oreal S.A.*, 791 Fed.Appx. 183, 188 (Fed. Cir.

2019) (finding that a patent claim was not sufficiently pleaded when the alleged functionality "plainly contradicted" the actual claim limitation).

Here, that Plaintiff accuses the same technology that was distinguished during prosecution is dispositive on this motion to dismiss.  A court may "consider documents attached to or incorporated into the Complaint and matters of which judicial notice may be taken."  *Auto–Dril, Inc. v. Nat'l Oilwell Varco*, L.P., 6:15–CV–00091, 2015 WL 12868183, at *2 (W.D. Tex. June 24, 2015), report and recommendation adopted, 2015 WL 11004538 (W.D. Tex. July 15, 2015); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  "On a motion for judgment on the pleadings . . . the court may consider 'matters of public record' . . . Prosecution histories constitute public records."  *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018).

Plaintiff cannot allege that the Accused Product's use of a hash algorithm infringes because that is exactly what was distinguished during prosecution.  Thus, these claims should be dismissed in their entirety.

### B.  Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed.  As an initial matter, Plaintiff's failure to plausibly allege direct infringement by a third party precludes its claims of induced and contributory infringement.  Beyond that failing, Plaintiff has failed to plead any knowledge by Defendants of the patent, or knowledge by Defendants of alleged infringement, *prior* to the filing of this action.  Plaintiff also fails to plead a specific intent to induce infringement.  And, Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses.  Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

### 1. Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement by a third party. *See supra* § [IV.A]. It is axiomatic that "[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement . . ." *Enplas*, 909 F.3d at 407 (citations omitted); *see also Intellectual Ventures*, 870 at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement . . . ."). As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement and these claims should be dismissed.

### 2. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement allegations fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. 1920, 1926. As courts in this District have held, the knowledge requirements for indirect infringement require ***pre-suit*** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, Plaintiff's sole allegations of knowledge of the patent is a conclusory statement that "Defendants have received notice and actual or constructive knowledge of the '888 Patent ***since at least the date of service of this Complaint***." Compl. at ¶ 27 (emphasis

added).[8]  This Court has rejected identical allegations of knowledge.  For example, in *Parus*, this

Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the

patent was that "Defendant Apple has had knowledge of the '431 Patent ***since at least the filing***

***of the original complaint***."  *Parus*, No. 6:19-cv-432, at D.I. 28 (Amended Compl.) at ¶ 44

(emphasis added); *see id.* at Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20,

2020) (dismissing indirect infringement claims).  Like the allegations in *Parus*, Plaintiff fails to

allege pre-suit knowledge and thus fails to state a claim for indirect infringement.  *See id.*; *Aguirre*,

2011 WL 2471299, at *3.[9]

### 3.    Plaintiff fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim.

Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to***

***encouraging another's infringement, not merely that the inducer had knowledge of the direct***

---

[8]  Plaintiff's allegations of knowledge of infringement are likewise deficient as they allege such
knowledge only "[s]ince at least the date of service of this Complaint."  Compl. at ¶ 27; *see e.g.*,
*Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I.
54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations
of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known
and intended (since receiving such notice) that their continued actions would actively induce the
infringement of the claims of the '431 Patent." (D.I. 28 (Amended Compl.) at ¶ 44)).

[9]  Other courts similarly have held that "knowledge after filing of the present action is not
sufficient for pleading the requisite knowledge for indirect infringement."  *Xpoint Technologies,
Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Avocet Sports Tech., Inc. v.
Garmin Int'l, Inc.*, C 11–04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012);
*Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC-ANX, 2012 WL 1835680, at *5
(C.D. Cal. May 16, 2012); *Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*, 912 F.
Supp. 2d 1338, 1345 (M.D. Fla. 2012) ("The weight of authority addressing the knowledge
required for indirect infringement . . . requires a plaintiff to allege that defendant had pre-suit
knowledge of the patents-in-suit.").

*infringer's activities*.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (emphasis added)).   Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and two website citations.[10]  *See* Compl. at ¶ 28. Such conclusory allegations fail to present facts that demonstrate:  (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent.  *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient.").   To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e. "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[11]

---

[10]  As addressed above, Plaintiff's cited websites do not even address the Accused Product.  *See supra* § II.C.  And as noted earlier Plaintiff never once alleges that these third parties actually infringed.

[11]  *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint." (emphasis in original)); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

Plaintiff's inducement claim should be dismissed because the Complaint is entirely silent on a key requirement of induced infringement.

### 4. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citations omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *Cf.* Compl. at ¶ 22. As the Federal Circuit held in *Artrip* conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend. Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

iv

Dated:  October 05, 2020                    By:   */s/ Barry K. Shelton*
                                                  Barry K. Shelton
                                                  Texas State Bar No. 24055029
                                                  bshelton@sheltoncoburn.com
                                                  **SHELTON COBURN LLP**
                                                  311 RR 620, Suite 205
                                                  Austin, TX  78734-4775
                                                  Telephone:  512.263.2165
                                                  Facsimile:  512.263.2166

                                                  Benjamin Hershkowitz
                                                  bhershkowitz@gibsondunn.com
                                                  Brian A. Rosenthal
                                                  brosenthal@gibsondunn.com
                                                  Allen Kathir
                                                  akathir@gibsondunn.com
                                                  Kyanna Sabanoglu
                                                  ksabanoglu@gibsondunn.com
                                                  **GIBSON, DUNN & CRUTCHER LLP**
                                                  200 Park Avenue
                                                  New York, NY  10166-0193
                                                  Telephone:  212.351.4000
                                                  Facsimile:  212.351.4035

                                                  Y. Ernest Hsin
                                                  ehsin@gibsondunn.com
                                                  Jaysen S. Chung
                                                  jschung@gibsondunn.com
                                                  **GIBSON, DUNN & CRUTCHER LLP**
                                                  555 Mission Street, Suite 3000
                                                  San Francisco, CA  94105-0921
                                                  Telephone:  415.393.8200
                                                  Facsimile:  415.393.8306

                                                  Ryan K. Iwahashi
                                                  riwahashi@gibsondunn.com
                                                  **GIBSON, DUNN & CRUTCHER LLP**
                                                  1881 Page Mill Road
                                                  Palo Alto, CA  94304-1211
                                                  Telephone:  650.849.5300
                                                  Facsimile:  650.849.5333

                                                  *Attorneys for Defendants*

iv

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 5th day of October 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*

Barry K. Shelton