**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>　　　　　Defendants. | Case No. 6:20-cv-00473-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................1

II.   BACKGROUND ........................................................................................................2

      A.    The '144 Patent .............................................................................................. 2

      B.    The Accused Product ..................................................................................... 4

      C.    Plaintiff's Infringement Allegations ............................................................. 5

III.  LEGAL STANDARD..................................................................................................6

IV.   ARGUMENT ..............................................................................................................8

      A.    Plaintiff Fails to Identify the Claimed "V mod N" Formula, and
            Instead Accuses Functionality That was Distinguished During
            Prosecution..................................................................................................... 8

      B.    Plaintiff Fails to State a Claim for Induced and Contributory
            Infringement................................................................................................. 10

            1.    Plaintiff's Indirect Infringement Claims Fail Without Direct
                  Infringement ..................................................................................... 11

            2.    Plaintiff Fails to Allege the Requisite Knowledge for Indirect
                  Infringement ..................................................................................... 11

            3.    Plaintiff Fails to Allege the Requisite Specific Intent for Induced
                  Infringement ..................................................................................... 14

            4.    Plaintiff Fails to Allege the Requisite Lack of Substantial Non-
                  Infringing Uses for Contributory Infringement................................ 15

V.    CONCLUSION..........................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................7, 14

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..............................7, 8, 14

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...........................11

*Amgen Inc. v. Coherus BioSciences Inc.*,
931 F.3d 1154 (Fed. Cir. 2019)........................................................................10

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) .....................................................................6, 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................6, 8, 10

*Auto–Dril, Inc. v. Nat'l Oilwell Varco*, L.P.,
6:15–CV–00091, 2015 WL 12868183, at *2 (W.D. Tex. June 24, 2015)...........................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................6, 8

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012)................................................................13

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)................................................................................7, 11

*Data Engine Techs. LLC v. Google LLC*,
906 F.3d 999 (Fed. Cir. 2018)..........................................................................10

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)........................................................7, 8

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018).................................15

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006).........................................................................14

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020)................................12

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
    909 F.3d 398 (Fed. Cir. 2018)...........................................................................................7, 11

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010).................................................................................................8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)...................................................................................................................7

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)....................................15

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
    870 F.3d 1320 (Fed. Cir. 2017).............................................................................................7, 11

*Lormand v. US Unwired, Inc.*,
    565 F.3d 228 (5th Cir. 2009) ....................................................................................................6

*Lovelace v. Software Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ..................................................................................................10

*Metricolor LLC v. L'Oreal S.A.*,
    791 F. Appx. 183 (Fed. Cir. 2019)..........................................................................................10

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
    No. 6:14-CV-1017-ORL-22, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015).........................13

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ............................14

*Parus Holdings Inc. v. Apple Inc.*
    No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020)......................................................................12, 13

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ...................13

*Simplivity Corp. v. Springpath, Inc.*,
    No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016)...............................13

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019).......................................12

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**Statutes**

35 U.S.C. § 271(a) ...................................................................................................................6

Fed. R. Civ. P. 12(b)(6)...........................................................................................................6

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
| --- | --- |
| '144 Patent | U.S. Patent No. 9,137,144 |
| Accused Product(s) | Dell SmartFabric OS and others not named in the Complaint |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| ECMP | Equal Cost Multi-Path |
| VLAN | Virtual Local Area Network |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## I.      INTRODUCTION

Plaintiff's Amended Complaint suffers from exactly the same fatal deficiencies as its Original Complaint.   Plaintiff has not plausibly alleged—and cannot plausibly allege— infringement in this case.  The '144 Patent claims selection of a path by a specifically recited mathematical formula.   The patentee emphasized this specific formula during prosecution to distinguish prior art that instead disclosed using a hash function to select the path.  Plaintiff does not identify any use of the recited formula, and instead accuses ***exactly the same*** type of hash function that was distinguished during prosecution.  It is thus unsurprising that Plaintiff fails to allege that the accused product selects a path using the formula explicitly required by every claim of the '144 Patent, and further fails to provide any facts upon which this limitation could be met. Defendants identified exactly this deficiency with the Original Complaint, yet the Amended Complaint continues to allege infringement based on exactly the same functionality.  Plaintiff's Amended Complaint demonstrates non-infringement on its face, and should be dismissed.

Plaintiff's indirect allegations also remain fatally deficient for several reasons.  The original complaint relied entirely on ***post-Complaint*** knowledge of the patent, which is legally insufficient to satisfy pleading standards in this District.   The Amended Complaint tries—and fails—to circumvent that clear rule by alleging knowledge based on a complaint Plaintiff earlier filed and dismissed before filing the present case.  Neither basis is sufficient; Plaintiff still has not adequately alleged pre-suit knowledge of the patent.  Plaintiff's indirect infringement allegations also fail to plead specific intent for induced infringement and that there are no non-infringing uses for contributory infringement.     Thus, beyond the complete failure to plausibly plead direct infringement, the failure to plausibly plead indirect infringement also compels dismissal of those claims.

Plaintiff's pleading failures are fatal to its Amended Complaint.  This is not a case in which Plaintiff's pleading suffers from some technicality.  Instead, the Amended Complaint demonstrates non-infringement and a complete failure to plausibly allege infringement.  As such, Defendants respectfully ask that the Court dismiss Plaintiff's Amended Complaint.

## II.   BACKGROUND

### A.   The '144 Patent

The '144 Patent relates to selecting a virtual Local Area Network (VLAN) path from a path selection table using a specific formula.  That formula is defined as "V modulus N, where V is the sequential ID number for a given VLAN and N is the total number of available paths for selection." *See* '144 Patent, 6:20–23.[1]  The allegedly novel feature of the '144 Patent is using that V mod N formula ***instead of*** a hash algorithm to assign an incoming group of communication traffic to one of a plurality of paths.  This is confirmed by the prosecution history, where the applicant distinguished the claimed V mod N calculation from hashing in order to overcome the prior art. *See* Ex. A '144 Patent File History, 2014-07-17 Applicant Response, 6 ("[W]hile the cited portions of Matthews may mention a modulus operation, the modulus operation is *merely performed on a hash value* to obtain a path ID.  However, the cited portions of Matthews do not compare the path ID 'to indices on a path selection table' or 'select the path associated with an index equal to' the path ID.").

Plaintiff asserts claim 1 in the Amended Complaint:

---

[1] "Modulus" or "mod" is a well-known mathematical calculation that provides the remainder upon dividing two numbers.  For example, the result of "12 mod 5" is 2, because the remainder, when dividing 12 by 5, is 2.

1. A method of selecting, for a group of communication traffic, a communication path from a source node to a destination node through a network comprising a plurality of contiguous communication paths, the method comprising:

determining lowest cost paths from the plurality of contiguous communication paths;

**determining V mod N,**

comparing a result of the determining to indices on a path selection table that associates a unique index with each of the plurality of communication paths, and

**selecting a path associated with an index equal to the result, wherein N is a number of the lowest cost paths in the plurality of communication paths and V is a group identifier corresponding to the group of communication traffic.**

Tables 3 and 4 together depict an example of how the V mod N would work.  Table 3 shows the VLAN ID (*i.e.,* "V") for each of the VLANs:

TABLE 3

| VLAN TABLE | |
|---|---|
| VLAN | V |
| VLAN1 | 099 |
| VLAN2 | 100 |
| VLAN3 | 101 |
| VLAN4 | 102 |
| VLAN5 | 103 |
| VLAN6 | 104 |
| VLAN7 | 105 |

TABLE 3-continued

| VLAN TABLE | |
|---|---|
| VLAN | V |
| VLAN8 | 106 |
| VLAN9 | 107 |
| VLAN10 | 108 |
| VLAN11 | 109 |
| VLAN12 | 110 |

'144 Patent, 5:55-6:10.  Table 4 shows each of the possible paths:

3

TABLE 4

| | PATH SELECTION TABLE | | |
| Index | Path | VLAN | VLAN |
| --- | --- | --- | --- |
| 0 | 20:23 | VLAN1 | VLAN10 |
| 1 | 20:24 | VLAN2 | VLAN11 |
| 2 | 20:25 | VLAN3 | VLAN12 |
| 3 | 21:23 | VLAN4 | |
| 4 | 21:24 | VLAN5 | |
| 5 | 21:25 | VLAN6 | |
| 6 | 22:23 | VLAN7 | |
| 7 | 22:24 | VLAN8 | |
| 8 | 22:25 | VLAN9 | |

*Id.*, 6:26-39.  Table 4 shows that there are 9 possible paths (numbered 0 through 8), and thus "N" is 9.  These two tables provide the information to be used with the V mod N formula to select a path for each VLAN.  For example, VLAN1 has an ID of 99, and 99 mod 9 is 0; so VLAN1 will be assigned to path 0.  VLAN2 has an ID of 100 and 100 mod 9 is 1; so VLAN2 will be assigned to path 1.  This same calculation is performed for each VLAN and the path is assigned accordingly in a round-robin fashion.  *Id.*, 6:20-24.

**B.      The Accused Product**

Plaintiff has accused the Dell SmartFabric Operating System of infringing claim 1 of the '144 Patent.  Among many other functions, the Accused Product can provide path mapping using Equal Cost Multiple Path ("ECMP") routing.  *See* 10.5.0 User Guide at 628.[2]  "ECMP is a routing technique where next-hop packet forwarding to a single destination occurs over multiple best paths.  When you enable ECMP, OS10 uses a ***hash algorithm*** to determine the next-hop."  *Id* (emphasis added).  The User Guide on which Plaintiff relies explains how the hash algorithm load balances traffic by selecting the next port for traffic to follow: "To increase bandwidth and for load

---

[2] This user guide is quoted throughout the Complaint and is found at https://topics-cdn.dell.com/pdf/smartfabric-os10-5-0_en-us.pdf.

balancing, traffic distributes across the next hops of an ECMP group or member ports of a port channel. **OS10 uses a hash algorithm** to determine a hash key. The egress port in a port channel or the next hop in an ECMP group is selected based on the **hash key modulo the number of ports in a port channel or next hops in an ECMP group**, respectively." *Id* (emphasis added). Nothing in the Accused Product uses a "V mod N" calculation to select a path.

## C.    Plaintiff's Infringement Allegations

Plaintiff accuses Defendants of direct infringement of claim 1 of the '144 patent based on making, using, or selling the Accused Product. *See* Am. Compl. at ¶¶ 13, 31.[3]

Plaintiff's indirect infringement allegations in its Original Complaint amounted to three sentences that parrot the legal elements and two website links that fail to support Plaintiff's claims. *See* Original Compl. at ¶¶ 27–29. Those allegations completely failed to allege that Defendants had knowledge of the patent and knowledge of the infringement **before** Plaintiff filed suit. *See id.*

Plaintiff's Amended Complaint fails to fix the deficiencies in the Original Complaint. Plaintiff now alleges knowledge of the patent based on the filing, and dismissal, of an earlier complaint—which was not served—asserting the same patent. *See* Am. Compl. at ¶ 33.

---

[3] Plaintiff's direct infringement allegations remain substantively deficient in its Amended Complaint. However, there is an addition of a conclusory sentence that "upon information and belief, each and every element of at least claim 1 of the '144 Patent is performed or practiced by Defendants at least through Defendants' own use and configuration of its own Accused Products, and/or through Defendants' own testing and configuration of its own Accused Products, and/or through Defendants' providing services for its Accused Products, including but not limited to providing installation, deployment, support, and configuration of its Accused Products." Am. Compl. at ¶ 32. The addition of that sentence does not affect the arguments herein.

III.    **LEGAL STANDARD**

A.    **Direct Infringement**

A complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it "fail[s] to state a claim upon which relief can be granted."  The complaint must include more than "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotation marks omitted).  Additionally, "under any pleading standard, a complaint must put a defendant 'on notice as to what he must defend.'"  *Artrip v. Ball Corp.*, 735 Fed. Appx. 708, 715 (Fed. Cir. 2018) (affirming district court's dismissal of complaint that used broad functional language copied from patent).  Only those complaints which state a plausible claim for relief survive a motion to dismiss, and the reviewing court makes this determination by drawing on its "judicial experience and common sense." *Ashcroft*, 556 U.S. at 679; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.").  For a claim of patent infringement, the alleged infringer can only be liable if it "makes, uses, offers to sell, or sells" the allegedly infringing product.  *See* 35 U.S.C. § 271(a). This requires that the plaintiff—at a minimum—plead facts that identify an allegedly infringing

product and describe how that allegedly infringing product infringes.  *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

### B.    Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party.  *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, Plaintiff must plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014).   The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21.  Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the

invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV.    ARGUMENT

Plaintiff has not alleged—and cannot allege—that the Accused Product meets the claim limitations because:  (1) Plaintiff fails to plead that the Accused Products determine "V mod N" where "V is a group identifier"; and (2) the functionality that Plaintiff instead accuses—a hash function in ECMP—was explicitly distinguished from the claims during the prosecution of the '144 Patent, and therefore cannot support an allegation of infringement.  In view of its failure to identify any functionality that allegedly meets this limitation, Plaintiff cannot satisfy the *Iqbal/Twombly* standard.  *Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft*, 556 U.S. at 678 (2009); *see also De La Vega*, 2020 WL3528411 (W.D. Tex, 2020), at *6-7.

### A.    Plaintiff Fails to Identify the Claimed "V mod N" Formula, and Instead Accuses Functionality That was Distinguished During Prosecution

Asserted claim 1 requires the key limitation that the claimed method determine "V mod N" where "V is a group identifier."[4]  *See supra* § II.A.  The "V mod N" formula, where "V is a group identifier," is fundamental to the alleged invention.  "V mod N" is expressly asserted in claim 1, discussed throughout the specification of the '144 Patent, seen in multiple Figures, and described in various embodiments of the invention.  The entire purpose of the invention is to deliver data from a start to a destination node by the lowest cost paths via the "V mod N" function, where "V is a group identifier."  *See e.g.*, '144 Patent, 2:33-38, 2:59-64, 3:9-14, 7:35-39, 8:11-12, 9:13-20, and 10:11-18.

_____

[4] All other independent claims require the same limitation.

Plaintiff fails to provide any plausible factual basis to allege that the Accused Product determines "V mod N" where V is a group identifier.[5]  Nor can it.  The allegations in the Amended Complaint—and the quoted portions of the User Guide—definitively establish that the Accused Product does **not** use the "V mod N" formula to select a path.  Plaintiff repeatedly alleges, in almost every paragraph related to the Accused Product, that the Accused Product performs a hash algorithm and uses ECMP to perform routing.  *See* Compl. at ¶¶ 15, 17-22, 25, 27.  The Amended Complaint establishes that this formula uses a "***hash key*** modulo the number of ports in a port channel or next hops in an ECMP group, respectively" to determine the egress port or next channel.  *Id.* ¶ 21.  While the Amended Complaint clumsily suggests that somehow this corresponds to a "V mod N" calculation, that is the exact ***opposite*** of what the applicant said during prosecution.  The applicant stressed that the claimed V is a group identifier, ***not a hash key***, to get around the prior art during the prosecution of the '144 Patent.  *See* Ex. A '144 Patent File History, 2014-07-17 Applicant Response, 6 ("[W]hile the cited portions of Matthews may mention a modulus operation, *the modulus operation is merely performed on a hash value* to obtain a path ID.  However, the cited portions of Matthews do not compare the path ID 'to indices on a path selection table' or 'select the path associated with an index equal to' the path ID.").  Plaintiff cannot sustain its pleading burden by accusing the exact same functionality that was distinguished during

---

[5] The Amended Complaint includes additional sentences regarding resilient hashing and flow maps that do not cure any substantive deficiencies regarding its direct infringement allegations.  *See* Am. Compl. at ¶¶ 18, 21-24, 27.  All of those sentences simply describe in more detail the very same functionality that was accused in the Original Complaint, namely the use of a hash function to perform routing rather than the claimed use of a V mod N calculation.

prosecution, and then simply adding conclusory statements that it meets the claim limitation.  *See Ashcroft*, 556 U.S. at 678 (2009).

The Federal Circuit has affirmed granted motions to dismiss in these circumstances.  *See Amgen Inc. v. Coherus BioSciences Inc.*, 931 F.3d 1154 (Fed. Cir. 2019) (affirming grant of a motion to dismiss because prosecution history estoppel barred patentees from succeeding on their infringement claim under doctrine of equivalents); *Metricolor LLC v. L'Oreal S.A.*, 791 Fed. Appx. 183, 188 (Fed. Cir. 2019) (finding that a patent claim was not sufficiently pleaded when the alleged functionality "plainly contradicted" the actual claim limitation).

Here, that Plaintiff accuses the same technology that was distinguished during prosecution is dispositive on this motion to dismiss.  A court may "consider documents attached to or incorporated into the Complaint and matters of which judicial notice may be taken."  *Auto–Dril, Inc. v. Nat'l Oilwell Varco*, L.P., 6:15–CV–00091, 2015 WL 12868183, at *2 (W.D. Tex. June 24, 2015), report and recommendation adopted, 2015 WL 11004538 (W.D. Tex. July 15, 2015); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  "On a motion for judgment on the pleadings . . . the court may consider 'matters of public record' . . . Prosecution histories constitute public records."  *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018).

Plaintiff cannot allege that the Accused Product's use of a hash algorithm infringes because that is exactly what was distinguished during prosecution.  Thus, these claims should be dismissed in their entirety.

## B.   Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed.  As an initial matter, Plaintiff's failure to plausibly allege direct infringement precludes its claims of induced

and contributory infringement.  Beyond that failing, Plaintiff has further failed to adequately plead any pre-suit knowledge by Defendants of the patent, or pre-suit knowledge by Defendants of alleged infringement.  Plaintiff also fails to plead a specific intent to induce infringement.  And Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses.  Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

### 1.    Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement.  *See supra* § IV.A.  It is axiomatic that "'[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement.'"  *Enplas*, 909 F.3d at 407 (citation omitted); *see also Intellectual Ventures*, 870 F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement . . .").  As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement, and these claims should be dismissed.

### 2.    Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement claims fail because they do not adequately plead the required "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA*, 135 S. Ct. at 1926.  As courts in this District have held, the knowledge requirements for indirect infringement require **pre-suit** knowledge.  *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").  Moreover, this Court has held—earlier this year—that allegations of knowledge based on a prior filed complaint are not enough to overcome a motion to

11

dismiss.  *See Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54  (dismissing indirect infringement claims where plaintiff's only allegation of knowledge were that "Defendant Apple has had knowledge of the '431 Patent since ***at least the filing of the original complaint***" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement") (quoting D.I. 28 (Am. Compl.) at ¶ 44 (emphasis added)).

The Amended Complaint includes an erroneous footnote that attempts to distinguish *Aguirre* by asserting that "Delaware courts have since rejected this rule."  Am. Compl. at ¶ 33, n.1. Plaintiff's statement that Delaware has rejected the pre-suit knowledge requirement is incorrect. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("[T]he complaint itself cannot serve as the basis for a defendant's actionable knowledge."); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) ("'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.  For that reason, the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement.'") (citation omitted). In any event, *this* Court has expressly adopted the pre-suit knowledge requirement, and continues to do so.  *See, e.g.*, *Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54.

Despite this clear precedent, Plaintiff's only allegations of knowledge are based on the filing of its prior complaint asserting the same patent, which it inexplicably dismissed:

> ***In May 2020, Plaintiff filed a suit against Defendants asserting infringement of the same patent and by the same accused products*** that are asserted in this case.  Plaintiff dismissed the prior suit before filing this suit.  ***As a result of the prior suit, Defendants had notice and actual or constructive knowledge of their infringement of the patent-in-suit since at least May 2020, before the filing of this case***.

Further, Defendants had knowledge of their infringement of the
patent-in-suit before the filing of this Amended Complaint.

Am. Compl. at ¶ 33 (emphasis added). Like the allegations in *Parus*, WSOU's allegations of

knowledge are limited to references to a prior filed complaint and thus fail to state a claim for

indirect infringement. *See id.*; *Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING

D.I. 54.[6] To make matters worse, Plaintiff's May 19, 2020 complaint was ***never served***, so it

cannot form the basis for Defendants' knowledge. *See* Rosenthal Decl., Ex. B (Docket for *WSOU*

*v. Dell Inc., et al.*, No. 6-20-cv-00403) (showing dismissal prior to service of the complaint).

Allowing Plaintiff to avoid the pre-suit knowledge requirement by filing a complaint, voluntarily

dismissing that complaint, and refiling the same complaint two weeks later, would be at odds with

the knowledge requirement itself.[7] And, it would elevate form over substance and encourage

litigants to use such a tactic to essentially eviscerate the pre-suit knowledge requirement.

Plaintiff's failure to raise a plausible inference of pre-suit knowledge of the patent and

---

[6] *See also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[A] complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself ***or previous complaints in the same lawsuit establish the defendant's knowledge of the patent***") (emphasis added); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-CV-1017-ORL-22, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("'Prior to suit' does not mean prior to the current iteration of the Complaint.").

[7] *See, e.g.*, *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global–Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement."); *Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016) ("The suggested 'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit.")

knowledge of infringement are fatal to its indirect infringement claims, and as such these claims should be dismissed.

### 3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).   Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and two website citations.  *See* Am. Compl. at ¶ 34.  Such conclusory allegations fail to present facts that demonstrate:  (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent.  *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding Plaintiff's "generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient").  To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*,

2019 WL 3940952, at *2.[8]

Plaintiff's inducement claim should be dismissed because the Amended Complaint is entirely silent on a key requirement of induced infringement.

### 4. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Am. Compl. at ¶ 35. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

---

[8] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint.") (emphasis in original); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Amended Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend.  Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated:  October 30, 2020    By:  */s/ Barry K. Shelton*
_____
Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

17

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on this 30th day of October 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton
