# EXHIBIT 27

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 6:20-cv-00454<br>Civil Action No. 6:20-cv-00455<br>Civil Action No. 6:20-cv-00456<br>Civil Action No. 6:20-cv-00457<br>Civil Action No. 6:20-cv-00458<br>Civil Action No. 6:20-cv-00459<br>Civil Action No. 6:20-cv-00460<br>Civil Action No. 6:20-cv-00461<br>Civil Action No. 6:20-cv-00462<br>Civil Action No. 6:20-cv-00463<br>Civil Action No. 6:20-cv-00464<br>Civil Action No. 6:20-cv-00465 |

**DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO TRANSFER VENUE TO AUSTIN DIVISION**

By not moving to transfer WSOU's sprawling litigation campaign out of the Western District of Texas, Microsoft accepted that these trials will be roughly 2,000 miles from where the vast majority of its relevant documents and witnesses reside. Nonetheless, based on a misleading claim to "deep roots in the Waco community," WSOU will not agree to a reasonable compromise—for trial to be held in Austin, which is clearly more convenient for Microsoft and third parties, and seemingly for WSOU's principals as well. Even accounting for WSOU's sole employee and alleged recent activities in Waco, Austin remains the most reasonable, and clearly the most convenient, venue for trial. All twelve cases should be transferred to the Austin Division.

## I. THE PRIVATE FACTORS WEIGH IN FAVOR OF TRANSFER

WSOU's Opposition leaves undisputed key private factor facts weighing in favor of transfer to Austin. Specifically, WSOU does not dispute that: Microsoft has no connection to Waco; Waco is not convenient for Microsoft witnesses; Microsoft would have far more witnesses than WSOU; and WSOU's Complaints allege proper venue based on Microsoft's physical presence in Austin. As discussed below, WSOU's arguments fail to overcome the weight of the evidence that Austin is clearly the more convenient venue for trial.

### A. The Vast Majority of the Relevant Documents are Not in Waco.

WSOU's argument that the existence of its own documents in Waco weighs "heavily against transfer," (*see* Opp'n at 5) overlooks the miniscule proportion of relevant documents that could be in Waco. The inventors—whom WSOU does not say are employees—reside all over the country and the world. And, WSOU's principals reside outside of Texas. Indeed, WSOU does not identify any *relevant* documents in WSOU's possession that are *uniquely located* in Waco. At best, WSOU's claim as to its documents has limited legal relevance to the transfer inquiry: to the extent they exist only in hard copy and not electronically, they have been

1

transported to the Division for litigation purposes. *See, e.g.*, *Network Protec. Scis., LLC v. Juniper Networks, Inc.*, No. 2:10-CV-224-JRG, 2012 WL 194382, at *4 (E.D. Tex. Jan. 23, 2012) (rejecting Plaintiff's argument that its relevant documents are located at its headquarters in Texas because "the Federal Circuit has made clear that recent and ephemeral contacts with a forum, which are nothing more than a construct for litigation, should not be considered in a § 1404(a) analysis." (citing *In re Microsoft Corp.*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011))).

In contrast, it is beyond dispute that in patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer, and accordingly "the place where the defendant's documents are kept weighs in favor of transfer." *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Microsoft's documents are not in Waco, and if any are in the District at all, they would be in Austin.

Accordingly, even if WSOU's unspecified documents merit consideration, the vast majority of any relevant documents are not located in Waco, and this factor favors transfer.

   **B.**  **It Will Be Far Easier for Willing Witnesses to Travel to Austin than to Waco**

WSOU overlooks Microsoft's showing that Austin is more convenient for willing, non-party witnesses. *See* Opp'n at 6. Travel to Austin for the named inventors, none of whom are parties, would be much more convenient given the availability of direct flights. *See* Mot. at 11–12. WSOU did not dispute these facts, which weigh in favor of transfer. *See* Opp'n at 6–8.

Although WSOU argues that Microsoft failed to prove that Austin is clearly more convenient for out-of-state party witnesses, WSOU does not dispute that available flight itineraries show that Austin will be more convenient for WSOU's own out-of-state witnesses as well, located in Hawaii, Los Angeles, and New York. *See* Mot. at 10–11. Based on their public biographies, it appears that Messrs. Etchegoyen, Garvey, and Shanus would be knowledgeable at least on reasonable royalty and standing issues. *See* Suppl. Yang Decl., Ex. 18.

WSOU's Mr. Hogan, now said to reside in Waco, had no hand in the technology for the asserted patents and does not appear to be responsible for financial or licensing activities. *See id.* Tellingly, WSOU does not explain his expected trial testimony. Regardless, given WSOU's own contention that the distance between Austin and Waco is less than 100 miles (*see* Opp'n at 8), its claims of convenience as to a single witness carry little weight.

By contrast, the breadth of WSOU's allegations means many witnesses from Microsoft will likely have to travel to testify for trial. The accused products span at least five different technology sectors, implicating many different Microsoft engineers and other financial, licensing, and marketing employees as trial witnesses. As explained in Microsoft's Motion (*see* Mot. at 10), travel to Austin is much more convenient for these witnesses than travel to Waco, both because of flight availability and because Microsoft's Austin facility can be available for temporary workspace during trial.[1] WSOU's reliance on *VLSI Tech. LLC v. Intel Corp.*, 6:19-CV-00254-ADA, 2019 WL 8013949, at *5 (W.D. Tex. Oct. 7, 2019)) is inapposite: that case does not address the convenience and security of available office space in Austin for traveling out-of-state witnesses to use, as Microsoft offers here.

Accordingly, the cost of attendance of willing witnesses weighs in favor of transfer.

## II. THE PUBLIC FACTORS ARE NEUTRAL

### A. Court Congestion and Familiarity with Patent Procedures are Neutral Since the Case Will Remain with Judge Albright

WSOU's argument that court congestion and familiarity with the forum weigh against transfer (*see* Opp'n at 9–10) is meaningless here, as the actions will stay with this Court. *See,*

---

[1] WSOU attacks the anticipated convenience of Microsoft's Austin facility due to COVID, *see* Opp'n at 6. But given that trial is scheduled for March 2022, WSOU's criticism seems opportunistically pessimistic at a time when optimism should be a common goal. By 2022, there is real hope that COVID will be under control so that offices across the country would be fully open. However, if not, Microsoft's Austin facility is still large enough to accommodate visiting witnesses while maintaining social distancing and supporting other COVID precautions.

3

*e.g.*, *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254-ADA, 2019 WL 8013949, at *5 (W.D. Tex. Oct. 7, 2019) (cited by WSOU, *see* Opp'n at 1, 6) ("[a]dministrative difficulties flowing from court congestion, familiarity of the forum with law that will govern case . . . are either neutral or inapplicable because this Court will preside over this case, whether the case is in the Austin Division or in the Waco Division."); *Hammond Development Int'l, Inc. v. Amazon.com, Inc.*, No. 6:19-cv-00355, ECF No. 65 at 8, 10 (W.D. Tex. Mar. 30, 2020) (transferring to Austin; congestion and familiarity of the forum neutral absent judicial reassignment).

### B. WSOU's Recent, Flimsy Ties to Waco Do Not Establish a Localized Interest in These Cases

WSOU boasts that it has "established deep roots in the Waco community" based on the activities of one recently hired employee who moved from New York to Waco in February 2020, one month after starting with WSOU and just weeks before WSOU began filing dozens of lawsuits. *See* Hogan Decl., ¶¶ 1–2; Yang Decl., Ex. 5. This much is clear: WSOU had no presence in or interactions with the Waco community prior to 2020 and has no substantial presence now. WSOU's principals are located out of state, including its Chairman and Founder, its Head of Finance, and its President. Yang Decl., Exs. 6–10. No named inventors are in Waco. Mot. at 4–5. None of the relevant facts or underlying actions in this case occurred in Waco, so this Division has no particularized local interest. *See Vasudevan Software, Inc. v. Intl. Bus. Machines Corp.*, No. 09-CV-105-TJW, 2009 WL 3784371, at *3 (E.D. Tex. Nov. 10, 2009) (finding this factor favored transfer where "[a]lthough [Plaintiff] maintains a facility in [the Division] . . . there appears to be no to little connection between that facility and the witnesses, evidence, and facts in this case.").

Additionally, WSOU's job listings exemplify why WSOU's recent activities to establish a connection with Waco should be given no weight. Each listing relates to the *same* paralegal position. *See* Suppl. Yang Decl., Ex. 19. And, each listing was posted only *after* Microsoft gave

4

counsel notice of its intent to seek transfer on September 15, 2020.[2] *Id.* The existence of a single job listing (which allows for remote work), after Microsoft informed WSOU of its intent to seek transfer to Austin, does not support a local interest in Waco. *See In re Zimmer*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (giving no weight to plaintiff's attempt to artificially establish venue).

WSOU's repeated references to Baylor University are similarly misplaced and appear tenuous. The only publicly available association is a quote from Mr. Shanus on Baylor's "From Our Donors" page. *See* Suppl. Yang Decl., Ex. 20 at 1. ("We appreciate the dedication to the community of Waco and the work done on behalf of those in need. With great thanks, Brazos Licensing and Development."). This public donation does not even mention Baylor, in contrast to other quotes from donors. *See id.* at 2–3. Regardless, Baylor is not at issue in this case; whatever WSOU's recent ties to Baylor, they do not outweigh the interests of the Microsoft engineers and other witnesses. *See Glob. Eq. Mgt. (SA) Pty. Ltd. v. Alibaba.com, Inc.*, No. 15-CV-01702-RWS, 2017 WL 1109865, at *3 (E.D. Tex. Mar. 24, 2017) (*citing In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)).

Altogether, WSOU's contacts with Waco are undoubtedly recent and inextricably linked with its efforts to establish Waco as a legal venue for its licensing campaigns. Accordingly, when accounting for recency and context, this factor is at worst neutral.

\*   \*   \*   \*   \*

For all of the reasons above, Microsoft respectfully asks that the Court grant its Motion and transfer these cases to the Austin Division, which is clearly the more convenient venue.

---

[2] Notably, Mr. Hogan's declaration lacks information about the timing of any of WSOU's alleged business activity in Waco. *See* Hogan Decl., ¶¶ 4–7.

5

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: October 23, 2020 | */s/ Barry K. Shelton*<br>Barry K. Shelton<br>Texas State Bar No. 24055029<br>SHELTON COBURN LLP<br>311 RR 620 S, Suite 205<br>Austin, TX 78734<br>Telephone: (512) 263-2165<br>Fax: (512) 263-2166<br>bshelton@sheltoncoburn.com<br><br>*Of Counsel*<br><br>Michael J. Bettinger<br>Irene Yang<br>SIDLEY AUSTIN LLP<br>555 California St., Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 772-1200<br>Fax: (415) 772-7400<br>mbettinger@sidley.com<br>irene.yang@sidley.com<br><br>Richard A. Cederoth<br>John W. McBride<br>SIDLEY AUSTIN LLP<br>1 South Dearborn St.<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Fax: (312) 853-7036<br>rcederoth@sidley.com<br>jwmcbride@sidley.com<br><br>*Attorneys for Defendant Microsoft Corporation* |

## **CERTIFICATE OF SERVICE**

I certify that on October 23, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record as identified below.

*/s/ Barry K. Shelton*
Barry K. Shelton

# EXHIBIT 19



☰ Log In

# Jobs

Search by title, company, or skill

Current Space ▾

Join the Startup Waco community to see more detailed job listings!

Jobs per Page  20 ⇅

2 jobs found

## Patent Practitioner                                                          Remote

Remote    Posted September 23, 2020 1:11pm

Software | Patent Law | Attorney | Patents

Founders Legal (Bekiares Eliezer LLP) is seeking a licensed patent practitioner (agent or attorney) with 5+ years of patent prosecution experience in electrical, computer, or software arts. Primary focus of……

## Paralegal/Administrative Assistant $30-70k

605 Austin Ave   Posted September 24, 2020 12:15pm

Schedule Development | Legal research | Legal writing | Paralegal | Calendar Management

We're seeking a capable paralegal to help support both the local and remote team in our day-to-day efforts, focusing on both legal and administrative support. We offer flexible remote (some……

Jobs per Page  20 ⇅

 v2020.21.5                                          Terms of Service





Waco Legal Professionals Association

- Home
- About Us & Membership
- Calendar
- Programs
- Certification Programs
- News
- Sponsors and Links
- Officers and Contact Info
- » Job Bank

Posted 08-01-20

The Zimmerman Law Firm

Seeking an experienced litigation paralegal to join our growing practice in a full-time role assisting lawyers throughout the firm. We would prefer an employee with at least three years experience, excellent attention to detail, research and writing skills, and the ability to manage deadlines. Competitive salary and opportunity for growth. All resumes kept confidential. Resumes may be sent to: 3501 West Waco Drive, Waco TX 76710; facsimile (254) 752-9680; main@zlawhelp.com

_____

Posted 09-02-2020

Mid-size Waco law firm seeking full-time legal assistant. Prefer at least one year experience and experience with litigation. If interested, please forward resume to Christian Hack at chack@slm.law-----------------------------------------------

Posted 09-15-2020

The law firm of Johnson Hobbs Squires, LLP, in Waco, Texas, is seeking an experienced, full time Personal Injury/Litigation paralegal.

Benefits include: Health Insurance, 401K plan, paid vacation days and holidays, and life insurance.

Compensation offered will be based on experience.

Applicant must be experienced in requesting and organizing medical and billing records, drafting legal pleadings, drafting discovery requests/responses, maintaining multiple calendars, coordinating depositions/mediations, and scheduling hearings/trials.

Please e-mail resume and contact information to Paula Caldwell at pcaldwell@jhsfirm.com
-------------------------------------------------------------

**POSTED 9-22-2020**

Brazos Licensing and

Development

Full Time Paralegal

Key Details

Location: 605 Austin Avenue, Suite 6 - Waco, Texas

Annual Salary: $30,000-50,000

Shift Time: 8 Hours

Work Arrangement: Flexible, in office and WFH

Benefits: Available

Contact: Matt Hogan, matt@brazoslicensing.com (www.brazoslicensing.com)

Company Description

*Brazos licensing and Development is a Waco, Texas-based patent advisory and monetization firm. We're active plaintiffs in the US district court, Western District of Texas, with a primary focus on patents. We're seeking a capable paralegal to help support both the local and remote team in our day-to-day efforts.*

### Responsibilities

Support the Brazos team locally and nationally in our day-to-day efforts. Focusing on both legal and administrative support.

### Job Duties

Organizing information for legal documents, keeping schedules and calendars, office management and administrative tasks, vendor management, client contact, record and document organization

### Skills and Qualifications

Practicing strict client confidentiality, client contact skills, legal administration skills, legal compliance, documentation skills, litigation knowledge and support, administrative writing, scheduling, Microsoft Office Suite, familiarity with Legal SaaS tools

### Benefits

401k, health insurance, paid time off/holidays

------------------------------------------------------------------------

*These job postings are courtesy for a local company, local firm or local attorney. Waco LPA members do not know anything more about the job description, job requirements, or contact information than what is posted. PLEASE READ THE INFORMATION PROVIDED AND DIRECT YOUR QUESTIONS TO THE COMPANY/FIRM OR THE ATTORNEY.*

Waco Legal Professionals Association (WLPA) Webmaster: julie.abernathy@sbcglobal.net

Waco LPA is a non-profit association under IRS Code Section 501(c)(6)

# Paralegal/Administrative assistant $35-70k

Full Time    Waco, Texas    Posted 3 weeks ago

Login to bookmark this Job

 **Brazos Licensing and Development**
*Helping inventors develop, secure and monetize patents*
brazoslicensing   Website

Company Description

Brazos licensing and Development is a Waco, Texas-based patent advisory and monetization firm. We're active plaintiffs in the US district court, Western District of Texas, with a primary focus on patents. We're seeking a capable paralegal to help support both the local and remote team in our day-to-day efforts, focusing on both paralegal and office management.

Responsibilities

Support the Brazos team locally and nationally in our day-to-day efforts. Focusing on both legal and administrative support.

Job Duties

–        Organizing information for legal documents

–        Keeping schedules and calendars

–        Office management and administrative tasks

–        Vendor management

–        SaaS management

–        Client contact

–        Record and document organization

Skills and Qualifications

·        Practicing strict client confidentiality

·        Client contact skills

·        Legal administration skills

·        Legal compliance

·        Documentation skills

·        Litigation knowledge and support

·        Administrative writing

·        Scheduling

·        Microsoft Office Suite

·        Familiarity with Legal SaaS tools


Tagged as: administrative assistant, paralegal

Apply for job