IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § | CIVIL ACTION 6:20-CV-00473-ADA CIVIL ACTION 6:20-CV-00474-ADA CIVIL ACTION 6:20-CV-00475-ADA CIVIL ACTION 6:20-CV-00476-ADA |
| Plaintiff, | § § § § § | CIVIL ACTION 6:20-CV-00477-ADA CIVIL ACTION 6:20-CV-00478-ADA CIVIL ACTION 6:20-CV-00479-ADA CIVIL ACTION 6:20-CV-00480-ADA |
| v. | § § § § | CIVIL ACTION 6:20-CV-00481-ADA CIVIL ACTION 6:20-CV-00482-ADA CIVIL ACTION 6:20-CV-00485-ADA CIVIL ACTION 6:20-CV-00486-ADA |
| | § | |
| DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, | § § § | PATENT CASE |
| Defendants. | § | JURY TRIAL DEMANDED |

**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

WSOU respectfully submits this response to address "Defendants' Notice of Supplemental Evidence in Support of Opposed Motion for Intra-District Transfer of Venue to the Austin Division of the Western District of Texas." *See* -473 Dkt. 71. Defendants' supplemental evidence does not present anything new. Instead, it appears to be a deliberate attempt to misstate facts and cast aspersions on WSOU. However, Mr. Rosenthal's declaration, supports neither Defendants' insinuation that WSOU presented conflicting evidence nor the suggestion that WSOU withheld relevant information. Mr. Rosenthal's declaration should be stricken or disregarded.

Defendants claim they filed their notice to inform this Court that Mr. Shanus and Mr. Etchegoyen, two principles of WSOU, do not reside in Texas. *Id.* There is nothing new or supplemental about this information. Defendants' own opening brief included LinkedIn profiles for Mr. Shanus and Mr. Etchegoyen. *See* Mot. Ex. Nos. 4-5. Pointing to the undisputed fact that Mr. Shanus and Mr. Etchegoyen do not reside in Texas, Defendants' opening brief argued that

WSOU had no real presence in Waco. *See* Mot. at 3, 7. In response, WSOU pointed out that the locations of out-of-state witnesses are irrelevant in weighing the convenience of witnesses, stating:

> The potential out-of-state witnesses (both party and non-party) identified by Defendants should be given no weight because this Court has found the Austin and Waco Divisions are equally convenient for out-of-state witnesses.

-473 Dkt. 51 at 9-10 (internal quotes and cites omitted). There was no need to say anything further about Mr. Shanus and Mr. Etchegoyen because they do not reside in Texas, much less Austin. Their locations are irrelevant. To the extent Mr. Shanus and Mr. Etchegoyen *are* relevant, their relevance is this: they prefer to try this case in Waco, not Austin, and are willing to travel to Waco to testify if needed.

To disprove Dell's allegation that WSOU lacks any presence in WACO, WSOU also submitted the declaration of Mr. Hogan, the Managing Director of Business Development for WSOU residing in Waco, Texas. -473 Dkt. 51-5. Mr. Hogan works at WSOU's headquarters in Waco. As a resident of Waco, Texas, his location *is* relevant. Mr. Hogan's declaration accurately describes his responsibilities and knowledge. *Id.* It also accurately describes the location of WSOU's documents, testimony that is consistent with the "supplemental" evidence submitted by Defendants. *Id.*

WSOU's response explained that it "will disclose Mr. Hogan as **a person** with knowledge relevant to these cases and, as necessary, will designate him as a deposition or trial witness for WSOU." -473 Dkt. 51 at 3 (emphasis added). Defendants' notice of supplemental authority selectively quotes WSOU's response, intentionally omitting the word "a," and misleadingly claims that WSOU argued Matt Hogan is "**its**" person with knowledge. -473 Dkt. 71 at 1 (emphasis added). In the next sentence, Defendants' continue in their false claims, stating WSOU "refused to acknowledge any employees outside of Waco." *Id.* at 2. There is no truth to this claim. It is undisputed that Mr. Shanus and Mr. Etchegoyen are principles of WSOU who reside outside of Texas. WSOU never claimed otherwise. Indeed, their relationships to WSOU are a matter of public record and are disclosed on their LinkedIn profiles. As principles outside of Texas, however, their

locations are irrelevant to a motion seeking transfer from Waco to Austin.

Dated: February 8, 2021    Respectfully submitted,

/s/ Travis Richins
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis Lee Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on February 8, 2021 the foregoing document was served upon all counsel of record via the court's electronic filing system in accordance with the Federal Rules of Civil Procedure.

/s/ Travis Lee Richins
Tavis Richins