# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>Defendants. | Case No. 6:20-cv-00473-ADA<br>Case No. 6:20-cv-00475-ADA<br>Case No. 6:20-cv-00476-ADA<br>Case No. 6:20-cv-00477-ADA<br>Case No. 6:20-cv-00482-ADA<br><br>**JURY TRIAL DEMANDED** |
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.<br><br>Defendants. | Case No. 6:20-cv-00480-ADA<br>Case No. 6:20-cv-00481-ADA<br>Case No. 6:20-cv-00485-ADA<br>Case No. 6:20-cv-00486-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO NON-PARTY MOTION FOR
LIMITED-PURPOSE CONSOLIDATION AND PROTECTIVE ORDER**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND ................................................................................................................... 2

III. MOVANTS OFFER NO LEGAL OR FACTUAL BASIS FOR CONSOLIDATION ................................................................................................................. 4

IV. CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Certified/LVI Env't Servs., Inc. v. PI Const. Corp.*,
C.A. No. SA01-1036-FBNN, 2003 WL 1798542 (W.D. Tex. Mar. 3, 2003) ........................... 5

*Genus Lifesciences v. Lannett Co.*,
2019 WL 7313047 (N.D. Cal. Dec. 30, 2019) ........................................................................ 7

*Kajeet, Inc. v. Qustodio, LLC*,
No. SACV181519JAKPLAX, 2019 WL 8060078 (C.D. Cal. Oct. 22, 2019) ........................ 6

*Kilmon v. Saulsbury Indus., Inc.*,
No. MO:17-CV-99, 2018 WL 5800759 (W.D. Tex. Feb. 13, 2018) ........................................ 3

*Mills v. Beech Aircraft Corp.*,
886 F.2d 758 (5th Cir. 1989) ................................................................................................... 5

*In re Modern Plastics Corp.*,
890 F.3d 244 (6th Cir. 2018) ................................................................................................... 7

*PB & J Software, LLC v. Acronis, Inc.*,
C.A. No. 4:12-690-SNLJ, 2012 WL 4815132 (E.D. Mo. Oct. 10, 2012) ................................ 5

*Reeves v. Wells Fargo Bank*,
C.A. No. 14-00187-DCG, 2015 WL 11598708 (W.D. Tex. Mar. 23, 2015) ........................... 4

*Tiberi v. CIGNA Ins. Co.*,
40 F.3d 110 (5th Cir. 1994) ..................................................................................................... 7

*Wiwa v. Royal Dutch Petroleum Co.*,
392 F.3d 812 (5th Cir. 2004) ............................................................................................... 6, 7

# TABLE OF ABBREVIATIONS

| Abbreviation | Term |
| --- | --- |
| Aqua | Aqua Licensing, LLC |
| BasePoint | BasePoint Administrative, LLC |
| BP | BP Funding Trust |
| Br. | Motion For Limited-Purpose Consolidation And Protective Order Filed By Non-Party Subpoena Recipients BP Funding Trust; Basepoint Administrative, LLC; Terrier SSC, LLC; And Aqua Licensing, LLC; And Joined By Plaintiff WSOU, filed in 6:20-cv-00473 on January 21, 2022 at D.I. 146. |
| Dell | Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware, Inc. |
| Movants | BP Funding Trust; BasePoint Administrative, LLC; Terrier SSC, LLC; Aqua Licensing, LLC; WSOU Investments, LLC d/b/a Brazos Licensing and Development |
| Terrier | Terrier SSC, LLC |
| WSOU | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

**I.     INTRODUCTION**

Dell opposes Movants' motion to consolidate discovery, which is an unprecedented remedy in search of a problem.

As an initial matter, BasePoint, Aqua, and Terrier are unrelated parties whose only apparent relationship is that they are represented by common counsel, who submitted a consolidated brief on behalf of the three disparate entities.  As acknowledged in Appendix A to Movants' brief, not all of the four groups of unrelated defendants in the various WSOU cases served subpoenas on all three entities.  Specifically, in seeking consolidation, Aqua is facing four subpoenas, BasePoint three subpoenas, and Terrier two subpoenas.  This is far from a burden on any of these entities; indeed, Movants' counsel has not articulated any.  Instead, Movants seeks to turn the issue on its head in an attempt to force each defendant to justify why the discovery sought by its respective, unique subpoena should not simply be consolidated with that of other unrelated defendants.  Tellingly, Movants provide no support for such burden shifting in connection with their unprecedented consolidation request.

As to Dell's subpoenas, Dell served subpoenas only on BasePoint and Aqua.  Dell has not served a subpoena on the third entity, Terrier, which is also seeking consolidation.

As to BasePoint, Dell already agreed—subject to the Court's approval—to join in Google's pending motion to compel BasePoint to respond to subpoenas, including that from Dell, to which BasePoint did not timely object and originally agreed to provide documents and information.  No further consolidation is necessary or appropriate.

As to Aqua, Dell is appropriately waiting for Aqua to complete its promised document production before determining whether there are any disputes to raise or depositions that need to be scheduled.  While Dell seeks discovery from Aqua that is unique to the patents asserted by WSOU against Dell, Dell has nonetheless offered to coordinate depositions or disputes with other

1

cases in the future where practicable. Aqua appears primarily interested in avoiding the consequence of having participated in WSOU's pre-suit effort to monetize such a large portfolio of patents against such a diverse group of defendants—a consequence exacerbated by WSOU's *ad seriatim* filing of the cases at issue in this motion and its own refusal to provide related discovery. That Aqua may be subject to discovery requests of different scope at different times due to the different stages and needs of the particular cases is no surprise.

Dell respectfully requests that this Court deny the motion to consolidate and allow the parties to proceed with what is nothing more than routine discovery that can be civilly coordinated by counsel.

## II.  BACKGROUND

On August 20, 2021, Dell served subpoenas on BasePoint and Aqua.[1]

**BasePoint Subpoena.** Dell has requested from BasePoint, a party that participated in financing WSOU's acquisition of the asserted patents, documents and testimony that relate both to the valuation of the asserted patents and WSOU's standing to file the above-captioned cases. (*See* 6:20-cv-00473, D.I. 146-1 at 317–92.) After the time to respond to Dell's subpoena had expired,[2] and without interposing any objections, BasePoint's counsel responded on October 8, 2021, offering to produce a defined set of documents (*id.* at 593–94). Dell accepted. *Id.* at 593.

---

[1] Dell disputes Movants' arguments concerning the substantive merits of these subpoenas, which are irrelevant to the present motion. Dell notes, however, that Dell is not party to the *Microsoft* cases and thus has no knowledge regarding the sealed proceedings that Movants repeatedly tout (*e.g.,* at 7–8, 18–19) as critical to their position in resisting Dell's subpoenas.

[2] There is no dispute that BasePoint did not timely object. (*Cf.* Br. at 7 ("timeliness . . . is apparently in dispute").) Dell served its subpoenas on August 20, 2021 and commanded a response to its document requests by September 10, 2021. (*See* 6:20-cv-00473, D.I. 146-1 at 317). BasePoint did not respond until October 1, 2021 (*id.* at 594–95), and by its own admission did not object until November 11, 2021 (*id.* at 591; Br. at 7). *See* Fed. R. Civ. Pro. 45(d)(2)(B) (requiring objections within 14 days of service)

2

On November 11, 2021, however, BasePoint's counsel retracted its offer, representing that BasePoint would be violating an agreement to provide documents in view of otherwise undescribed activities in the Microsoft and Google cases—to which Dell is not privy. (*Id.* at 597–99.)

While Dell has not moved to compel discovery from BasePoint, Dell offered to join in Google's pending motion to compel (in 6:21-mc-1270 (W.D. Tex.)) to efficiently resolve any dispute regarding BasePoint's unilateral and belated revocation of its agreement to respond to Dell's subpoena. BasePoint's counsel has separately indicated that it intends to propose to the Court that Dell submit supplemental briefing and attend any hearing scheduled on that matter.

**Aqua Subpoena.** Dell has requested from Aqua, one of WSOU's patent brokers, documents and testimony relating to the value of WSOU's patent portfolio that Aqua was apparently hired to acquire and sell. (*See* 6:20-cv-00473, D.I. 146-1 at 225–316.) Movants incorrectly suggest that the scope of each party's subpoena is substantially identical, as Dell has made several unique requests. *E.g.*, 6:20-cv-00473, D.I. 146-1 at 240, Request Nos. 14, 15, and 17 (seeking revenue, marketing plans, and business policies for the patent portfolio); *id.* at 238-39, Request Nos. 2, 10, 11 (seeking decision to pursue or not pursue other litigation for any of the asserted patents and any prior art searches conducted by Aqua). Dell requested similar documents from WSOU, which has failed to produce such documents or confirm whether it is withholding them.

Aqua served only generic general objections to Dell's subpoenas, which are themselves insufficient. *See, e.g.*, *Kilmon v. Saulsbury Indus., Inc.*, No. MO:17-CV-99, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) ("Such general and conclusory objections fail to establish good

3

cause and a specific need for protection exists, as is required to obtain a protective order from such discovery."). Aqua subsequently attempted to belatedly supplement with specific objections.

Aqua produced a handful of documents in response to Dell's subpoenas. Prior to Movants' present effort to confer regarding this motion, Dell had been awaiting a response to its request from early December as to the status of Aqua's documents productions.

Aqua has now informed Dell that it intends to finalize its document production by February 4, 2022, though it has not specified what documents it will be producing or withholding. Dell has been awaiting that production. Dell has not yet conferred with Aqua concerning any discovery deficiencies and has not filed a motion to compel. Discovery in the Dell cases is set to close on May 6, 2022. Before spending the Court's or the parties' time and resources on a motion, Dell is awaiting Aqua's document productions to determine how to proceed. To the extent there are deficiencies, Dell would expect Aqua to engage in a meet and confer process in an effort to narrow the issues and address such deficiencies. At the very least, Dell has no desire to file a premature motion to compel that would be struck down by the court. *See Reeves v. Wells Fargo Bank*, C.A. No. 14-00187-DCG, 2015 WL 11598708, at 1 (W.D. Tex. Mar. 23, 2015) (declaring Plaintiff's motion to compel, filed on March 10, 2015, as premature because Defendant had until March 11, 2015 to respond.).

## III.  MOVANTS OFFER NO LEGAL OR FACTUAL BASIS FOR CONSOLIDATION

Movants do not offer a single authority that supports their request for consolidation under the circumstances here, where third parties seek to enforce consolidation of different cases with unrelated defendants, different patents, unique facts, and distinct discovery schedules—without even the existence of any duplicative disputes. Instead, Movants generically cite to three Rules, none of which support their position.

For instance, Movants refer to Rule 26(c) but provide no explanation as to why it requires *consolidation* as Movants demand. (Br. at 20.) Indeed, Rule 26(c) pertains to *protective orders*, and thus has no application to Movants' consolidation request here.

Movants further argue that Rule 42(a) compels consolidation of discovery in all of these cases to avoid unnecessary cost or delay. (Br. at 19–20.) Yet Movants identify no case in which a court has permitted such consolidation of disparate cases such as those at issue here, much less at the request of a third party that has caused the delays by refusing to cooperate throughout discovery. Indeed, where a court has granted consolidation of discovery, it was because, among other factors, there was a common issue of law or fact and "there is no risk of prejudice or possible confusion if the cases are consolidated, or if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately[.]" *Certified/LVI Env't Servs., Inc. v. PI Const. Corp.*, C.A. No. SA01-1036-FBNN, 2003 WL 1798542, at 2 (W.D. Tex. Mar. 3, 2003). Even then, courts have denied consolidating discovery where the same patent was involved but each party faced different infringement allegations and each party's case therefore involved different facts. *See PB & J Software, LLC v. Acronis, Inc.*, C.A. No. 4:12-690-SNLJ, 2012 WL 4815132, at 2 (E.D. Mo. Oct. 10, 2012).

The subpoenas at issue seek information relevant to patent standing and damages, and each case has a different set of patents brought against each party. Movants have made no showing that any overlapping facts justify consolidation. Discovery would not be identical for all of the parties, creating a high risk of prejudice and confusion that is not outweighed by the risk of inconsistent adjudication. The various cases that WSOU has maintained against the several unrelated defendants, which involve distinct technology, different accused products, and no overlap in asserted patents, are also at different stages of discovery. *Cf. Mills v. Beech Aircraft Corp.*, 886

F.2d 758, 762 (5th Cir. 1989) ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."). Thus, for example, requiring all of the defendants to address the patents and issues unique to their respective cases in a ***single***, 7-hour deposition of a Movant unfairly constrains the defendants from obtaining discoverable information. Instead of streamlining the process, consolidation will leave Dell without the full ability to seek, obtain, and control the sequence of discovery necessary to its respective cases.

Furthermore, Movants improperly rely on Rule 45(d), which simply provides that a subpoena may be quashed or modified to "avoid placing an undue burden or expense on a person subject to the subpoena." (Br. at 17–18.) Rule 45(d) therefore is irrelevant here, because Movants are not moving to quash Dell's subpoenas. In any event, courts have explained that "undue burden" in this context includes consideration of various factors, including relevance, the party's need for the documents, the breadth of the request, the time period covered by the request, the particularity with which the documents are described, the burden imposed, and the recipient's status as a non-party. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Movants fail to address any of these factors, much less establish that they have suffered any "undue burden." To the contrary, Movants appear to be strategically aligned and, consistent with Movants' business model of licensing patent portfolios, Movants have benefitted from WSOU's efforts to monetize the patents asserted against Dell. The documents that Dell seeks through the subpoenas are critical to understanding the value of the patent portfolio in relation to the damages sought by Plaintiff WSOU, including WSOU's own valuations of the asserted patents. *E.g., Kajeet, Inc. v. Qustodio, LLC*, No. SACV181519JAKPLAX, 2019 WL 8060078, at *6 (C.D. Cal. Oct. 22, 2019) (granting discovery of communications that might contain party admissions regarding the valuation of the

asserted patents as relevant to damages). Consolidation therefore would restrict Dell's ability to seek that discovery to which it is entitled.

In connection with their flawed reliance on Rule 45(d), Movants refer to *Genus Lifesciences v. Lannett Co.*, 2019 WL 7313047 (N.D. Cal. Dec. 30, 2019), to argue that non-parties cannot be forced to bear an undue burden. But in *Genus Lifesciences*, as Movants note (Br. at 18), the subpoena there was quashed because "plaintiff failed to first seek information from the defendant." Here, Movants are *not* moving to quash. Further, Dell has propounded discovery and requested production from WSOU multiple times regarding material relevant to the value of the patents. WSOU has declined or failed to produce such material, including for example the loan agreement with BasePoint, which includes information about the patent portfolio that WSOU offered up as collateral. It is only after Dell requested and failed to receive production from WSOU that Dell resorted to subpoenas.

Movants have asked the Court to take an unprecedented step and consolidate subpoenas under Rule 45. Even if there were an undue burden on the Movants, which there is not, the appropriate remedy would not be a consolidation of depositions but instead a remedy expressly set forth in Rule 45.[3] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d at 817-18. But no such remedies are justified here where the parties are still cooperatively participating in discovery. *Cf. Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) (overturning sanction award against party who moved to compel response to Rule 45 subpoena where movant engaged in "good faith efforts to negotiate reasonable parameters on the subpoena").

---

[3] Where a court believes that undue burden has been placed on a non-party under Rule 45(d), the appropriate remedies are sanctions, cost-shifting, or quashing the subpoena. *See In re Modern Plastics Corp.*, 890 F.3d 244, 250 (6th Cir. 2018); *see also* Fed. R. Civ. Pro. 45(d)(3).

Dell has engaged in good faith with all parties and has attempted to request production of documents without immediately resorting to a non-party subpoena. However, the discovery process has stalled without crucial pieces of evidence from Plaintiff WSOU. Dell has also compromised and consolidated where it has been able to do so, as it did in offering to join Google's motion to compel production from BasePoint. Consolidating depositions and discovery is premature and unnecessary, and will only make it more difficult for each party and the Court to determine the facts relevant to each individual case.

* * *

Dell would be willing to coordinate on Aqua's deposition on February 22, 2022, contingent on the document production that Aqua will attempt to finish by February 4, 2022. Even after production, however, Dell would need time to assess whether the documents are responsive and whether Aqua withheld any responsive documents. If Aqua further withholds relevant documents, Dell will need to meet and confer with Aqua and, if necessary, move to compel production. In that circumstance, a joint deposition on February 22 would be unrealistic.

If Dell later seeks discovery that Movants consider to be unnecessarily duplicative, or seek to relitigate a matter already decided in another, publicly available dispute, Movants can seek a protective order or raise the issue at that time.

## IV. CONCLUSION

For the reasons discussed above, Dell respectfully requests that Movants' motion be denied.

Dated: January 28, 2022

By:     */s/ Barry Shelton*

Barry K. Shelton
Texas State Bar No. 24055029
bshelton@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street
Suite 900
Dallas, TX 75201
Phone: +1 214-453-6500
Fax: +1 214-453-6400

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission St., Ste. 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Rd.
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

Andrew P. Blythe
ablythe@gibsondunn.com

9

**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:  949.451.4220

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 28, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a).

*/s/ Barry K. Shelton*
Barry K. Shelton
