# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>V.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>Defendants. | Case Numbers:<br>6:20-cv-00473-ADA<br>6:20-cv-00475-ADA<br>6:20-cv-00476-ADA<br>6:20-cv-00477-ADA<br>6:20-cv-00480-ADA<br>6:20-cv-00481-ADA<br>6:20-cv-00482-ADA<br>6:20-cv-00485-ADA<br>6:20-cv-00486-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>V.<br><br>ZTE CORPORATION,<br><br>Defendant. | Case Numbers:<br>6:20-cv-00487-ADA<br>6:20-cv-00488-ADA<br>6:20-cv-00489-ADA<br>6:20-cv-00490-ADA<br>6:20-cv-00491-ADA<br>6:20-cv-00492-ADA<br>6:20-cv-00493-ADA<br>6:20-cv-00494-ADA<br>6:20-cv-00495-ADA<br>6:20-cv-00496-ADA<br>6:20-cv-00497-ADA |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>V.<br><br>GOOGLE, LLC,<br><br>Defendant. | Case Numbers:<br>6:20-cv-00572-ADA<br>6:20-cv-00579-ADA<br>6:20-cv-00580-ADA<br>6:20-cv-00584-ADA<br>6:20-cv-00585-ADA |

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　Plaintiff,<br><br>　V.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>　　　　　Defendant. | Case Numbers:<br>6:20-cv-00725-ADA<br>6:20-cv-00726-ADA<br>6:20-cv-00728-ADA<br>6:20-cv-00730-ADA<br>6:20-cv-00783-ADA |
| GOOGLE, LLC,<br><br>　　　　　Petitioner,<br><br>　V.<br><br>TERRIER SSC, LLC,<br><br>　　　　　Respondent. | Case Number:<br>6:21-cv-01269-ADA |
| GOOGLE, LLC,<br><br>　　　　　Petitioner,<br><br>　V.<br><br>BP FUNDING TRUST,<br><br>　　　　　Respondent. | Case Number:<br>6:21-cv-01270-ADA |
| GOOGLE, LLC,<br><br>　　　　　Petitioner,<br><br>　V.<br><br>AQUA LICENSING, LLC,<br><br>　　　　　Respondent. | Case Number:<br>6:21-cv-01309-ADA |

**JOINDER OF THE DELL DEFENDANTS TO GOOGLE'S MOTION TO COMPEL RESPONSES TO SUBPOENA FROM BASEPOINT**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................... 2

III. THE COURT SHOULD COMPEL BASEPOINT TO COMPLY WITH THE SUBPOENA AND PRODUCE THE DOCUMENTS IT ALREADY AGREED TO PRODUCE.............................................................................................................................. 3

IV. CONCLUSION ...................................................................................................................... 5

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| BasePoint | BP Funding Trust, BasePoint Administrative, LLC, and related entitites |
| Dell | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| Loan Agreement | The "Loan Agreement" between WSOU and BasePoint referenced in Section 4 of the BasePoint Patent Security Agreement. *See Google LLC v. BP Funding Trust*, Case No. 6:21-cv-01270-ADA, ECF No. 1-1 at 175 (Reel 056526/Frame 0226). |
| WSOU | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

I.      **INTRODUCTION**

Dell respectfully files this brief in support of Google's motions to compel BasePoint to comply with their respective subpoenas. In addition to the reasons stated in Google's motions, Dell provides the following additional statements concerning reasons specific to Dell to compel compliance.

Dell timely subpoenaed BasePoint seeking documents related to BasePoint's security interest in the asserted patents, including a Loan Agreement that describes BasePoint's rights in the patents and certain valuations and analyses of the patents-in-suit. The Loan Agreement and related documents are relevant, including to whether WSOU has standing to sue Dell based on the asserted patents; Dell suspects that the documents will reveal that WSOU did not in fact have standing to sue, and if standing is lacking, the cases against Dell would need to be dismissed.

In response to Dell's subpoena, BasePoint agreed to produce a set of responsive documents that BasePoint itself described as "efficient and not unduly burdensome." However, before BasePoint produced the agreed-upon documents, Plaintiff WSOU intervened to block the production, instructing BasePoint not to produce BasePoint's documents. WSOU, of course, has no reason to prevent ***BasePoint*** from producing documents other than to prevent Dell from learning the sought-after information. That WSOU has gone to great lengths to hide this information—despite no burden on WSOU and an agreement to produce from BasePoint— strongly suggests that this discovery will lead to information probative of WSOU's lack of standing (or other relevant information). Following WSOU's intervention, and apparently based on WSOU's instruction, BasePoint reneged on its agreement and has since refused to produce a single document.

BasePoint should be held to its prior commitment to produce documents. Those documents are relevant, they are already collected, and there is no undue burden to simply producing them.

1

Moreover, BasePoint *waived* all objections to Dell's subpoena by not serving any objections until nearly two months past the deadline. Accordingly, and for the reasons stated in Google's motion, the Court should compel BasePoint to comply with Dell's subpoena as originally agreed.

## II.     BACKGROUND

Much of the relevant background and procedural history is explained in Google's motions. *Google LLC v. BP Funding Trust*, Case No. 6:21-cv-01270-ADA (W.D. Tex. 2021), ECF No. 1. Dell incorporates by reference that background and writes separately to explain facts specific to Dell.

Dell timely served a subpoena for documents and a deposition on BasePoint on August 20, 2021. (Ex. A.) Dell's document requests were substantially similar to Google's and sought documents related to BasePoint's security interest in the patents-in-suit, the Loan Agreement related to those interests, and other documents related to the valuation of the asserted patents and WSOU's standing to file the above-captioned cases.

BasePoint's response to the subpoena was due on September 17, 2021. (Ex. A at 1.) BasePoint did not serve any objections to the subpoena by the deadline. Rather, on October 8, 2021, BasePoint sent Dell an email specifically *agreeing* to produce particular categories of documents. Specifically, BasePoint agreed that it would produce:

1. "The security or loan agreement itself between BasePoint and WSOU."

2. "[D]ocuments and communications (including email) leading up to and including the loan or security agreement entered into by and between BasePoint and WSOU in May of 2019."

3. Documents provided to BasePoint by WSOU regarding the assets securing the loan, including "valuations or opinions regarding any of the assets/patents."

4. Documents regarding the transfer of the security interest to a third party in January 2020.

5. The official agreement transferring the WSOU loan or security agreement to Terrier.

6.  Communications with WSOU concerning the loan or the patents after January 2020 (but not including communications regarding the subpoena).

(Ex. B.) BasePoint, not Dell, came up with this list of documents. And BasePoint explicitly characterized this production as "not unduly burdensome." (*Id.*)

However, after agreeing on October 8, 2021 to produce these documents, on November 4, 2021, BasePoint reneged on the agreement, claiming that "circumstances have changed." On November 11, 2021, BasePoint sent Dell a letter explaining that the "changed circumstances" were that WSOU had interceded and instructed BasePoint not to produce the documents that it had already agreed to produce, and that WSOU would be seeking a protective order vis-à-vis Google. (Ex. C at 1.) On the same day, BasePoint belatedly served objections to the subpoena, nearly two months after the deadline.

### III.  THE COURT SHOULD COMPEL BASEPOINT TO COMPLY WITH THE SUBPOENA AND PRODUCE THE DOCUMENTS IT ALREADY AGREED TO PRODUCE

Dell joins Google's motion in its entirety; BasePoint should be compelled to comply with Dell's subpoena, which is substantially similar to Google's subpoena, for all the reasons stated in Google's motion, which Dell need not repeat here. ECF No. 1.[1] There are certain points specific to Dell that bear emphasizing.

***First,*** BasePoint agreed to produce the documents at issue, and it should be held to its agreement. The documents sought in Dell's subpoena seek relevant information, and, as BasePoint has already admitted, are not unduly burdensome. Indeed, BasePoint apparently already collected the responsive documents, as it was one day away from producing them to Google before WSOU intervened. *See* ECF No. 1 ¶¶ 16–17. It is only because of WSOU that

---

[1] Citations to ECF numbers are to the case *Google LLC v. BP Funding Trust*, 6:21-cv-01270-ADA (W.D. Tex. 2021).

3

there is even a dispute.  That WSOU has stepped in to block production of ready-to-produce documents only confirms that those documents are likely to contain information undermining WSOU's position that it has standing.  WSOU otherwise has no legitimate interest in this dispute since the production is no burden to them and is, admittedly, no burden to BasePoint either.

***Second,*** BasePoint indisputably waived all objections to the subpoena by failing to assert timely objections.  *See Perez v. Boecken*, 2020 WL 2733954, at *3 (W.D. Tex. May 26, 2020), *aff'd*, 2020 WL 3163192 (W.D. Tex. June 12, 2020) (holding that failure to serve timely objections within 14 days of service of subpoena means waiver of the same); *see also* ECF No. 14 at 14 (collecting cases).  Accordingly, BasePoint has no basis to resist the subpoena or to renege on its agreement to produce the set of documents that it already collected and already agreed to produce.

In its opposition to Google's motion, BasePoint claims that its failure to timely object should be ignored because "the subpoena is overbroad on its face."  But that is directly contradicted by the fact that BasePoint ***already agreed to produce*** the documents at issue.  Regardless of whether the original subpoena was overbroad (it was not), there is no justification for refusing to produce the documents that BasePoint already described as "not unduly burdensome" and had agreed to produce, and thus conceded were not overbroad.  (*See* Ex __ [Oct. 8, 2021 email]).  BasePoint also argued that its "good faith" should excuse its waiver.  (Opp. at 12).  But agreeing to produce documents and then reneging on that agreement certainly is not "unusual circumstances"—let alone "good faith"—that would justify forgiving waiver.  *Cf. I-Enter. Co. v. Draper Fisher Jurvetson Mgmt. Co.*, 2005 WL 8177425, at *3 (N.D. Cal. Sept. 15, 2005) (finding unusual circumstances where non-party acted in good faith by producing 12,000 documents in response to subpoena request).

4

## IV. CONCLUSION

For the foregoing reasons, and those stated in Google's motion, Dell respectfully requests that the Court compel BasePoint to comply with Dell's subpoena.

|  |  |
|---|---|
| Dated:  March 14, 2022 | By:  */s/ Barry K. Shelton*<br>Barry K. Shelton<br>Texas State Bar No. 24055029<br>bshelton@winston.com<br>**WINSTON STRAWN LLP**<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX  75201-2494<br>Telephone:  214.453.6407<br>Facsimile:  214.453.6400<br><br>Benjamin Hershkowitz<br>bhershkowitz@gibsondunn.com<br>Brian A. Rosenthal<br>brosenthal@gibsondunn.com<br>Allen Kathir<br>akathir@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue<br>New York, NY  10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Y. Ernest Hsin<br>ehsin@gibsondunn.com<br>Jaysen S. Chung<br>jschung@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>555 Mission Street, Suite 3000<br>San Francisco, CA  94105-0921<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br>Ryan K. Iwahashi<br>riwahashi@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1881 Page Mill Road<br>Palo Alto, CA  94304-1211<br>Telephone:  650.849.5300<br>Facsimile:  650.849.5333<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 14, 2021, all counsel of record are being served with a copy of this document through the Court's CM/ECF system and through electronic mail.

*/s/ Barry K. Shelton*
Barry K. Shelton
