| | |
|---|---|
| **From:** | Rob Millimet |
| **To:** | Barry Shelton |
| **Subject:** | RE: BasePoint/WSOU Investments v. Dell Technologies, Inc., et al. |
| **Date:** | Friday, October 8, 2021 11:59:30 AM |

Hi Barry. I have now been retained in connection with your subpoena in the above-referenced matter. As previously discussed, the subpoena was not served on the correct party. Nonetheless, I write in an attempt to try to reach an agreement on an efficient and not unduly burdensome response to your third-party subpoena. I have reached the following agreement for responding to a similar subpoena issued by Google LLC in its litigation with WSOU. Please let me know if we can have a similar agreement for your subpoena.

The lender to WSOU ("BasePoint") and WSOU executed their lending relationship in May 2019. In January 2020, BasePoint assigned the loan to a third party. As a result, BasePoint lacks responsive documents following the assignment except as to its requests for indemnification and to be held harmless for its costs in responding to subpoenas. In light of the foregoing, BasePoint will agree to produce the following categories of documents:

1. Any documents or communications (including email) leading up to and including the loan or security agreement entered into by and between BasePoint and WSOU in May of 2019.
2. The security or loan agreement itself between BasePoint and WSOU.
3. Any documents (including forwarded communication) provided to BasePoint by WSOU at any time regarding the assets securing the loan, inclusive of any documents provided to BasePoint by counsel for WSOU.  This would include any valuations or opinions regarding any of the assets/patents, inclusive of things like market analysis, licensing forecasts or strength of one or more patents in the portfolio.  BasePoint does not have to provide a privilege log, at this time, reflecting communications it had with its own outside counsel regarding these assets.
4. Any documents or communications (including email) leading up to and including the transfer or sale of the security interest or loan with WSOU to a third party in January of 2020. These would include communications with WSOU and/or with a third party.
5. The official agreement or instrument executed in conveying the WSOU loan or security agreement to the third party.
6. Any documents or communications between BasePoint and WSOU concerning the loan or the patents after January 2020, but not any documents or communications related to the subpoenas themselves or BasePoint's requests for indemnification or to be held harmless.

As to your request for a deposition, BasePoint will agree to revisit the need for one after you receive and assess the above documents.

Finally, this agreement seeks to avoid the need to present any arguments to the Court, but should that need arise, neither your clients nor BasePoint have waived or released any arguments through our discussions and agreements.

Please let me know if we have an agreement. Thank you.


ROBERT M. MILLIMET
Attorney


**STANTON LLP**
D  214 996 0218

O  972 233 2300
**stantonllp.com**

---

**From:** Barry Shelton <bshelton@sheltoncoburn.com>
**Sent:** Friday, October 1, 2021 2:25 PM
**To:** Rob Millimet <Rob@stantonllp.com>
**Subject:** RE: BasePoint/WSOU Investments v. Dell Technologies, Inc., et al.

Thanks, Rob, most of my morning is free Monday but a few people have asked for availability. Can you call around 8:30-9 CT at 512-517-9998? What do you mean by a new subpoena?

Barry

---

**From:** Rob Millimet <Rob@stantonllp.com>
**Sent:** Friday, October 1, 2021 2:03 PM
**To:** Barry Shelton <bshelton@sheltoncoburn.com>
**Subject:** BasePoint/WSOU Investments v. Dell Technologies, Inc., et al.

Hi Barry. I am writing to you from my work account in connection with the above-referenced matter. Please let me know when you have a few minutes early next week to discuss a new subpoena. I have spoken, and will be further speaking, with BasePoint and should be in a position at that time to discuss moving forward on the discovery sought by the prior subpoena.

Thank you for your patience.

ROBERT M. MILLIMET
Attorney

**STANTON LLP**
D  214 996 0218
O  972 233 2300
**stantonllp.com**