# EXHIBIT 2

Appl. No. 13/631,169

**IN THE UNITED STATES
PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| Application No. | : | 13/631,169 | Confirmation No. 9603 |
| Filed | : | September 28, 2012 | |
| Inventor(s): | : | Stephen G. Valentine | |
| Group Art Unit | : | 2477 | |
| Examiner | : | Yong Zhou | |
| Docket No. | : | 811155-US-NP (14219.0322) | |
| | : | | |
| Title | : | METHOD AND APPARATUS FOR COMMUNICATION PATH SELECTION | |

Commissioner for Patents
PO Box 1450
Alexandria, Virginia 22313-1450.

**AMENDMENT**

Sir:

In response to the Office Action of December 16, 2014, please amend the above-identified application as follows.

5129844.1

Appl. No. 13/631,169

## Amendments to the Claims

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (Currently Amended) A method of selecting, for a group of communication traffic, a communication path from a source node to a destination node through a network comprising a plurality of contiguous communication paths, the method comprising:

<u>determining lowest cost paths from the plurality of contiguous communication paths;</u>

determining V mod N,

comparing a result of the determining to indices on a path selection table that associates a unique index with each of the plurality of communication paths, and

selecting a path associated with an index equal to the result, wherein N is a number of <u>the lowest cost</u> paths in the plurality of communication paths and V is a group identifier corresponding to the group of communication traffic.

2. (Previously Presented) The method of claim 1, wherein the group of communication traffic is a VLAN.

3. (Original) The method of claim 2, further comprising assigning the identifier to the VLAN.

4. (Previously Presented) The method of claim 1, wherein the group of communication traffic comprises a plurality of VLANs.

5. (Original) The method of claim 1, wherein the method is performed by a processor of the source node and the table is stored on a memory device

Appl. No. 13/631,169

assessable by the processor.

6. (Original) The method of claim 1, further comprising ordering the paths by bridge identifier prior to associating the paths with indices in the path selection table.

7. (Original) The method of claim 1, further comprising determining how many paths N exist between the source node and the destination node.

8. (Original) The method of claim 1, further comprising storing the selected path in the path selection table.

9. (Previously Presented) The method of claim 1, wherein the plurality of contiguous communication paths are EHEC paths.

10. (Original) The method of claim 1, further comprising forwarding data traffic received at the source node toward the destination node along the selected path.

11. (Currently Amended) A network node, comprising a processor and a non-signal memory device, the memory device comprising program instructions that when executed enable:
   <u>determining lowest cost paths from the plurality of contiguous communication paths;</u>
   determining V mod N,
   comparing a result of the determining to indices on a path selection table that associates a unique index with each of a plurality of communication paths, and
   selecting a path associated with an index equal to the result, wherein N is a number of <u>the lowest cost</u> paths in the plurality of communication paths and V is a group identifier corresponding to a group of communication traffic.

Appl. No. 13/631,169

12. (Previously Presented) The network node of claim 11, further comprising a plurality of ports for network communication.

13. (Previously Presented) The network node of claim 11, further comprising a VLAN table for storing an identifier associated with one or more VLANs.

14. (Currently Amended) A non-transitory computer readable medium storing computer program instructions, which, when executed on a processor, cause the processor to perform operations comprising:

determining lowest cost paths from the plurality of contiguous communication paths;

determining V mod N,

comparing a result of the determining to indices on a path selection table that associates a unique index with each of a plurality of communication paths, and

selecting a path associated with an index equal to the result, wherein N is a number of the lowest cost paths in the plurality of communication paths and V is a group identifier corresponding to a group of communication traffic.

5129844.1

Appl. No. 13/631,169

### Remarks

I. Introduction

This is in response to the Office Action dated December 16, 2014.

Claim 14 stands rejected under 35 U.S.C. § 101 as being directed to transitory signals.

Claims 1-7, 9-12, and 14 stand rejected under 35 U.S.C. § 102(b) as being anticipated by U.S. Patent Application No. 2011/0063979 (Matthews).

Claim 8 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Matthews in view of U.S. Patent No. 6,400,681 (Bertin).

Claim 13 stands rejected under 35 U.S.C. § 103(a) as being unpatentable over Matthews in view of U.S. Patent Application No. 2009/0304007(Tanaka).

Claims 1, 11 and 14 have been amended. No new matter has been added. Claims 1-14 remain for consideration. Claims 1, 11, and 14 are independent.

II. Rejection of Claims under 35 U.S.C. § 101

The Office Action rejected independent claim 14 under 35 U.S.C. § 101 as being directed to non-statutory subject matter. Specifically, the Office Action contends that claim 14 may be directed to transitory signals. Claim 14 has been amended to recite a "non-transitory computer readable medium." Reconsideration and withdrawal of this rejection is respectfully requested.

III. Rejection of Claims under 35 U.S.C. § 102(b) and 103(a)

The Office Action rejected independent claims 1, 11, and 14 under 35 U.S.C. § 102(b) as being unpatentable over Matthews.

In order for a claim to be anticipated under 35 U.S.C. §102, **each and every limitation** of the claim must be found either expressly or inherently in a single prior art reference. PIN/NIP, Inc. v. Platte Chem. Co., 304 F.3d 1235, 1243

Appl. No. 13/631,169

(Fed. Cir. 2002). In the present case, Matthews does not show each and every element of independent claims 1, 11, and 14. Therefore, Applicants request the withdrawal of the rejections under 35 U.S.C. § 102(b).

Amended claim 1 recites:

<u>determining lowest cost paths from the plurality of contiguous communication paths;</u>

determining V mod N,

comparing a result of the determining to indices on a path selection table that associates a unique index with each of the plurality of communication paths, and

selecting a path associated with an index equal to the result, wherein N is a number of <u>the lowest cost</u> paths in the plurality of communication paths and V is a group identifier corresponding to the group of communication traffic.

The cited reference fails to teach or suggest at least these elements of claim 1.

The Office Action cites Matthews in the present rejection. Matthews relates to "network traffic management." (Matthews; title). Specifically, the Office Action cites paragraphs [0118], [0025], [0031], [0032], and [0037] of Matthews. However, the cited portions of Matthews do not teach or suggest at least, "determining V mod N . . . wherein N is a number of the <u>lowest cost paths</u> in the plurality of communication paths and V is a group identifier corresponding to the group of communication traffic," as in claim 1.

In stark contrast to claim 1, the cited portions of Matthews merely perform a modulo operation based on the number of available paths. Paragraph [0032] of Matthews explains this as follows: "The value performed in the modulo operation may be based, for example, on the number of available paths for the packet 200 to reach its destination." However, the number of available paths, as discussed in the cited portions of Matthews, does not teach or even suggest the "lowest cost paths" in claim 1. That is, the number of available paths in the cited portions of Matthews includes all available paths without regard to the paths

5129844.1

Appl. No. 13/631,169

having a lowest cost. The cited portions of Matthews are silent with regards to "a number of the lowest cost paths" in claim 1.

Further, while paragraph [0037] of Matthews may explains that "The station 102 may perform the modulo operation based on . . . a number of equal cost paths," the number of equal cost paths in the cited portions of Matthews does not teach or suggest "a number of the lowest cost paths," as recited in claim 1. Specifically, the cited portions of Matthews are silent with regards to the equal cost paths being the lowest equal cost paths.

Therefore, for at least the reasons discussed above, claim 1 is allowable over Matthews. Independent claims 11 and 14 have been amended to include similar elements and, thus, are also allowable over the cited art for at least the same reasons. All independent claims are allowable over the cited art. Allowance of all independent claims is requested. All remaining dependent claims are dependent upon an allowable independent claim and are therefore also allowable. Reconsideration and withdrawal of the rejections of claims under 35 U.S.C. § 102(b) and 103(a) is respectfully requested.

IV.  No New Matter has Been Added

Support for amended claims 1, 11, and 14 can be found throughout the Specification and at least at page 9, lines 1-11; page 13, lines 3-14; and Figure 3 of the Specification as filed. No new matter has been added.

V.  Conclusion

For the reasons discussed above, all pending claims are allowable over the cited art. Reconsideration and allowance of all claims is respectfully requested.

Appl. No. 13/631,169

      If this communication is filed after the shortened statutory time period has elapsed and no separate Petition is enclosed (or the enclosed Petition is insufficient), the Commissioner of Patents and Trademarks is petitioned, under 37 C.F.R. § 1.136(a), to extend the time for filing a response to the outstanding Office Action by the number of months which will avoid abandonment under 37 C.F.R. § 1.135. The fee under 37 C.F.R. § 1.17 should be charged to our Deposit Account No. 06-2143.

                                        Respectfully submitted,

                                        /Richard A. Cheng/
                                        Richard A. Cheng
                                        Reg No. 65,477
                                        Attorney for Applicant
                                        Wolff & Samson PC
                                        One Boland Drive
                                        West Orange, NJ  07052
                                        Tel.: (973) 530-2163

Date: March 16, 2015