**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>    Defendants. | Case No. 6:20-cv-00473-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

**DEFENDANTS' OPPOSED MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND...............................................................................................2

    A. The Assignment History of the '144 Patent............................................................2

    B. ██████████████████████████████████ ..................................2

III. WSOU BEARS THE BURDEN TO PROVE STANDING............................................4

IV. WSOU LACKS STANDING TO SUE FOR PRE-ASSIGNMENT DAMAGES ............7

    A. ████████████████████████████ ................................7

    B. ███████████████████████████████████ ....................8

        1. ████████████████████████████████████████ ....8

        2. █████████████████████████████████████ ....10

        3. The USPTO Assignment Records Confirm ███████████████████████ ....11

V. CONCLUSION ...................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Abbott Point of Care Inc. v. Epocal, Inc.*,
 666 F.3d 1299 (Fed. Cir. 2012) ................................................................................................ 4

*Abraxis Bioscience, Inc. v. Navinta LLC*,
 625 F.3d 1359 (Fed. Cir. 2010) ............................................................................................ 5, 6

*Arachnid, Inc. v. Merit Indus.*,
 939 F.2d 1574 (Fed. Cir. 1991) ...................................................................................... 6, 7, 8

*Barlow & Haun, Inc. v. United States*,
 805 F.3d 1049 (Fed. Cir. 2015) ................................................................................................ 6

*Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
 583 F.3d 832 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011) ................................................. 8, 9

*Bowmer v. Bowmer*,
 50 N.Y.2d 288 (N.Y. 1980) .................................................................................................... 11

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*,
 517 F.3d 1284 (Fed. Cir. 2008) ................................................................................................ 8

*Enzo APA & Son, Inc. v. Geapag A.G.*,
 134 F.3d 1090 (Fed. Cir. 1998) ................................................................................................ 1

*Gellman v. Telular Corp.*,
 2010 WL 5173213 (E.D. Tex. Dec. 14, 2010) ..................................................................... 8, 9

*Green Tech. Lighting Corp. v. Liberty Surplus Ins. Corp.*,
 No. 1:18-CV-01799 (PAC), 2020 WL 2036705 (S.D.N.Y. Apr. 28, 2020) .......................... 10

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
 925 F.3d 1225 (Fed. Cir. 2019) ............................................................................................ 5, 6

*Mas-Hamilton Grp. v. LaGard, Inc.*,
 156 F.3d 1206 (Fed. Cir. 1998) ................................................................................................ 6

*Minco, Inc. v. Combustion Eng'g, Inc.*,
 95 F.3d 1109 (Fed. Cir. 1996) .................................................................................................. 7

*Moore v. Marsh*,
 74 U.S. 515 (1868) ............................................................................................................... 6, 7

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) ...........................................................................................5

*Muzak Corp. v. Hotel Taft Corp.*,
   1 N.Y.2d 42 (N.Y. 1956) ...................................................................................................11

*Nat'l Org. for Women, Inc. v. Scheidler*,
   510 U.S. 249 (1994) ............................................................................................................6

*Neutron Depot, LLC v. All Web Leads, Inc.*,
   No. AU-16-CA-00901-SS, 2017 WL 9538893 (W.D. Tex. Nov. 30, 2017) .......................2

*S.O.T.A.T., Inc. v. Frank's Int'l, Inc.*,
   No. 2:06 CV 523, 2008 WL 4093599 (E.D. Tex. Aug. 28, 2008) .......................................7

*Script Sec. Sol., LLC v. Amazon.com, Inc.*,
   No. 2:15-CV-1030-WCB, 2016 WL 6433776 (E.D. Tex. Oct. 31, 2016) ...........................5

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
   427 F.3d 971 (Fed. Cir. 2005) ........................................................................................1, 4

*Speedplay, Inc. v. Bebop, Inc.*,
   211 F.3d 1245 (Fed. Cir. 2000) ...........................................................................................8

*Uniloc 2017 LLC v. Google LLC*,
   508 F. Supp. 3d 556 (N.D. Cal. 2020) .................................................................................6

*Uniloc USA, Inc. v. Apple, Inc.*,
   2020 WL 7122617 (N.D. Cal. Dec. 4, 2020) ......................................................................6

*Wacoh Co. v. Chrysler LLC*,
   No. 08-cv-456-slc, 2009 WL 36666 (W.D. Wis. Dec. 1, 2008) .........................................5

*WiAV Sols. LLC v. Motorola, Inc.*,
   631 F.3d 1257 (Fed. Cir. 2010) ...........................................................................................5

**OTHER AUTHORITIES**

MPEP, §301 (June 2020) ..........................................................................................................11

**TREATISES**

Restatement (Second) of Contracts §203(c) (Am. L. Inst. 1981) .............................................11

5B Wright & Miller, *Federal Practice & Procedure* §1350 (3d ed. 2004) ................................5

iii

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '144 patent | U.S. Patent No. 9,137,144 |
| Dell | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| Third Amendment | Third Amended Patent Purchase Agreement |
| PPA | Patent Purchase Agreement |
| Wade | Wade and Company |
| WSOU | WSOU Investments, LLC |

## TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| A | USPTO Reel 029049 Frame 0622 |
| B | USPTO Reel 031420 Frame 0703 |
| C | USPTO Reel 045085 Frame 0001 |
| D | ███████████████████████████████ |
| E | ██████████████████████ |
| F | Etchegoyen Deposition Exhibit 8 (BRAZOS-GOOALL-0002132) |
| G | Etchegoyen Deposition Exhibit 9 (BRAZOS-GOOALL-0007904) |
| H | Excerpt from Deposition Transcript of Stuart Shanus, dated April 12, 2022 |

Defendants move under FRCP 12(b)(1) to dismiss WSOU's claim for past damages. WSOU lacks standing to bring this lawsuit for pre-assignment damages.

## I. INTRODUCTION

By way of background, WSOU is an NPE founded by Craig Etchegoyen. Its primary business is threatening and filing lawsuits based on patents that it purportedly acquired from Nokia and related entities such as Alcatel Lucent. However, WSOU never actually acquired the rights to sue for past infringement of the '144 patent. This is not the first time Mr. Etchegoyen failed to acquire sufficient rights to patents before asserting them. In just the last two years, Uniloc[1]—another NPE founded by Mr. Etchegoyen—has had lawsuits against Apple and Google dismissed because it did not have exclusionary rights in the asserted patents. In light of this and other evidence casting doubt on WSOU's rights in the asserted patent, Defendants repeatedly pressed WSOU for information related to its ability to institute and maintain this lawsuit. However, WSOU never produced any evidence substantiating its claims of standing. With fact discovery now closed and all fact depositions completed, it is clear that ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████.

This defect is jurisdictional and cannot retroactively be cured because "[s]tanding must be present at the time the suit is brought." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975–76 (Fed. Cir. 2005); *see also Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) ("[N]unc pro tunc assignments are not sufficient to confer retroactive standing.");

---

[1] ████████████████████████████████████████████████████████████████

*Neutron Depot, LLC v. All Web Leads, Inc.*, No. AU-16-CA-00901-SS, 2017 WL 9538893, at *2, n.3 (W.D. Tex. Nov. 30, 2017) (rejecting argument that after suit was filed Plaintiff gained the retroactive right to sue for past infringement). As a result, the Court should dismiss WSOU's claim ███████████████████████████████.

## II.   FACTUAL BACKGROUND

### A.   The Assignment History of the '144 Patent

On December 21, 2001, the '144 patent's named inventors assigned to Alcatel-Lucent USA Inc. the "entire right, title and interest in" the patent application that ultimately issued as the '144 patent. Ex. A (USPTO Reel 029049 Frame 0622), at 2-3. The assignment was recorded with the USPTO on September 28, 2012. *Id.* at 1. Alcatel-Lucent USA Inc. then assigned the '144 patent to Alcatel Lucent. Ex. B (USPTO Reel 031420 Frame 0703). On January 18, 2018, WSOU recorded, at the Patent Office, an assignment of assignor's interest from Alcatel Lucent to WSOU purporting to relate to the '144 patent. Ex. C (USPTO Reel 045085 Frame 0001). The title of the assignment document is "SCHEDULE G1: ASSIGNMENT OF PATENT RIGHTS BY ALCATEL LUCENT." *Id.* at 9.

### B.   ███████████████████████████████████



3



*See infra* Section IV.

### III. WSOU BEARS THE BURDEN TO PROVE STANDING

"Standing to sue is a threshold requirement in every federal action." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005). As the plaintiff, WSOU bears "the burden to show necessary ownership rights to support standing to sue." *Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012). To meet its burden, WSOU "must demonstrate that it held enforceable title to the patent at the inception of the lawsuit" or else its infringement

4

claims must be dismissed for lack of jurisdiction. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010).[3] These standards apply to "each claim [a plaintiff] seeks to press," including for past infringement. *Wacoh Co. v. Chrysler LLC*, No. 08-cv-456-slc, 2009 WL 36666, at *9 (W.D. Wis. Dec. 1, 2008).

The plaintiff must also satisfy the requirements of both Article III of the U.S. Constitution (constitutional standing) and 35 U.S.C. § 281 (statutory standing). *See, e.g.*, *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234–36 (Fed. Cir. 2019). Constitutional standing determines whether a plaintiff "may invoke the judicial power" at all, while statutory standing "establish[es] when a party may obtain relief under the patent laws." *Id.* at 1235. To meet the "injury in fact" requirement for constitutional standing, the plaintiff must possess exclusionary rights in the patent. *Id.* at 1234 (citing *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010)). "Exclusionary rights" are "the ability to exclude others from practicing an invention or 'to forgive activities that would normally be prohibited under the patent statutes.'" *Id.* (quoting *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1342 (Fed. Cir. 2007)). A plaintiff lacking exclusionary rights cannot have constitutional standing because no injury in fact can occur. *Morrow*, 499 F.3d at 1340–41.

Further, "the general rule is that one seeking to recover money damages for infringement

---

[3] Where, as here, the standing challenge is "factual" rather than "facial," the Court "does not assume the correctness of the factual allegations in the complaint. Rather, in the case of a factual challenge to jurisdiction, the question is whether the facts actually establish that the court has jurisdiction over the matter. In that setting, the burden is on the plaintiff to show jurisdiction, and parties may offer factual evidence bearing on that question." *Script Sec. Sol., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 6433776, at *2 (E.D. Tex. Oct. 31, 2016) (citing 5B Wright & Miller, *Federal Practice & Procedure* § 1350, at 154–80 (3d ed. 2004)). In a factual 12(b)(1) challenge, it is appropriate to consider documentary evidence produced in the litigation, such as the agreements referenced herein. *Script Sec.*, 2016 WL 6433776, at *2.

5

of a United States patent (an action 'at law') must have held the legal title to the patent during the time of the infringement." *Arachnid, Inc. v. Merit Indus.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991). The mere reference in an assignment to all right, title, and interest in the patent does not transfer the right to sue for past infringement. *Moore v. Marsh*, 74 U.S. 515, 522 (1868). "A party may sue for past infringement transpiring before it acquired legal title to a patent if a written assignment *expressly grants* the party a right to do so." *Abraxis*, 625 F.3d at 1367 (emphasis added). Standing to sue for past infringement cannot be cured. *See Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998) (explaining that a *nunc pro tunc* assignment cannot cure a standing defect existing at the time the suit was filed).

The right to sue for damages predating patent assignment is an exclusionary right because it provides the plaintiff with the right to exclude others from practicing the invention during that period (which is the legally protected interest that is harmed by an alleged infringement). *Lone Star*, 925 F.3d at 1234; *WiAV Sol.*, 631 F.3d at 1264–65. Whether the plaintiff holds the right to sue for alleged infringement during that pre-assignment period is therefore a constitutional standing issue. *Lone Star*, 925 F.3d at 1234–35. A challenge to a plaintiff's constitutional standing is properly raised under FRCP 12(b)(1). *Uniloc 2017 LLC v. Google LLC*, 508 F. Supp. 3d 556, 564 (N.D. Cal. 2020); *see also Uniloc USA, Inc. v. Apple, Inc.*, 2020 WL 7122617 (N.D. Cal. Dec. 4, 2020) (dismissing case for lack of standing).[4] The plaintiff's lack of constitutional standing can be raised at any time by a defendant, or *sua sponte* by the Court. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994); *Barlow & Haun, Inc. v. United States*, 805 F.3d 1049, 1060 n.5 (Fed. Cir. 2015).

---

4 ██████████████████████████████████████████

## IV. WSOU LACKS STANDING TO SUE FOR PRE-ASSIGNMENT DAMAGES

WSOU never obtained the right to sue for *past* damages relating to the '144 patent. ████████████████████████████████████████████████████████████████ ████████████████████████████

A. ████████████████████████████████████████████

WSOU claims it "is the owner of all rights, title, and interest in and to the '144 patent, including the right to assert all causes of action arising under the '144 Patent and ***the right to any remedies for the infringement*** of the '144 Patent." Dkt. 33 ¶ 12 (emphasis added). But WSOU lacks standing to sue for past infringement of the '144 patent ████████████████ ████████████████████████████████████████████████████████████████ ████████████ *See* Ex. C, at 9. ████████████████████████████████████ ████████████████████████████████████████████████████ *Moore*, 74 U.S. at 522; *Arachnid*, 939 F.2d at 1579 & n.7; *see also Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) ("As the Supreme Court stated, it is a 'great mistake' to 'suppose' that the assignment of the patent carries with it the right to sue for past infringement."); *S.O.T.A.T., Inc. v. Frank's Int'l, Inc.*, No. 2:06 CV 523, 2008 WL 4093599, at *3 (E.D. Tex. Aug. 28, 2008) ("It is settled law that a transfer of a right of action for past infringement must be express, and cannot be inferred from an assignment of the patent itself.") (internal citation omitted).

████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ Accordingly, the Court should dismiss WSOU's claims for infringement before this date.

**B.** ███████████████████████████

    **1.** ███████████████████████

To the extent WSOU argues that ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

When a contract's language is prospective and states that rights "*shall be* the property of the client" and/or that "all rights thereto *will be* assigned," the contract is not a present assignment but an agreement or promise to assign in the future. *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 253 (Fed. Cir. 2000)(emphases added) (citing *Arachnid*, 939 F.2d at 1574, 1576–81). Such a contract does not operate as an immediate assignment of legal title. *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841–42 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011). "To determine whether a contractual provision is a present assignment of future rights or a promise to assign rights in the future, the language of the contract is dispositive." *Gellman v. Telular Corp.*, 2010 WL 5173213, at *4 (E.D. Tex. Dec. 14, 2010); *see also DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) ("[W]e have held that whether an assignment of patent rights in an agreement such as the one in

---

████████████████████████████████████████████
████████████████████████████████████████████

this case is automatic, requiring no further act on the part of the assignee, or merely a promise to assign depends on the contractual language.").



*Stanford*, 583 F.3d at 841–42; see *Gellman v. Telular Corp.*, 2010 WL 5173213, at *3 (E.D. Tex. Dec. 14, 2010), *aff'd*, 449 F. App'x 941 (Fed. Cir. 2011) ("Because Plaintiff has not produced a written assignment of the patent in suit and her alternative theories create an obligation to assign the patent rather than an actual assignment, Plaintiff has failed to demonstrate complete legal title to the patent-in-suit."). [6] In contrast, Schedule G1 contains the necessary present assignment language to make the transfer of rights in the '144 patent and other patents immediately effective: "Assignor *hereby assigns, transfers, and conveys* unto Assignee." Ex. C, at 9 (emphasis

---

[6] State law generally governs who owns patent rights and on what terms. *Stanford*, 583 F.3d at 841. However, whether contractual language effects a present assignment of patent rights, or an agreement to assign rights in the future, is a question of Federal Circuit law. *Id.*

9

added). ███████████████████████████████████

███████████████████████████

███████████████████████████████████

███████████████████████████ WSOU would be wrong. Isolating words "flies in the face of the basic principle of New York contract interpretation that the Court must read the [contract] as a whole, and not myopically scrutinize individual words and provisions in isolation." *Green Tech. Lighting Corp. v. Liberty Surplus Ins. Corp.*, No. 1:18-CV-01799 (PAC), 2020 WL 2036705, at *5 (S.D.N.Y. Apr. 28, 2020). ███████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████

2.   ███████████████████████████████
     ██████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

▇▇▇▇▇▇▇▇▇▇ *Id*.

### 3. The USPTO Assignment Records Confirm ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Finally, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. C (USPTO Reel 045085 Frame 0001). It would make no sense to have a specific assignment execution document be filed with the USPTO if a different, privately held document were to override it and impose different terms on the transfer. To do so would impair the public notice function of the USPTO assignment registration database, cause confusion over ownership of rights, and be prejudicial to any subsequent defendant who might be subjected to a claim for past damages from either or both transacting parties. *See* MPEP, § 301, Part V(A) (June 2020).

In contract law, a more specific provision controls over a more general one. *See, e.g., Bowmer v. Bowmer*, 50 N.Y.2d 288, 294 (N.Y. 1980) ("[T]he specific provisions [of a contract] tend to restrict the general."); *Muzak Corp. v. Hotel Taft Corp.*, 1 N.Y.2d 42, 46–47 (N.Y. 1956) ("Even if there was an inconsistency between a specific provision and a general provision of a contract . . . the specific provision controls."); *see also* Restatement (Second) of Contracts § 203(c) (Am. L. Inst. 1981) ("[S]pecific terms and exact terms are given greater weight than general language."). Thus, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

\* \* \*

## V. CONCLUSION

WSOU never received the right to assert claims for infringement of the '144 patent ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ WSOU has no legal right to seek relief from this Court to bring any claim involving the time period prior to such date.

11

|  |  |
|---|---|
| Dated:  June 7, 2022 | By: */s/ Barry K. Shelton*<br>Barry K. Shelton<br>Texas State Bar No. 24055029<br>bshelton@winston.com<br>**WINSTON & STRAWN LLP**<br>2121 North Pearl Street, Suite 900<br>Dallas, TX  75201<br>Telephone:  214-453-6407<br>Facsimile:  214-453-6400<br><br>Benjamin Hershkowitz<br>bhershkowitz@gibsondunn.com<br>Brian A. Rosenthal<br>brosenthal@gibsondunn.com<br>Allen Kathir<br>akathir@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue<br>New York, NY  10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Y. Ernest Hsin<br>ehsin@gibsondunn.com<br>Jaysen S. Chung<br>jschung@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>555 Mission Street, Suite 3000<br>San Francisco, CA  94105-0921<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br>Ryan K. Iwahashi<br>riwahashi@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1881 Page Mill Road<br>Palo Alto, CA  94304-1211<br>Telephone:  650.849.5300<br>Facsimile:  650.849.5333<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 7, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a).

*/s/ Barry K. Shelton*
Barry K. Shelton
