**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | **Case No.: 6:20-cv-00473-ADA** |
| *Plaintiff,* | |
| **v.** | **JURY TRIAL DEMANDED** |
| **DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,** |  |
| *Defendants.* | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION UNDER**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................................. 3

      A.   Brazos Is The Rightful Owner Of The '144, '435, '800, '133, '360 And
            '489 Patents.............................................................................................. 3

      B.   ███████████████████████████████████████ 3

      C.   ███████████████████████████████████████ 6

      D.   ███████████████████████████████████████ 9

      E.   Dell Waited Two Years Before (1) Claiming Lack Of Subject Matter
            Jurisdiction Due To Brazos's Purported Lack Of Right To Sue For Past
            Damages And (2) Moving To Dismiss The Patent Infringement Claims for
            Past Damages .................................................................................... 10

III.    ARGUMENT ....................................................................................................... 10

      A.   The Court Has Subject Matter Jurisdiction Because The Cases Against
            Dell Were Filed Under The Patent Act And Brazos's Right To Sue For
            Past Damages Does Not Implicate Subject Matter Jurisdiction ..................... 10

      B.   Dell's 12(b)(1) Motion Seeking To Dismiss Brazos's Past Damages
            Claims For Lack Of Subject Matter Jurisdiction Is Procedurally Defective ....... 13

      C.   ███████████████████████████████████████ 14

IV.     CONCLUSION.................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beal Sav. Bank v. Sommer*,
   8 N.Y.3d 318 (1st Dep't 2007) ...............................................................................15

*C.R. Daniels, Inc. v. Naztec Int'l Grp., LLC*,
   2012 WL 1268623 (D. Md. Apr. 13, 2012) ...........................................................16

*Cara Assocs., L.L.C. v. Milstein*,
   140 A.D.3d 657 (1st Dep't 2016) ...........................................................................15

*Corhill Corp. v S.D. Plants, Inc.*,
   9 N.Y.2d 595 (1961) ...............................................................................................15

*DDB Techs., LLC v. MLB Advanced Media, LP*,
   517 F.3d 1284 (Fed. Cir. 2008).............................................................................16

*Domain Protection, LLC v. Sea Wasp, LLC*,
   23 F.4th 529 (5th Cir. 2022) .................................................................................11

*Fed. Ins. Co. v. Ams. Ins. Co.*,
   258 A.D.2d 39 (1st Dep't 1999) .............................................................................18

*Filmtec Corp. v. Allied-Signal Inc.*,
   939 F.2d 1568 (Fed. Cir. 1991)..............................................................................17

*Greenfield v. Philles Recs., Inc.*,
   98 N.Y.2d 562 (N.Y. 2002) ...............................................................................14, 15

*Kenyon & Kenyon LLP v. Sightsound Techs., LLC*,
   No. 650795/2014, 2021 WL 1856980 (Sup. Ct. N.Y. Cty. May 10, 2021)..............18

*Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of N.Y.*,
   727 N.E.2d 563 (N.Y. 2000)...................................................................................15

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014)..................................................................................11, 12, 17

*Lipper Holdings, LLC v. Trident Holdings, LLC*,
   1 A.D.3d 170 (1st Dep't 2003) ...............................................................................15

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019)...................................................................1, 11, 12

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007)............................................................10

*Muzak Corp. v. Hotel Taft Corp.*,
    1 N.Y.2d 42 (N.Y. 1956) ...................................................................16

*N. Telecom Ltd. v. Samsung Elecs. Co., Ltd.*,
    215 F.3d 1281 (Fed. Cir. 2000)............................................................13

*Nova Cas. v. Harleysville Worchester Ins. Co.*,
    146 A.D.3d 428 (1st Dep't 2017) .......................................................15

*Parallax Grp. Int'l, LLC v. Incstores.com, LLC*,
    No. 8:16-cv-00929, 2017 WL 3017059 (C.D. Cal. Jan. 25, 2017).........17

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
    959 F.3d 1065 (Fed. Cir. 2020)......................................................11, 12

*Slingshot Printing LLC v. HP Inc.*,
    No. 1:20-CV-00184-ADA, 2020 WL 6120177 (W.D. Tex. July 7, 2020) ..............17

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000)............................................................17

*Univ. of S. Fla. Research Found., Inc. v. Fujifilm Med. Sys.*,
    19 F.4th 1315 (Fed. Cir. 2021) ...........................................................11

*Virnetx, Inc. v. Cisco Sys., Inc.*,
    No. 6:10-CV-417, 2012 WL 12897214 (E.D. Tex. Mar. 22, 2012) .........17

*W.W.W. Assoc. v Giancontieri*,
    77 N.Y.2d 157 (1990) ........................................................................15

*Matter of Westmoreland Coal Co. v Entech, Inc.*,
    100 N.Y.2d 352 (2003) ......................................................................15

**Statutes**

35 U.S.C. § 281...............................................................................11, 12, 17

**Rules**

Fed. R. Civ. P. 12(b)(1)........................................................................1, 10

Fed. R. Civ. P. 12(b)(6)...........................................................................13

Fed. R. Civ. P. 12(d) ...............................................................................13

Fed. R. Civ. P. 56 ...................................................................................13

Fed. R. Civ. P. 56(c) ...................................................................................................................13

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos") files this opposition to Defendants Dell Technologies Inc., Dell Inc., and EMC Corporation's (together, "Dell") motion to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1) ("Motion" or "Mot.").

## I.      INTRODUCTION

Dell's motion to dismiss this case for lack of subject matter jurisdiction based on the argument that Brazos is not entitled to pre-assignment damages for the '144 Patent is both meritless and procedurally defective.

First, there is no question that the Court has subject matter jurisdiction over this action. Dell does not deny that this is a case or controversy under the Patent Act, so the relevant inquiry ends here.  Moreover, Dell tacitly admits Brazos was assigned the '144 Patent.   And the Federal Circuit already rejected Dell's argument that an assignee does not have Article III standing due to its purported lack of past damages rights, explicitly holding that whether the assignee "possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235-36 (Fed. Cir. 2019).  As such, the Motion is meritless.

Second, because Dell's argument that Brazos was not assigned the right to past damages does not implicate subject matter jurisdiction, Dell's 12(b)(1) motion to dismiss the case for lack of subject matter jurisdiction is procedurally defective and should be denied for this reason alone.

Third, even if the Court is inclined to overlook this procedural defect and treat the Motion as one under 12(b)(6), Dell still loses because there is no question that Brazos was assigned the right to past damages. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



Accordingly, the Motion should be denied.

[1] "Ex. __" refers to the Exhibits to the Declaration of Jonathan K. Waldrop filed concurrently herewith.

## II.     FACTUAL BACKGROUND

### A.     Brazos Is The Rightful Owner Of The '144, '435, '800, '133, '360 And '489 Patents

Brazos is the owner of all rights, title and interest in the following U.S. patents asserted in six individual actions:  U.S. Patent Nos. (i) 9,137,144 ("the '144 Patent") in Case No.: 6:20-cv-00473-ADA; (ii) 7,565,435 ("the '435 Patent") in Case No.: 6:20-cv-00476-ADA; (iii) 9,164,800 ("the '800 Patent") in Case No.: 6:20-cv-00481-ADA; (iv) 7,539,133 ("the '133 Patent") in Case No.: 6:20-cv-00480-ADA; (v) 7,092,360 ("the '360 Patent") in Case No.: 6:20-cv-00486-ADA; and (vi) 8,913,489 ("the '489 Patent") in Case No.: 6:20-cv-00477-ADA.

On June 2, 2020, Brazos filed the aforementioned cases for patent infringement against Dell.  For more than two years Dell actively litigated these cases and never challenged Brazos's standing despite the fact that the USPTO assignment records (on which Dell now relies to claim purported defective assignments) have been publicly available long before the commencement of these cases.

### B.



---

[2]



**C.**

████████████████████████████████████████████

███████████████████

███████████████████████████████████████

███████████████████████████████████ ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████



████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---



**D.**

E.   **Dell Waited Two Years Before (1) Claiming Lack Of Subject Matter Jurisdiction Due To Brazos's Purported Lack Of Right To Sue For Past Damages And (2) Moving To Dismiss The Patent Infringement Claims for Past Damages**

On June 2, 2020, Brazos filed six separate actions against Dell for infringing the '144, '435, '800, '133, '360, and '489 Patents, respectively.  *See, e.g*., Dkt. 1.

On October 5, 2020, Dell filed motions to dismiss for failure to state a claim for induced and contributory infringement in the six actions but did not attack the Court's subject matter jurisdiction or argue that Brazos could not recover past damages.

On June 8, 2022, Dell filed Rule 12(b)(1) motions for lack of subject matter jurisdiction (likely to avoid this Court's dispositive motion page limitations) in the six actions, arguing for the first time since the case commencement two years ago that Brazos was not assigned the right to past damages and moving to dismiss Brazos's patent infringement claims for past damages.

III.   **ARGUMENT**

A.   **The Court Has Subject Matter Jurisdiction Because The Cases Against Dell Were Filed Under The Patent Act And Brazos's Right To Sue For Past Damages Does Not Implicate Subject Matter Jurisdiction**

There is no question that the Court has subject matter jurisdiction over this and the other five actions.

Dell argues that Brazos lacks exclusionary rights and thus cannot have constitutional standing because no injury in fact can occur.  Mot. at 5 (citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340-41 (Fed. Cir. 2007)).

Dell is wrong.  Exclusionary rights are not a prerequisite for Article III standing.  Indeed, the binding law[4] is clear that a patent plaintiff has Article III standing as long as he alleges facts

---

[4]  The Federal Circuit applies regional circuit law when reviewing a dismissal of a complaint for lack of standing unless the issue is unique to patent law and therefore exclusively assigned to the

for case or controversy under the Patent Act, and the question of what rights were assigned to the patentee does not implicate Article III standing. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020) (exclusionary rights in a patent are not necessary for Article III standing); *see also Domain Protection, LLC v. Sea Wasp, LLC*, 23 F.4th 529, 535-36 (5th Cir. 2022) (whether the assignment of a right to domain names was valid did not implicate Article III standing).

Dell itself emphasizes the fundamental difference between Article III constitutional standing and 35 U.S.C. § 281 statutory standing. Mot. at 5. Ironically, this very difference is the reason why Dell loses here.

In fact, the U.S. Supreme Court was the first one to analyze this issue and conclude that "statutory standing" defects do not implicate Article III or subject-matter jurisdiction:

> We have on occasion referred to this inquiry as "statutory standing" and treated it as effectively jurisdictional. That label is an improvement over the language of "prudential standing," since it correctly places the focus on the statute. But it, too, is misleading, since "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case.'"

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (internal citation omitted).

The Federal Circuit followed *Lexmark* and similarly held that whether the assignee "possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235-36 (Fed. Cir. 2019).

---

Federal Circuit. *See Univ. of S. Fla. Research Found., Inc. v. Fujifilm Med. Sys.*, 19 F.4th 1315, 1323-24 (Fed. Cir. 2021).

11

Specifically, in *Lone Star*, the original assignee of the patents executed an agreement transferring "all right, title and interest" in the patents to the plaintiff, but also imposed certain assignment limits.  *See Lone Star*, 925 F.3d at 1227-28.  The defendant argued that plaintiff lacked Article III jurisdictional standing because it did not possess "all substantial rights" in the patents, and thus was not a "patentee" entitled to sue for infringement under 35 U.S.C. § 281.  *Id.* at 1234.  The Federal Circuit disagreed, holding that the so-called "statutory standing" defects do not implicate a court's subject-matter jurisdiction:

> Where intervening Supreme Court precedent makes clear that our earlier decisions mischaracterized the effects of § 281, we are bound to follow that precedent rather than our own prior panel decisions. . . . We therefore firmly bring ourselves into accord with *Lexmark* and our sister circuits by concluding that whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction.

*Id.* at 1235-36.

As noted above, the Federal Circuit later clarified by explicitly holding that exclusionary rights in a patent are not necessary for Article III standing.  *See Schwendimann*, 959 F.3d at 1071 ("[W]e made clear that whether one qualifies as a patentee under 35 U.S.C. § 281 is a statutory prerequisite to the right to relief in a patent infringement action, but does not implicate the district court's subject matter jurisdiction …. As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter.").

Here, just like in *Schwendimann*, there is no Article III standing issue because Brazos has alleged that: (i) Brazos is the owner of the asserted patent; (ii) Dell has infringed the asserted patent; (iii) Brazos suffered economic injury caused by Dell; and (iv) Brazos is entitled to recover damages.  *See* Dkt. 1.  As such, Dell's argument that Brazos cannot sue for patent infringement

under the Patent Act because Brazos was not assigned the right to past damages is meritless and contrary to established precedent, and must be rejected.

**B.      Dell's 12(b)(1) Motion Seeking To Dismiss Brazos's Past Damages Claims For Lack Of Subject Matter Jurisdiction Is Procedurally Defective**

Because Dell's argument that Brazos was not assigned the right to past damages does not implicate subject matter jurisdiction, Dell's 12(b)(1) motion to dismiss the case for lack of subject matter jurisdiction is procedurally improper and must be denied on this basis alone.  At best, Dell *could* have filed a 12(b)(6) motion to dismiss since Dell is asking the Court to dismiss Brazos's infringement claims for past damages.  However, there is no reason for the Court to treat *sua sponte* Dell's motion as a 12(b)(6) because even a 12(b)(6) motion would fail for all the reasons outlined *infra*, Section III.C.

Furthermore, the assignment and patent ownership issues that Dell raises implicate the merits of the case, and not jurisdiction.  As such, Dell's motion is understood as one for summary judgement.  But the summary judgement standard requires Dell to show no issue of material fact, which Dell has failed to do here given Dell's assertion of purported contract ambiguity.  *See N. Telecom Ltd. v. Samsung Elecs. Co., Ltd.*, 215 F.3d 1281, 1286 (Fed. Cir. 2000) (citing Fed. R. Civ. P. 56(c)).

Further, because Dell relies on external evidence and facts beyond which the Court may take judicial notice, the Motion cannot simply be converted to a Rule 12(b)(6) motion to dismiss.  Nor does Rule 12(d)[5] provide means for converting Dell's motion into one for summary judgment.

---

[5] FRCP 12(d) authorizes the Court to convert only a "motion under Rule 12(b)(6) or 12(c)" into a Rule 56 motion for summary judgment.  As such, a 12(b) motion is not the proper vehicle for the adjudication of this issue.  But it is a way around the Court's dispositive motion briefing limits. *See* OGP 4.1 at 9.

Accordingly, Dell's Motion should be denied as procedurally defective.

**C.**



The binding New York law[6] makes it abundantly clear that contracts and their schedules/exhibits ███████████████████████████████ should be read together as one document for the purposes of contract interpretation. *See Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 572 (N.Y. 2002) (A contract should be "read as a whole to determine its purpose and

---

[6] ████████████████████████████████████████████

intent.") (quoting *W.W.W. Assoc. v Giancontieri*, 77 N.Y.2d 157, 162 (1990)); *Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of N.Y.*, 727 N.E.2d 563, 566 (N.Y. 2000) (Courts should interpret an agreement "as a whole" and read the document "in its entirety" instead of focusing exclusively on the provision in question.); *Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324-25 (1st Dep't 2007) (A contract should be "read as a whole, and every part will be interpreted with reference to the whole [].") (quoting *Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 N.Y.2d 352, 358 (2003)).

█████████████████████████████████████████████████████████████ ██

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████  *See Lipper Holdings, LLC v. Trident Holdings, LLC*, 1 A.D.3d 170, 171 (1st Dep't 2003) ("A contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties.") (internal citations omitted); *Nova Cas. v. Harleysville Worchester Ins. Co.*, 146 A.D.3d 428, 428 (1st Dep't 2017) ("We reject this interpretation, because it renders a portion of the contract meaningless and fails to read all contractual clauses together contextually."); *Cara Assocs., L.L.C. v. Milstein*, 140 A.D.3d 657, 658 (1st Dep't 2016) (A cardinal rule of construction is that "a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect.") (quoting *Corhill Corp. v S.D. Plants, Inc.*, 9 N.Y.2d 595, 599 (1961)).

---

[7] ███████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

And Dell admits (Mot. at 11) that it is a seminal contract interpretation principle that a more specific provision ███████████████████████████████ controls over a more general one █████████████████████████████████████ *See Muzak Corp. v. Hotel Taft Corp.*, 1 N.Y.2d 42, 46-47 (N.Y. 1956) ("Even if there was an inconsistency between a specific provision and a general provision of a contract [] the specific provision controls.").

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████   First, the Federal Circuit already rejected this very argument, holding that an executed assignment pursuant to the express language of an agreement does not affect the conclusion that the agreement itself assigned the referenced rights.  *See DDB Techs., LLC v. MLB Advanced Media, LP*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) (rejecting the argument that an assignment was the operative document and reasoning that nothing in the assignment conflicted with the assignment provision in the agreement).  *See also C.R. Daniels, Inc. v. Naztec Int'l Grp., LLC*, 2012 WL 1268623, at *15 (D. Md. Apr. 13, 2012) (*DDB Technologies* "ma[kes] clear that the fact of a later execution or recordation of 'assignment' does not govern whether, based on a prior document, there was an earlier transfer of legal title."). ██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████

████████████████████████████████████████████

██████████████████████████████████████████████ *See*

*DDB Techs., LLC v. MLB Advanced Media, LP*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) (contract

that "agrees to and does hereby grant and assign" was an express assignment rather than a promise to assign in the future); *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000) (contract providing that "[employee] hereby conveys, transfers and assigns to [employer]" was an express assignment rather than a promise to assign in the future); *Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1573 (Fed. Cir. 1991) (contract providing that the inventor "agrees to grant and does hereby grant" all rights in future inventions was an express assignment rather than a promise to assign in the future).



---

[8] Dell argues that the Motion should be granted because Brazos did not have standing to sue at the time Brazos filed the 2020 complaint. Mot. at 4-5. Dell is wrong. First, as shown above, Brazos did have both Article III constitutional standing and 35 U.S.C. § 281 statutory standing at the time the complaint was filed. As such, Dell's cases decided before *Lexmark* and stating that constitutional standing cannot be cured retroactively (Mot. at 1-2, 6) are inapplicable. █████████████
████████████████████████████████████████████████████ *See, e.g., Slingshot Printing LLC v. HP Inc.*, No. 1:20-CV-00184-ADA, 2020 WL 6120177, at *2 (W.D. Tex. July 7, 2020) (a party "may cure prudential standing defects after it files suit") (quoting *Virnetx, Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2012 WL 12897214, at *2 (E.D. Tex. Mar. 22, 2012)); *Parallax Grp. Int'l, LLC v. Incstores.com, LLC*, No. 8:16-cv-00929, 2017 WL 3017059, at *3 (C.D. Cal. Jan. 25, 2017) (plaintiff was not assigned the right to sue for past damages but subsequently obtained that right, thereby curing retroactively the prudential standing defect).

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

██████████████████████████████████

████████████████████████████████ *See Kenyon & Kenyon LLP v.*

*Sightsound Techs., LLC*, No. 650795/2014, 2021 WL 1856980, at *10 (Sup. Ct. N.Y. Cty. May

10, 2021) (Where extrinsic evidence is introduced to aid in construction, "sworn affidavits by both

original parties to a contract ████████████████ and those parties' conduct after

the contract was  formed ██████████████████████████

██████████████████████████ are significant evidence of the parties'

intent.") (quoting N.Y. Pattern Jury Instr.—Civil 4:1, Contracts—Elements); *see also Fed. Ins.*

*Co. v. Ams. Ins. Co.*, 258 A.D.2d 39, 44-45 (1st Dep't 1999) ("[T]here could be no more

compelling evidence of intent than the sworn testimony and affidavits of both parties to the

contract."). ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

Finally, Dell admits that Schedule G1 has been available on the USPTO's public website since January 18, 2018 (more than two years before this action was filed on June 2, 2020). Mot. at 2. Because Dell has no legitimate excuse for its blatant failure to file a timely 12(b)(6) motion to dismiss Brazos's past damages claim and because a 12(b)(6) motion would only potentially exclude past damages (and not dispose of the case which is Dell's goal here), Dell instead strategically filed this Motion under 12(b)(1), claiming that the Court does not have subject matter jurisdiction. But as demonstrated above, Dell's subject matter jurisdiction argument is unfounded and nonsensical. The Court should thus see through Dell's gamesmanship and deny the Motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Dell's meritless and procedurally defective Motion.

Dated: July 6, 2022

RESPECTFULLY SUBMITTED,

By:  */s/ Jonathan K. Waldrop*
      Jonathan K. Waldrop (CA Bar No. 297903)
      (Admitted in this District)
      jwaldrop@kasowitz.com
      Darcy L. Jones (CA Bar No. 309474)
      (Admitted in this District)
      djones@kasowitz.com
      Marcus A. Barber (CA Bar No. 307361)
      (Admitted in this District)
      mbarber@kasowitz.com
      Heather S. Kim (CA Bar No. 277686)
      (Admitted in this District)
      hkim@kasowitz.com
      John W. Downing (CA Bar No. 252850)
      (Admitted in this District)
      jdowning@kasowitz.com
      ThucMinh Nguyen (CA Bar No. 304382)
      (Admitted in this District)
      tnguyen@kasowitz.com
      **KASOWITZ BENSON TORRES LLP**
      333 Twin Dolphin Drive, Suite 200
      Redwood Shores, California 94065
      Telephone: (650) 453-5170
      Facsimile: (650) 453-5171

      Shelley Ivan (NY Bar No. 4338067)
      (Admitted in this District)
      sivan@kasowitz.com
      **KASOWITZ BENSON TORRES LLP**
      1633 Broadway
      New York, New York 10019
      Telephone: (212) 506-1700
      Facsimile: (212) 835-5235

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
**STECKLER WAYNE COCHRAN CHERRY PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

**Attorneys for Plaintiff**
**WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that the foregoing document was served on all counsel of record via the Court's

CM/ECF system on July 6, 2022.

_/s/ Jonathan K. Waldrop_

Jonathan K. Waldrop
