**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, <br><br> Defendants. | Case No. 6:20-cv-00473-ADA-DTG <br><br> **JURY TRIAL DEMANDED** <br><br> **FILED UNDER SEAL CONTAINS CONFIDENTIAL INFORMATION** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

Page

I.    WSOU LACKS STANDING TO SUE FOR PRE-ASSIGNMENT DAMAGES .............1

FILED UNDER SEAL

TABLE OF AUTHORITIES

Page(s)

### CASES

*Cofimco USA Inc. v. Mosiewicz*,
  2016 WL 1070854 (S.D.N.Y. Mar. 16, 2016) ................................................................4

*DDB Techs., LLC v. MLB Advanced Media, L.P.*,
  517 F.3d 1284 (Fed. Cir. 2008) ......................................................................................3

*Dutschmann v. City of Waco*,
  2022 WL 837500 (W.D. Tex. Feb. 23, 2022) .................................................................4

*EMA Electromechanics, Inc. v. Siemens Corp.*,
  2022 WL 2759094 (W.D. Tex. July 13, 2022) ..................................................... 1, 2, 4

*Hoeg Corp. v. Peebles Corp.*,
  60 N.Y.S.3d 259 (2017) ..................................................................................................4

*Hometown Fin., Inc. v. U.S.*,
  409 F.3d 1360 (Fed. Cir. 2005) ......................................................................................3

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
  925 F.3d 1225 (Fed. Cir. 2019) ......................................................................................2

*MBIA Ins. Corp. v. Credit Suisse Sec. (USA) LLC*,
  58 N.Y.S.3d 874 (N.Y. Sup. 2017) ................................................................................4

*McCall v. Dretke*,
  390 F.3d 358 (5th Cir. 2004) ..........................................................................................1

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
  959 F.3d 1065 (Fed. Cir. 2020) ......................................................................................2

*In re Spinnaker Indus., Inc.*,
  313 F. App'x 749 (6th Cir. 2008) ...................................................................................4

*W.C. Chapman, L.P. v. Cavazos*,
  2022 WL 1558502 (E.D. Tex. May 17, 2022) ...............................................................4

*WiAV Sols. LLC v. Motorola, Inc.*,
  631 F.3d 1257 (Fed. Cir. 2010) ......................................................................................2

### OTHER AUTHORITIES

MPEP, §301, Part V(A) (June 2020) .........................................................................................3

FILED UNDER SEAL

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '144 patent | U.S. Patent No. 9,137,144 |
| Br. | Defendants' Opposed Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1), Dkt. 194 |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| Opp. | Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1), Dkt. 203 |
| ■ | ■ |
| USPTO | United States Patent and Trademark Office |
| WSOU | WSOU Investments, LLC |

FILED UNDER SEAL

TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| A | USPTO Reel 029049 Frame 0622 |
| B | USPTO Reel 031420 Frame 0703 |
| C | USPTO Reel 045085 Frame 0001 |

███████████████████████████████████████

**FILED UNDER SEAL**

Defendants' motion demonstrated that WSOU lacks constitutional standing to assert the '144 patent because of the lack of any exclusionary rights before December 22, 2017. This deficiency deprives WSOU of constitutional standing, which was required to exist when the lawsuit was brought. As a consequence, this lawsuit must be dismissed.

WSOU incorrectly argues that Defendants' argument implicates only statutory standing, and thus is not properly raised under Rule 12(b)(1). WSOU is wrong—the question of whether *any* exclusionary rights exist is squarely an issue of constitutional standing.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆ And, contrary to WSOU's argument, lack of such right is a constitutional standing issue. This lawsuit should be dismissed.

**I.   WSOU LACKS STANDING TO SUE FOR PRE-ASSIGNMENT DAMAGES**

Contrary to WSOU's assertion (Opp. 10-13), whether WSOU had *any* exclusionary rights for the pertinent time period (pre-December 22, 2017) raises a question of constitutional standing. As constitutional standing "can be raised at any time," WSOU's "procedural defects" arguments regarding the instant motion are meritless. *EMA Electromechanics, Inc. v. Siemens Corp.*, 2022 WL 2759094, at *10 (W.D. Tex. July 13, 2022) (analyzing standing under Rule 12(b)(1)); *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004).[1]

Specifically, WSOU argues that "past damages" is a question of prudential or "statutory"

---

[1] Likewise, WSOU's argument that its standing defects can be retroactively cured, Opp. 17 n.8, also relies on the faulty premise that the lack of any exclusionary rights for the pertinent period is a statutory standing issue. As explained, however, the lack of any exclusionary rights for the pertinent time period is a constitutional standing problem, and thus, cannot be retroactively cured. *EMA*, 2022 WL 2759094, at *10.

1

standing. Opp. 10-12. Notably, WSOU cites not a single case holding that the question of whether *any* rights exist to past damages raises only a statutory standing question. Instead, WSOU misconstrues the Federal Circuit's standing cases and insists it must only allege that "(i) Brazos is the owner of the asserted patent; (ii) Dell has infringed the asserted patent; (iii) Brazos suffered economic injury caused by Dell; and (iv) Brazos is entitled to recover damages." Opp. 12. If mere allegation were sufficient, standing would never be an issue in any case.[2]

Rather, in *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, the Federal Circuit confirmed that whether a party possesses *any* exclusionary rights for the pertinent time period is a constitutional standing issue, while prudential standing examines the *substantiality* of those rights. 925 F.3d 1225, 1234-36 (Fed. Cir. 2019) (plaintiff had exclusionary rights and thus, constitutional standing—but, constraints on exercise of the rights during pertinent period meant it lacked "all substantial rights" and needed to join the assignor as co-plaintiff); Br. 5-6. WSOU's sole argument, that it had *some* "exclusionary rights" when it filed its complaint, overlooks that it had *no* rights before December 22, 2017. Without exclusionary rights *for that* period, WSOU cannot show injury during that period. *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263-67 (Fed. Cir. 2010) (constitutional standing "coterminous with" scope of exclusionary rights).[3]

█████████████████████

---

[2] WSOU asserts *Schwendimann* supports its argument that standing can be met via boilerplate allegations. But that case did not analyze whether a patentee's lack of rights for the pertinent period posed a constitutional standing problem; it analyzed what constitutes a written assignment. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020). Given that the Federal Circuit analyzed the written agreement, WSOU's assertion that simply alleging ownership is sufficient to confer standing is wrong.

[3] WSOU's cited cases, Opp. 17 n.8, are also inapposite. None involved the complete absence of any exclusionary rights for the past damages period. When there is a lack of *any* exclusionary rights for the pertinent time period, constitutional standing is implicated, and it cannot be cured by "agreement retroactively." *EMA*, 2022 WL 2759094, at *10.

**FILED UNDER SEAL**



WSOU has it backwards. In New York, a specific contractual provision controls over a more general one. Br. 11 (citing cases). The Federal Circuit also follows this canon of contract interpretation. *Hometown Fin., Inc. v. U.S.*, 409 F.3d 1360, 1369 (Fed. Cir. 2005).[4]

---

[5] WSOU asserts *DDB Techs., LLC v. MLB Advanced Media, L.P.* rejected the same argument made by Defendants here. Opp. 14. But that case did not reach ownership—it was remanded for further discovery. 517 F.3d 1284, 1294 (Fed. Cir. 2008) ("Because we hold that further jurisdictional discovery was warranted, we do not reach the issue of whether the district court correctly held on the previous record that the patents in suit fell within the scope of Barstow's employment agreement[.]").

██████████████████████████████████████

██████████████████████████████████████.[6] *In re Spinnaker Indus., Inc.*, 313 F. App'x 749, 754 (6th Cir. 2008) ("Our obligation under New York law is to discern the parties' 'purpose and intent' from the 'four corners of the document.'"); *Hoeg Corp. v. Peebles Corp.*, 60 N.Y.S.3d 259, 261 (2017) (determining "intent" from contract "without looking to extrinsic evidence to create ambiguities"). Thus, WSOU's arguments should be disregarded.[7] *MBIA Ins. Corp. v. Credit Suisse Sec. (USA) LLC*,

---

[6] ██████████████████████████████████ *EMA*, 2022 WL 2759094, at *6 (no weight to biased party's declaration); *Dutschmann v. City of Waco*, 2022 WL 837500, at *3 (W.D. Tex. Feb. 23, 2022) ("[L]egal conclusions" are "inappropriate for inclusion in a sworn declaration"); *W.C. Chapman, L.P. v. Cavazos*, 2022 WL 1558502, at *5 (E.D. Tex. May 17, 2022) (disregarding conclusions in declaration); *Cofimco USA Inc. v. Mosiewicz*, 2016 WL 1070854, at *4 (S.D.N.Y. Mar. 16, 2016) (giving little weight to "two self-serving declarations submitted by [Plaintiff]").

[7] WSOU's cited cases, Opp. 18-19, are distinguishable. ██████████████

**FILED UNDER SEAL**

58 N.Y.S.3d 874 (N.Y. Sup. 2017) ("[P]arty's own subjective understanding of a contract, even if it makes commercial sense, is irrelevant.").

Dated: July 18, 2022            By:   /s/ *Barry K. Shelton*
                                      Barry K. Shelton
                                      Texas State Bar No. 24055029
                                      bshelton@winston.com
                                      **WINSTON & STRAWN LLP**
                                      2121 North Pearl Street, Suite 900
                                      Dallas, TX  75201
                                      Telephone:  214-453-6407
                                      Facsimile:  214-453-6400

                                      Benjamin Hershkowitz
                                      bhershkowitz@gibsondunn.com
                                      Brian A. Rosenthal
                                      brosenthal@gibsondunn.com
                                      Allen Kathir
                                      akathir@gibsondunn.com
                                      **GIBSON, DUNN & CRUTCHER LLP**
                                      200 Park Avenue
                                      New York, NY  10166-0193
                                      Telephone:  212.351.4000
                                      Facsimile:  212.351.4035

                                      Y. Ernest Hsin
                                      ehsin@gibsondunn.com
                                      Jaysen S. Chung
                                      jschung@gibsondunn.com
                                      **GIBSON, DUNN & CRUTCHER LLP**
                                      555 Mission Street, Suite 3000
                                      San Francisco, CA  94105-0921
                                      Telephone:  415.393.8200
                                      Facsimile:  415.393.8306

                                      Ryan K. Iwahashi
                                      riwahashi@gibsondunn.com
                                      **GIBSON, DUNN & CRUTCHER LLP**
                                      1881 Page Mill Road
                                      Palo Alto, CA  94304-1211
                                      Telephone:  650.849.5300
                                      Facsimile:  650.849.5333

                                      *Attorneys for Defendants*

5

**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 18, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by e-mail.

<u>/s/ Barry K. Shelton</u><br>
Barry K. Shelton