**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | **Civil Action No.: 6:20-cv-00473-ADA**<br>**Civil Action No.: 6:20-cv-00476-ADA** |
| *Plaintiff,* | |
| **v.** | **JURY TRIAL DEMANDED** |
| **DELL TECHNOLOGIES INC., DELL INC., and EMC CORPORATION,** | **PUBLIC VERSION** |
| *Defendants.* | |

**PLAINTIFF WSOU INVESTMENT, LLC D/B/A BRAZOS LICENSING
AND DEVELOPMENT'S OPPOSITION TO DEFENDANTS' MOTION
TO STAY PENDING RESOLUTION OF DEFENDANTS'
<u>MOTIONS FOR INTRA-DISTRICT TRANSFER OF VENUE TO AUSTIN</u>**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................................ 1

II.  FACTUAL BACKGROUND ......................................................................................... 3

III. LEGAL STANDARD ..................................................................................................... 5

IV.  ARGUMENT .................................................................................................................. 7

    A.   The First Factor Weighs Against A Stay Because Brazos Would Be
        Unfairly Prejudiced By A Stay At This Late Stage Of The Cases ........................ 7

    B.   The Second Factor Weighs Against A Stay Because Defendants Would
        Not Suffer A Clear Hardship Or Inequity Should The Cases Proceed ................ 15

    C.   The Third Factor Weighs Against A Stay Because Judicial Economy
        Warrants Denying A Stay .................................................................................... 17

V.   CONCLUSION .............................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*,
 No. 6:14-CV-162-JDL, 2015 WL 179000 (E.D. Tex. Jan. 14, 2015) .....................................6

*Ariba, Inc. v. Emptoris, Inc.*,
 No. 9:07-cv-90, 2007 WL 3132606 (E.D. Tex. Oct. 23, 2007)..............................................10

*Aylus Networks, Inc. v. Apple, Inc.*,
 856 F.3d 1353 (Fed. Cir. 2017)..............................................................................................19

*Aylus Networks, Inc. v. Apple Inc.*,
 No. C-13-4700 EMC, 2014 WL 5809053 (N.D. Cal. Nov. 6, 2014).......................................6

*In re Bear Creek Tech., Inc.*,
 No. 11-CV-721 (GMS), 2013 WL 3789471 (D. Del. July 17, 2013) ....................................19

*Biax Corp. v. Fujitsu Comput. Sys. Corp.*,
 No. 2:06-cv-364 (TJW), 2007 WL 614187 (E.D. Tex. Feb. 26, 2007) .................................10

*Brazos v. OnePlus Technology (Shenzhen) Co., Ltd.*,
 Case No. 6:20-cv-00952-ADA, Dkt. 109 ................................................................................8

*Brit. Telecomms. PLC v. IAC/InterActive Corp.*,
 No. cv-18-366-WCB, 2020 WL 5517283 (D. Del. Sept. 11, 2020) ......................................13

*Chrimar Systems, Inc. v. Adtran, Inc.*,
 No. 6:15-CV-618-JRG-JDL, 2016 WL 4080802 (E.D. Tex. Aug. 1, 2016) ...................11, 14

*Clinicomp Int'l, Inc. v. Cerner Corp.*,
 No. 17-CV-2479-GPC(BLM), 2018 WL 5617694 (S.D. Cal. Oct. 30, 2018).......................18

*Comcast Cable Comms. Corp. v. Finisar Corp.*,
 No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007).....................................6

*In re Davis*,
 730 F.2d 176 (5th Cir. 1984) ............................................................................................7, 15

*ESN, LLC v. Cisco Sys., Inc.*,
 No. 5:08-cv-20, 2008 WL 6722763 (E.D. Tex. Nov. 20, 2008).............................................11

*Garmin Switzerland GmbH v. FLIR Sys., Inc.*,
 No. 3:17-CV-01147-SB, 2017 WL 6453346 (D. Or. Dec. 18, 2017).....................................19

*Guardian Technologies, LLC v. X10 Wireless Tech., Inc.*,
 No. 3:09–CV–0649–B, 2011 WL 308658 (N.D. Tex. Jan. 25, 2011) ....................................10

iii

*John Mezzalingua Assocs., Inc. v. PCT Int'l., Inc.*,
    No. SA–09–CV–00410–RF, 2011 WL 13175091 (W.D. Tex. Mar. 29, 2011)........................9

*Jumpsport, Inc. v. Acad., Ltd.*,
    6:17-cv-00414-RWS, 2018 WL 10124887 (E.D. Tex July 13, 2018)....................................15

*Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*,
    No. 6-20-cv-00200-ADA, 2021 WL 1298932 (W.D. Tex. Apr. 7, 2021)..........................5, 15

*KIPB LLC v. Samsung Electronics Co., Ltd.*,
    No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365 (E.D. Tex. Nov. 20, 2019)................11, 12

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
    No. 6:20-CV-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021)......................12, 13

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
    No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ......................15, 18

*Longhorn HD LLC v. Netscout Systems, Inc.*,
    No. 2:20-cv-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022)
    ....................................................................................................................10, 11, 17, 18

*MacroSolve, Inc. v. Antenna Software, Inc.*,
    No. 6:11-CV-00287-MHS-KNM, 2013 WL 7760889 (E.D. Tex. Aug. 30,
    2013) ................................................................................................................................14

*MicroUnity Sys. Eng'g, Inc. v. Dell, Inc.*,
    No. 2-04-CV-120 (TJW), 2005 WL 8162371 (E.D. Tex. Aug. 15, 2005) .............................14

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
    No. 6:18-CV-00207-ADA, 2019 WL 11706231 (W.D. Tex. May 30, 2019)
    (Albright, J.)....................................................................................................................12

*NFC Tech. LLC v. HTC America, Inc.*,
    No. 2:13–CV–1058–WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)..........................13

*Nidec Corp. v. LG Innotek Co., Ltd.*,
    No. 6:07cv108, 2009 WL 3673433 (E.D. Tex. Apr. 3, 2009) ...................................................9

*Orion IP, LLC v. Mercedes-Benz USA, LLC*,
    No. 6:05 CV 322, 2008 WL 5378040 (E.D. Tex. Dec. 22, 2008), *aff'd in part,*
    *vacated in part, rev'd in part sub nom. Orion IP, LLC v. Hyundai Motor Am.*,
    605 F.3d 967 (Fed. Cir. 2010)................................................................................................9

*Out Rage, LLC v. New Archery Prod. Corp.*,
    No. 11-CV-701-BBC, 2012 WL 12995533 (W.D. Wis. Apr. 9, 2012)...................................19

*Oyster Optics, LLC v. Ciena Corp.*,
    No 4:20-CV-02354-JSW, 2021 WL 4027370 (N.D. Cal. Apr. 22, 2021) ..............................19

*Parthenon Unified Memory Architecture LLC v. HTC Corp.*,
  No. 2:14-cv-00690-RSP, 2016 WL 3365855 (E.D. Tex. June 17, 2016)................................13

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
  No. 2:13CV213-JRG-RSP, 2015 WL 627887 (E.D. Tex. Jan. 29, 2015) .............................11

*Rensselaer Polytechnic Inst. v. Apple Inc.*,
  No. 1:13-cv-0633, 2014 WL 201965 (N.D.N.Y. Jan. 15, 2014) ...............................................7

*Roy-G-Biv Corp. v. Fanuc Ltd.*,
  No. 2:07–CV–418 (DF), 2009 WL 1080854 (E.D. Tex. Apr. 14, 2009)..........................17, 18

*Softview, LLC v. Apple, Inc.*,
  No. 10–389–LPS, 2012 WL 3061027 (D. Del. July 26, 2012)...............................................10

*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005)...........................................................................14, 17

*Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*,
  No. 14-cv-502, 2014 WL 4271633 (D.N.J. Aug. 28, 2014) .....................................................6

*TC Tech. LLC v. T-Mobile USA, Inc.*,
  No. 6:20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) .......................18, 19

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
  No. 12–646–RGA/MPT, 2013 WL 5701529 (D. Del. Oct. 21, 2013)....................................13

*Uniloc USA, Inc. v. Corbis Corp.*,
  No. 6:13-cv-942-RWS-KNM, 2015 WL 11199063 (E.D. Tex. July 6, 2015) .......................13

*Videoshare, LLC v. Meta Platforms Inc.*,
  No. 6-21-CV-00254-ADA, 2022 WL 3142622 (W.D. Tex. Aug. 5, 2022) .......................6, 10

*VirnetX Inc. v. Apple Inc.*,
  No. 6:12-CV-00855-RWS, 2018 WL 398433 (E.D. Tex. Jan. 12, 2018)..................................7

*YETI Coolers, LLC v. Home Depot U.S.A., Inc.*,
  No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) .......................................6

**Statutes**

35 U.S.C. § 101 ..........................................................................................................................16

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") files this opposition to Defendants Dell Technologies Inc., Dell Inc. and EMC Corporation's (collectively, "Dell" or "Defendants") Opposed Motion to Stay Pending Resolution of Defendants' Motions for Intra-District Transfer of Venue to Austin (the "Motion" or "Mot.").

## I.      INTRODUCTION

Defendants' motion to stay is simply an attempt to delay Brazos's recovery. There is no basis on which to grant Defendants' motion as none of the parade of horribles Defendants forecast if a stay is not granted will come to fruition, and staying the action would unnecessarily and unduly prejudice Brazos.

First, Brazos will be substantially prejudiced by an unnecessary stay pending a decision on Defendants' transfer motion (which, as Brazos showed, Dkt. 51, should be denied) or, more significantly, pending a determination on the request for Ex Parte Reexamination ("EPR") Defendants filed. Brazos has expended significant time and resources pursuing this action to prevent Defendants from continuing to infringe Brazos's patents and obtain damages for the violations that have been going on for too long. Fact discovery is closed and claim construction and Markman Hearings were completed in May 2021. As shown below, delays in the pretrial and trial schedule in these cases have been necessitated primarily by Defendants' inexcusable delays in providing Brazos with access to source code and other critical discovery. Defendants cannot use those delays to justify a stay that will delay Brazos's relief indefinitely.

Defendants moreover sat on their hands with regard to reexamination and only filed their requests for the EPRs on December 21, 2021 and June 3, 2022, respectively. As the average EPR takes approximately two years to complete (not including appeals), contrary to Defendants' contention, they are not seeking a "short" stay, but rather are seeking an extended stay to delay

Brazos's relief and avoid their liability.  Delaying trial while Defendants continue to infringe Brazos's patents and the EPR proceedings crawl along would be prejudicial to Brazos.

In contrast, contrary to Defendants' arguments, they will not be prejudiced if a stay is denied because their requested intra-district transfer to Austin, even if granted (and it should not be) will not substantively change anything Defendants have to do to prepare for trial.  Defendants will prepare the same summary judgment motions and present the same expert witnesses – and their jury instructions and *voir dire* will likely be identical or virtually so – regardless of whether this case is tried in Waco or Austin.  Defendants do not even attempt to argue how anything they will need to do to prepare for trial (other than analyzing the jury pool) will change an iota between the different Western District Divisions.  This is especially so if this Court retains these cases even if it makes an intra-district transfer to Austin (which Defendants expressly do not oppose). Defendants will, accordingly, not be prejudiced by allowing these cases to proceed.

Moreover, a stay would not preserve judicial resources.  Among other things, these cases have progressed substantially through much of the pretrial process, including all of fact discovery and claim construction, and the Court has spent considerable time and effort in overseeing them. Staying the cases (likely for years) stymies that progress and effectively wastes judicial resources. Further, judicial resources will not be saved by a stay because EPR determinations do not have estoppel effect.

In addition, the Court's recent order granting the parties' joint motion to amend the scheduling order (Dkt. 206) ensures plenty of time for the Court to decide the transfer motion before Defendants need to analyze the jury pool or prepare their pretrial motions, regardless of where trial is ultimately held.

Accordingly, Defendants' motion to stay should be denied.

2

## II.     FACTUAL BACKGROUND

On June 2, 2020, Brazos filed its original complaints, alleging Defendants' infringement of U.S. Patent Nos. 9,137,144 in Case No. 6:20-cv-00473 (the "'144 patent") and 7,565,435 in Case No. 6:20-cv-00476 (the "'435 patent").  (Dkt. 1.)  Brazos filed amended complaints on October 19, 2020.  (Dkt. 33.)  Defendants moved for intra-district transfer on November 4, 2020 (Dkt. No. 42).  They waited 18 months after Brazos filed its original complaints to file their first EPR request on December 15, 2021 for the '144 patent, and waited almost two years before filing their EPR request for the '435 patent on June 3, 2022.

In the meantime, on November 17, 2020, the Court entered a scheduling order setting forth the deadlines for, *inter alia*, claim construction, the Markman hearings, discovery and trial (trial was initially set for May 2, 2022).  (Dkt. 50.)  Brazos immediately undertook its obligations under that scheduling order, proceeding with claim construction, addressing Defendants' motions to dismiss and to transfer, preparing for and participating in the Markman hearing on November 24, 2021, and vigorously pursuing fact discovery (which has now closed).

However, Brazos's efforts to prosecute its claims were hamstrung by Defendants' recalcitrance.  Among other things, Defendants: (i) blocked Brazos's access to and failed to produce critical source code relating to the accused products and initially limited Brazos's access to the relevant source code.  *See, e.g.*, Dkt. 119 in the '473 case, Transcript of 12/9/21 Discovery Hearing, at 10:18-23 (Brazos counsel describing how Defendants initially only provided one computer for source code review, slowing that review process); (ii) refused to identify third-party Broadcom although it knew that Broadcom possessed critical source code; (iii) refused to designate Rule 30(b)(6) witnesses on several topics identified by Brazos; and (iv) provided insufficient responses to Brazos's discovery requests.  *See generally* Mar. 16, 2022 email from S. Ivan to

C. McCracken, *et al*., summarizing meet and confer in which Defendants agreed, *inter alia*, to continue to collect and produce source code, supplement interrogatory responses, produce additional financial information, and designate witnesses to testify on 30(b)(6) topics (Ex. 1).

Brazos's former counsel repeatedly inquired of Defendants as to access to the relevant source code. The disputes over, *inter alia*, that access, led the parties in November 2021 to jointly request that the Court amend the scheduling order to extend discovery and other deadlines, pushing the fact discovery deadline to May 6, 2022. (*See* Dkt. 111 in the '473 case.) Approximately one month later, Brazos's current counsel replaced the Etheridge firm and undertook a comprehensive review of the case files. Brazos's counsel then wrote to Defendants in February 2022, raising, among other things, the deficiency in source code production (*see* Ex. 2 at 3-5) as well as several other discovery deficiencies.

Defendants' failures to abide by their discovery obligations and their delays in complying with them compelled Brazos to seek relief from the Court for the production of source code (either from Defendants or by allowing Brazos to subpoena other parties possessing that source code) and the designation of corporate representatives to testify under Rule 30(b)(6), which motions the Court granted. *See* Dkt. 182 (granting in part Brazos's request to compel the designation of 30(b)(6) witnesses); Dkt. 167 (allowing Brazos to serve subpoenas on third-party chipmakers to obtain source code for the '144 and '435 patents).

Brazos wasted no time, serving subpoenas on Broadcom within days of the Court's order granting Brazos's motion to take third-party discovery. (*See* Exs. 3 and 4.) To accommodate the holdup in source code review caused by Defendants' delay in identifying Broadcom and Broadcom's responses to the subpoenas, the Court extended the time to complete source code review from May 6, 2022 to July 1, 2022. (*See* Dkt. 189 at 2.) That amended scheduling order

4

expressly directed Dell to "work cooperatively with Broadcom and [Brazos] to facilitate source code production." *Id.* That review began on June 13, 2022 (when a review room was first made available to Brazos) and was completed in July 2022.

The delays attendant to the parties' discovery and other disputes – including, *inter alia*, the delay in Brazos's access to critical source code and Defendants' insufficient discovery responses – prevented Brazos from being able to proceed with expert preparation and discovery in accordance with the existing Scheduling Order and thus compelled the parties to request that the Court's Scheduling Order be amended and the trial date be moved to December 5, 2022. (*See* Dkts. 188, 189.) While fact discovery is closed, the Court's most recent Amended Scheduling Order (Dkt. 206) has extended the remaining deadlines, including the close of expert discovery, dispositive motions and pretrial submissions, into 2023 (with trial now scheduled for July 24, 2023, a date the Court has indicated it is not inclined to extend further). (*See* Dkt. 206 in the '476 case.)

Meanwhile, the EPR proceedings on the '144 and '435 patents are in their relative infancy. In the '144 patent EPR, the request for EPR was granted on February 3, 2022 and the Non-Final Office Action was only issued recently, on July 28, 2022. (Mot. Ex. E.) On September 28, 2022, Brazos filed its response to that Non-Final Office Action. (*See* Ex. 5.) In the '435 patent EPR, there has been no office action yet.

## III.    LEGAL STANDARD

This Court has held that in determining whether a stay is proper, a district court should consider, among other factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *See Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC,* No. 6-20-cv-00200-ADA, 2021 WL 1298932, at *1

(W.D. Tex. Apr. 7, 2021) (citing *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at \*1 (W.D. Tex. Dec. 16, 2019)).

Whether to stay a patent case pending IPR/EPR proceedings is entirely within the court's discretion. *See Videoshare, LLC v. Meta Platforms Inc.,* No. 6-21-CV-00254-ADA, 2022 WL 3142622, at \*3 (W.D. Tex. Aug. 5, 2022) ("The court has discretion in deciding whether to stay a case in PTO proceedings, including ex parte reexaminations"); *Aylus Networks, Inc. v. Apple Inc.*, No. C-13-4700 EMC, 2014 WL 5809053, at \*1 (N.D. Cal. Nov. 6, 2014) ("[A] court is under no obligation to delay its own proceedings where parallel litigation is pending before the PTAB.") (internal quotation marks and citations omitted).  Courts should not automatically stay litigation based on the filing or institution of an EPR; otherwise, the patent reexamination process "would invite parties to unilaterally derail litigation." *See, e.g.*, *Videoshare,* 2022 WL 3142622, at \*1 (denying defendant's motion to stay pending EPR). The proceedings can proceed in parallel because the two forums apply different standards and come to different legal conclusions—there is no conflict between an EPR proceeding and a challenge to a patent in federal court.  *See Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, No. 14-cv-502, 2014 WL 4271633, at \*2 (D.N.J. Aug. 28, 2014).   Indeed, "[i]f litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts." *3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-CV-162-JDL, 2015 WL 179000, at \*1 (E.D. Tex. Jan. 14, 2015); *Comcast Cable Comms. Corp. v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at \*1 (N.D. Cal. Apr. 5, 2007). "Federal court calendars should not be hijacked in this manner."  *Id*.

As a result, "the proponent of a stay bears the burden of establishing its need."  *YETI Coolers, LLC v. Home Depot U.S.A., Inc*., No. 1:17-CV-342-RP, 2018 WL 2122868, at \*1 (W.D.

Tex. Jan. 8, 2018) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).  The burden is high.  As the Supreme Court has held, "only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."  *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984) (internal quotation marks and citations omitted). Specifically, the proponent has the burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  *Id*.  Defendants cannot meet that burden here.

## IV.   ARGUMENT

### A.    The First Factor Weighs Against A Stay Because Brazos Would Be Unfairly Prejudiced By A Stay At This Late Stage Of The Cases

Courts have provided guidance as to what constitutes "prejudice" under this factor, including "whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant." *VirnetX Inc. v. Apple Inc*., No. 6:12-CV-00855-RWS, 2018 WL 398433, at *3 (E.D. Tex. Jan. 12, 2018).  Under this factor, "courts consider whether the timing of the request for a stay suggests any dilatory motive on behalf of the movant." *Id*.  Other factors considered in determining the prejudice that the Plaintiff would suffer by way of a stay include: (i) the status of the review proceeding; (ii) the timing of the request for stay; and (iii) the timing of the review request. *See Rensselaer Polytechnic Inst. v. Apple Inc*., No. 1:13-cv-0633, 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014).  Each of the above factors weighs strongly in Brazos's favor and demonstrates that a stay would prejudice Brazos.

#### 1.    Defendants' Conduct Has Delayed The Cases

Defendants' pursuit of a stay is, in fact, nothing more than another in a long line of dilatory tactics.  As shown above (pp. 3-5), it has been *Defendants'* conduct – not Brazos's – that has

necessitated pushing the trial date and other deadlines here.   Brazos's (joint) requests with Defendants for adjournments of the trial schedule stem from those delays and disputes, and Defendants' attempt (Mot. at 10) to lay the blame for any such adjournments solely on Brazos is wholly disingenuous.   Among other things, Defendants refer the Court to Brazos's request for an extension (Dkt. 221-10), but they omit that Brazos's request for that extension was driven by delays occasioned by Defendants.

Similarly misleading, irrelevant and outrageous are Defendants' references to other cases in which Brazos has been forced to request extensions of pretrial and trial scheduling.  (Mot. at 11.) Not surprisingly, the availability of discovery and witnesses—including foreign witnesses—to sit for deposition in the midst of a global pandemic has caused numerous delays in many of the cases Brazos has brought.  *See, e.g.*, *Brazos v. OnePlus Technology (Shenzhen) Co., Ltd.*, Case No. 6:20-cv-00952-ADA, Dkt. 109 (extending the close of fact discovery and subsequent deadlines because "[s]everal international depositions in [the] case previously scheduled for July 17-22 were disrupted by COVID-related lockdowns put in place in Macau and related travel restrictions."). Moreover, defendants in those cases – like Defendants here -- have endeavored to delay their day of reckoning for patent infringement as long as possible and by any means necessary.  In the ZTE cases, for example, as the Court is well aware, delays have been occasioned by ZTE's inexcusable discovery cat-and-mouse games and what the Court has described as its "excessive motion practice," which "wastefully raised the cost of litigation."  *See* Case No. 6:22-cv-00136-ADA-DTG, Dkt. 25 at 12.  Indeed, in all of the other cases to which Defendants refer, extensions of applicable pretrial and trial dates were occasioned not by Brazos's failure to prosecute but defendants' failure to adhere to their discovery obligations, failure to provide timely and complete access to source code and/or excessive motion practice.  Every one of those delays has prejudiced

Brazos as the infringement of its patents has continued.  In any event, and notwithstanding Defendants' attempted misdirection, whether to grant a stay is a case-by-case determination and should be based only on the facts here, which militate against granting a stay.  *See John Mezzalingua Assocs., Inc. v. PCT Int'l., Inc*., No. SA–09–CV–00410–RF, 2011 WL 13175091, at *1 (W.D. Tex. Mar. 29, 2011) (factors governing whether to stay pending IPR "are considered on a case-by-case basis").

>    2.    The Pendency Of The EPRs Does Not Warrant A Stay.

Indeed, Defendants are well aware of the long delay that would be achieved from a stay – and that is Defendants' true goal; to delay trial and their day of reckoning as long as possible. USPTO statistics suggest that the average EPR reexamination period from filing to decision is approximately 25 months. Ex. 6 at 2.  Potential appeals from any decisions on Defendants' EPRs could stretch any delay several additional years.  *See, e.g., Nidec Corp. v. LG Innotek Co., Ltd*., No. 6:07cv108, 2009 WL 3673433, at *3 (E.D. Tex. Apr. 3, 2009) (denying stay and noting that "the reexamination process [including appeals] could take years to complete"); *Orion IP, LLC v. Mercedes-Benz USA, LLC*, No. 6:05 CV 322, 2008 WL 5378040, at *8 (E.D. Tex. Dec. 22, 2008), *aff'd in part, vacated in part, rev'd in part sub nom. Orion IP, LLC v. Hyundai Motor Am.*, 605 F.3d 967 (Fed. Cir. 2010) (denying motion to stay noting: "This first initial office action is merely the first of many steps in the re-examination process…. If that action is adverse… [plaintiff] may appeal to the Board of Patent Appeals and Interferences and to the Federal Circuit. This process could take years.").

The EPR requests here were filed in December 2021 (only approximately 10 months ago) and recently, on June 3, 2022 (respectively, *one-and-a-half and two years* after the commencement of these Actions).  Defendants' protracted delays in filing these EPRs certainly do not justify

staying these cases now.  While a non-final office action has issued in the '144 patent EPR, no final decisions have been rendered in either EPR and, based on the average reexamination period, none are expected for approximately another year on the '144 patent and almost two more years for the '435 patent (not including appeals), *i.e.*, likely well after the July 2023 trial date (which the Court has indicated it will not move, Dkt. 206 at 2).  *See* Exs. 7, 8 (EPR Docket Sheets).  That relatively early status of the EPR proceedings and the anticipated length of final EPR resolution, including potential appeals, militate against staying these actions.  *See Videoshare*, 2022 WL 3142622, at *2 (stay denied notwithstanding PTO's first office action rejecting claims where stay would not simplify issues because EPR process would not be completed until after trial); *Softview, LLC v. Apple, Inc*., No. 10–389–LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (denying, *inter alia*, Dell's motion to stay because "reexamination proceedings will likely require several years to reach a final resolution"); *Guardian Technologies, LLC v. X10 Wireless Tech., Inc*., No. 3:09–CV–0649–B, 2011 WL 308658, at *2 (N.D. Tex. Jan. 25, 2011) (denying stay pending EPR and rejecting contention that PTO's initial office action rejecting all claims warranted stay because "[t]he Court cannot predict whether the PTO's final determination will also reject the claims at issue," a stay would delay the case for years, discovery was almost completed and trial date was near); s*ee also Biax Corp. v. Fujitsu Comput. Sys. Corp.*, No. 2:06-cv-364 (TJW), 2007 WL 614187, at *2 (E.D. Tex. Feb. 26, 2007) (denying stay where estimated delay was 22.6 months); *Ariba, Inc. v. Emptoris, Inc.*, No. 9:07-cv-90, 2007 WL 3132606 (E.D. Tex. Oct. 23, 2007) (denying stay where estimated delay was 23.3 months).  This is especially so considering that, notwithstanding any "preliminary," non-final determinations here (Mot. at 2, 4, 8), the majority of EPRs ultimately result in claims being either confirmed or changed, but not canceled in their entirety.  *See, e.g., Longhorn HD LLC v. Netscout Systems, Inc.,* No. 2:20-cv-00349-JRG, 2022

WL 71652, at *3 (E.D. Tex. Jan. 6, 2022) (stay not warranted where "a single examiner at the PTO has initially rejected the claims at issue in an EPR"); *KIPB LLC v. Samsung Electronics Co., Ltd*., No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365, at *2 (E.D. Tex. Nov. 20, 2019) (while "[i]t is not uncommon for claims to be initially rejected in the re-examination process" the majority of such claims are either confirmed or changed, but not rejected entirely).

Thus, contrary to Defendants' representation that granting their motion would result only in a "short," non-prejudicial stay (Mot. at 8-9), in fact they are asking the Court to stay the cases for up to two years (not including appeals) during which time the trial process would be held in limbo, without any assurance that such a delay would simplify anything, prejudicing Brazos's right to a timely recovery.

The principle that "justice delayed is justice denied applies with full force to the patent process." *ESN, LLC v. Cisco Sys., Inc*., No. 5:08-cv-20, 2008 WL 6722763, at *3 (E.D. Tex. Nov. 20, 2008) (quoting Perspectives on Patents: Post-Grant Review Procedures and other Litigation Reforms Before the S. Comm. on the Judiciary Subcomm. on Intell. Prop., 109th Cong. (2006)). This injury to Brazos is not lessened by Brazos's status, as Defendants suggest (Mot. at 9).  The "mere fact that [the patentee] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date." *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co*., No. 2:13CV213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015).

Indeed, in *Chrimar Systems, Inc. v. Adtran, Inc*., No. 6:15-CV-618-JRG-JDL, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016), the court rejected this same argument by Dell: "The fact that [plaintiff] does not sell products that compete with Dell … would not preclude [it] from experiencing prejudice if the Court granted Defendants' motion to stay." *See also Longhorn*, 2022

WL 71652, at *2 n. 3 (rejecting argument that plaintiff would not be prejudiced by a stay where it was only a "patent assertion entity" and could be compensated with damages because "delaying a patentee's lawsuit where the patentee is not a direct competitor is 'far from non-prejudicial'"); *KIPB,* 2019 WL 6173365, at *3 (denying stay pending EPR and noting that "[e]ven assuming that [plaintiff] is a non-practicing entity and that the Parties are not competitors, [plaintiff] still has an interest in the timely enforcement of its patents").

The cases Defendants cite are inapposite or support Brazos.  For example, while Defendants rely on *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231 (W.D. Tex. May 30, 2019) (Albright, J.), that decision directly undercuts Defendants' position and supports Brazos.  In *Multimedia*, this Court *denied* defendant's motion to stay pending the IPR because, as here, claim construction had already occurred (although, unlike here, discovery had not yet begun, let alone, as here, been completed), defendant delayed filing its IPR and motion to stay until well after the case was filed, and the ultimate determination in the IPR process was speculative and would likely only issue after the scheduled trial.  *Id*. at *1-3.

In *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc*., No. 6:20-CV-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021), the Court noted that final decisions were due in the reexamination proceedings only a few months from the Court's decision.  *Id*. at *1.  Here, in contrast, those final decisions are likely 1-2 years away (not including appeals).  And while the Court in *Kirsch* ultimately granted a stay under the facts in that case, it noted that "[a] patent holder has an interest in the timely enforcement of its patent right" and that this right favored *denying* the requested stay.  *Id*. at *2.  In addition, the PTAB instituted the IPR in issue and thus indicated that it had already "concluded that there is a reasonable likelihood" that the subject patent claims were

invalid.  And even with that fact, the Court stated that "how strongly the instituted IPR favors stay may be diminished by the scope of estoppel Defendant would accept," and it granted the stay only because defendant agreed to be estopped in exchange for the Court granting its motion.  *Id*. at *3.  Those factors simply are not present here.

Similarly, in *NFC Tech. LLC v. HTC America, Inc*., No. 2:13–CV–1058–WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015), defendants filed their PTAB reexamination proceeding a mere three months after the complaint adding one of the defendants was filed, and filed their motion to stay pending the IPR one week after the PTAB granted the IPR.  *Id*. at *1.  In other words, unlike Defendants here, in NFC defendants did not dawdle for 1-2 years from filing or wait until after substantial work had been done in the case to file their IPR or motion to stay.  And unlike here, in *NFC* plaintiff did not substantiate any dilatory conduct by defendant that it sought to further with its motion to stay.  *Id*. at *3.[1]

Put simply, Defendants' current attempt to use the reexamination process as a delaying tactic to push off trial for years should be rejected.  *See Parthenon Unified Memory Architecture LLC v. HTC Corp*., No. 2:14-cv-00690-RSP, 2016 WL 3365855 , at *2 (E.D. Tex. June 17, 2016) (denying stay where "Defendants did not file their IPRs expeditiously and are most likely seeking a stay to gain a tactical advantage over [plaintiff]"); *TruePosition, Inc. v. Polaris Wireless, Inc*.,

---

[1] In *Brit. Telecomms. PLC v. IAC/InterActive Corp*., No. cv-18-366-WCB, 2020 WL 5517283, at *7 (D. Del. Sept. 11, 2020), the court granted a stay in part because Covid-related trial delays would likely rival delays from a stay pending the reexamination proceeding.  Moreover, contrary to Defendants' argument (Mot. p. 10), the court did not hold that an interest in prompt enforcement of patent rights is insufficient to establish prejudice, it held that that interest "*standing alone*" is insufficient.  *Id*. at *6.  But that factor, considered with Defendants' delay in seeking both reexamination and a stay, as well as the advanced stage of this case, are more than enough to deny a stay.  *See also Uniloc USA, Inc. v. Corbis Corp*., No. 6:13-cv-942-RWS-KNM, 2015 WL 11199063, at *3 (E.D. Tex. July 6, 2015) (stay granted where discovery was incomplete and trial was not scheduled for another year, and, unlike here, defendant moved to stay shortly after filing for reexamination).

No. 12–646–RGA/MPT, 2013 WL 5701529, at *6 (D. Del. Oct. 21, 2013) (denying stay where, *inter alia*, defendant waited until "close to the eve of claim construction briefing, and after substantial document discovery was conducted" to file for IPR). This is especially true where, as here, the movant waited long after filing for reexamination and after the Markman hearing before moving for a stay. *See Chrimar Systems,* 2016 WL 4080802, at *3 (denying Dell's motion to stay where it "waited between seven and eleven months to file all of its IPR petitions, and further waited another two months from the filing of the last-filed IPR petition to file the [stay] motion, demonstrating a lack of diligence"); *MacroSolve, Inc. v. Antenna Software, Inc.,* No. 6:11-CV-00287-MHS-KNM, 2013 WL 7760889, at *1-2 (E.D. Tex. Aug. 30, 2013) (denying motion to stay pending EPR where defendant waited more than a year after suit was filed to file EPR, "Plaintiffs have an interest in the timely enforcement of their intellectual property rights," "reexamination is far from complete" and "[t]he ultimate outcome [of the EPR] is unpredictable"); *Soverain Software LLC v. Amazon.com, Inc.,* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (finding "a stay would unduly prejudice or present a tactical disadvantage to" plaintiff when defendant "waited until this case was a year old and the Court had held the Markman hearing before moving for a stay"); *MicroUnity Sys. Eng'g, Inc. v. Dell, Inc.*, No. 2-04-CV-120 (TJW), 2005 WL 8162371, at *2 (E.D. Tex. Aug. 15, 2005) (denying a stay where "Defendants [including Dell] did not file the first request for inter partes reexamination until … more than one year after this case was filed.").

To stay the case at this stage would reward Defendants' dilatory tactics while substantially prejudicing Brazos's right to timely resolution of its infringement claims, all while Defendants continue to infringe Brazos's patents. This factor weighs strongly against a stay.

**B.    The Second Factor Weighs Against A Stay Because Defendants Would Not Suffer A Clear Hardship Or Inequity Should The Cases Proceed**

Defendants do not – because they cannot – show, as they must, that they will suffer a clear hardship or inequity should the cases proceed.  *See Davis*, 730 F.2d at 178.  The parties have already spent significant time and resources in completing fact discovery and claim construction is complete.  Given that fact discovery is closed and expert discovery is underway, staying the case at such an advanced stage would not relieve Defendants of any material burden.  *See Jumpsport, Inc. v. Acad., Ltd.,* 6:17-cv-00414-RWS, 2018 WL 10124887, at *2 (E.D. Tex July 13, 2018) (denying a stay because it "would delay this case and Plaintiff's enforcement of its rights" after the case was "already proceeding well into discovery and claim construction briefing had been filed"); *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *3 (E.D. Tex. Sept. 18, 2014) ("Given the sizable resources that the parties and the Court have already invested in this case, staying the case, 'based solely on speculation of what might possibly happen during reexamination'…'would be inefficient and inappropriate.'").

Further, because Defendants "invited this added complexity by unilaterally seeking parallel litigation in the PTAB" years after Brazos filed its complaints, despite this Court's efficient and speedy litigation process, any hardship Defendants may experience would be a self-inflicted wound.  *Kerr Machine,* 2021 WL 1298932, at *2.  Accordingly, allowing these cases to proceed to trial will provide a more complete and timely resolution of the relevant issues.

Defendants' arguments as to their purported prejudice are unavailing.  For example, while Defendants argue (Mot. at 6-8) that, absent a stay pending a determination on their transfer motion, they will suffer significant prejudice in the form of being "forced to brief and file summary judgment and pretrial motions, and prepare for trial" (*id*. at 6), as well as prepare jury instructions

and *voir dire*, they do not – because they cannot – refute that *all* of that work will have to be done *regardless* of where trial is ultimately held and who presides over it.  Indeed, Defendants do not identify a *single* argument that will be different on summary judgment, a *single* difference in jury instructions (which will be based on the remaining claims and applicable law, not the location of trial), a *single* additional or different pretrial motion they would have to file or any substantial differences in *voir dire* questions they would pose to jurors if this case is transferred to the Austin Division.  Put simply, an intra-district transfer would change *nothing* of substance in terms of motion practice and pretrial preparation (and this is all the more so if this Court retains the case following any intra-district transfer, which Defendants do not oppose, *see* Mot. at 1, n. 3, 12).

And, of course, now that trial has been moved to July 24, 2023 (a date the Court has indicated it is not inclined to extend any further, Dkt. 206 at 2), there is plenty of time for the Court to decide Defendants' motion to transfer (and their motions to dismiss on subject matter jurisdiction grounds and under 35 U.S.C. § 101) well in advance of summary judgment and trial, and before Defendants need to undertake any "jury studies" or "make advance arrangements regarding trial logistics."  *Id*. at 8.  That extension also allows for a decision on the transfer motion well before dispositive motions are due, some six months from now.[2]  Defendants' feigned

---

[2] Defendants' rehashing of their transfer motion arguments (Mot. at 3, 9. N. 15), while of no moment to the instant motion to stay, is also misguided and based on cherry-picked selections of testimony. ██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████

concerns, including that summary judgment and pretrial motions should be decided by the transferee court (Mot. at 6-7) are thus simply hollow.

### C. The Third Factor Weighs Against A Stay Because Judicial Economy Warrants Denying A Stay

Judicial economy warrants denying a stay because the case has advanced materially and the Court has already spent significant resources on it. The case has been pending for over two years and staying the case at this juncture would simply squander the Court's efforts. *See Longhorn,* 2022 WL 71652, at *4 (stay not warranted where at the time stay motion was filed fact discovery was closed, expert discovery was underway and trial deadlines were set); *Soverain Software LLC*, 356 F. Supp. 2d at 662; *Roy-G-Biv Corp. v. Fanuc Ltd.*, No. 2:07–CV–418 (DF), 2009 WL 1080854, at *2 (E.D. Tex. Apr. 14, 2009) (finding the third factor weighed against a stay where claim-construction was complete and trial was six months away).

Indeed, this Court recently denied a similar motion to stay pending resolution of IPRs/EPRs in Brazos's cases against ZTE, out of "concern that if [the Court] grant[s] a stay and the ex parte reviews run their course, not only will there be a considerable body of prosecution history that will then have to be accounted for but there will be ongoing documents created and additional document discovery, et cetera that will develop over that intervening time. And so given that, [the Court thinks] that it weighs in favor of denying the stay and proceeding with the case." *See* September 19, 2022 Excerpt of Transcript of Sealed Hearing Regarding ZTE's Motion for Stay Pending Resolution of Post-Grant Proceedings, 28:24-29:9 (Ex. 11.) The Court accordingly held that "judicial economy weighs strongly in favor of allowing this case to continue given the point [it is] at in the case and the fact that… all [the cases were] filed in 2020… the Court definitely has an interest in moving its docket. So [the Court is] going to deny the stay and keep the cases

moving." *Id.* at 29:16-23.  That reasoning applies equally – if not more so – here, considering the advanced stage of these cases.

Further, any (hypothetical) PTAB and USPTO decision would not simplify the issues before this Court (Mot. at 12) because "a request for ex parte reexamination has no estoppel effect." *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17-CV-2479-GPC(BLM), 2018 WL 5617694, at *4 (S.D. Cal. Oct. 30, 2018) (noting EPRs, in contrast to IPRs, do not estop a petitioner from asserting invalidity arguments that it could have raised during the administrative review process).  *See also Longhorn*, 2022 WL 71652, at *3 n. 5 (pending EPR would not simplify issues because it has no estoppel effect).  Further, with regard to the pending EPRs, the final decision is still speculative and disputable.  *See, e.g.*, *Lennon Image Techs.*, 2014 WL 4652117, at *3 (noting that there is "no guarantee that the claims will be amended or cancelled during the IPR").

Defendants' argument that a stay should be granted pending a decision on their transfer motion because pretrial work and trial preparation are future tasks (Mot. at 11-12) also is of no moment.  As shown above, Defendants will have to undertake the same work regardless of which division of this District trial is held.  There will be no waste of judicial or other resources from denial of a stay.

Defendants' reliance on *TC Tech. LLC v. T-Mobile USA, Inc*., No. 6:20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) is misplaced.  In *TC Tech.*, the Court noted that a stay was warranted because the case was "in its infancy" in that discovery had not yet commenced and the Markman hearing had not been held, trial was scheduled after a final determination from the PTO was expected, and plaintiff's claims of prejudice were undermined by its own 8-year delay in bringing suit.  *Id*. at *2-3.  In addition, the patent at issue in *TC Tech* was expired and, therefore, it could not be amended, only confirmed or canceled, which increased the potential that

the PTO proceedings would simplify the issues, which is not the case here. *Id*. at *3. *TC Tech*. is thus inapposite.

Defendants' other cases also do not support them. *Garmin Switzerland GmbH v. FLIR Sys., Inc.*, No. 3:17-CV-01147-SB, 2017 WL 6453346 (D. Or. Dec. 18, 2017) specifically relied on the estoppel effect of an IPR (*id*. at *3), which, as shown, does not apply to the EPR proceedings at issue here. Moreover, the case on which it relied, *Aylus Networks, Inc. v. Apple, Inc*., 856 F.3d 1353, 1361 (Fed. Cir. 2017) was concerned with how statements made by a patent owner in an IPR could be used in claim construction. Here, of course, claim construction is completed. *See also Oyster Optics, LLC v. Ciena Corp.*, No 4:20-CV-02354-JSW, 2021 WL 4027370, at *2 (N.D. Cal. Apr. 22, 2021) (granting stay where motion was made before claim construction because arguments at IPR could affect claim construction); *In re Bear Creek Tech., Inc.*, No. 11-CV-721 (GMS), 2013 WL 3789471, at *2 (D. Del. July 17, 2013) (defendants agreed to be estopped by IPR proceeding determinations and litigation was "still in its early stages" in that discovery and claim construction had not taken place); *Out Rage, LLC v. New Archery Prod. Corp*., No. 11-CV-701-BBC, 2012 WL 12995533, at *2 (W.D. Wis. Apr. 9, 2012) (stay granted where case was only four months old, discovery had just begun and defendants sought IPR shortly after case was filed).

In short, Defendants have not shown that staying the case will promote judicial economy.

## V.   CONCLUSION

For the foregoing reasons, Defendants' motion to stay should be denied in its entirety.

19

Dated:  October 14, 2022          Respectfully submitted,

By:  */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted *pro hac vice*)
cjia@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Joshua A. Whitehill (NY Bar No. 4766473)
(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Hershy Stern (NY Bar No. 4631024)
(Admitted *pro hac vice*)
hstern@kasowitz.com

20

Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com
Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Shelley Ivan (NY Bar No. 4338067)
(Admitted *pro hac vice*)
sivan@kasowitz.com
Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin Allen (TX Bar No. 24081977)
justin@swclaw.com
**STECKLER WAYNE CHERRY & LOVE
PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory Phillip Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE
PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 14th day of October 2022.

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop