**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>Defendants. | Case No. 6:20-cv-00473-ADA<br>Case No. 6:20-cv-00476-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE UNDER RULE 41(a)(2) OR IN THE ALTERNATIVE TO STAY**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

    A. WSOU's Meritless Assertion of 12 Patents Against Dell ......................................ß 2

    B. Dell's Patent Office Challenges And WSOU's Narrowing of Claims .................................................................................................................... 2

    C. WSOU Previously Opposed Dell's Motion to Stay Contrary to Its Argument Here.......................................................................................................... 3

    D. Dell's Victory At Trial............................................................................................. 3

    E. WSOU Ignored Dell's Repeated Requests to Stay .................................................. 4

    F. WSOU's Gambit To Stall the Case In the Middle of Expert Discovery ................................................................................................................ 4

III. LEGAL STANDARD.............................................................................................................5

IV. ARGUMENT..........................................................................................................................5

    A. Dismissal Without Prejudice Should Be Denied ..................................................... 5

    B. A Stay, If Any, Should Only Happen After Expert Discovery............................... 8

V. CONCLUSION.......................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Bryant v. Wells Fargo Bank, N.A.*,
   No. 3:17-CV-3121-C (BT), 2018 WL 4290791 (N.D. Tex. Aug. 23, 2018)..............................8

*Elbaor v. Tripath Imaging, Inc.*,
   279 F.3d 314 (5th Cir. 2002) ......................................................................................5, 8

*Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*,
   903 F.2d 352 (5th Cir. 1990) ........................................................................................5

*Huml v. CitiMortgage, Inc.*,
   No. EP-12-CV-00245-DCG, 2012 WL 13028621 (W.D. Tex. Nov. 13, 2012)............5, 6, 7, 8

*United States ex rel. Doe v. Dow Chem. Co.*,
   343 F.3d 325, 330 (5th Cir. 2003) ................................................................................7

*York v. Texas A&M Univ. 12th Man Found.*,
   No. 2:15-CV-352-JRG, 2015 WL 13306498 (E.D. Tex. Apr. 21, 2015) .................................8

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '144 patent | U.S. Patent No. 9,137,144 |
| '435 patent | U.S. Patent No. 7,565,435 |
| Dell | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

**TABLE OF EXHIBITS**

| Letter | Exhibit |
|---|---|
| A | September 30, 2020 letter from B. Rosenthal to J. Etheridge |
| B | October 20, 2020 letter from B. Rosenthal to J. Etheridge |
| C | November 17, 2020 letter from B. Rosenthal to J. Etheridge |
| D | January 4, 2023 email from B. Rosenthal |
| E | February 28, 2023 email from B. Rosenthal |
| F | February 9, 2023 email from B. Rosenthal |
| G | March 2, 2023 email from A. Kathir |
| H | March 8, 2023 email from H. Kim |
| I | March 16, 2023 email from H. Kim |
| J | Excerpts from Dell's Final Invalidity Contentions, dated June 25, 2021 |

### I. INTRODUCTION

WSOU asserted 12 patents against Dell nearly three years ago. From the very beginning, Dell has been telling WSOU that the entire case was meritless. After vigorously defending itself and spending millions in fees and costs, including a trial in February, Dell has prevailed on 10 of the 12 patents. Dell is now on the verge of vindication because—in addition to the frivolous nature of WSOU's infringement positions—the only remaining two patents were finally rejected by the Patent Office.

Dismissal without prejudice now would allow WSOU to restart this entire process—potentially **years** later—if the remaining patents happen to survive on appeal. That would be highly prejudicial. Dell therefore strongly opposes a dismissal *without* prejudice, which would allow WSOU to refile these meritless cases if the patents somehow survive reexamination. Dell is amenable to dismissal *with* prejudice, and respectfully requests that the Court convert the motion into a motion to dismiss with prejudice.

Although Dell takes no position on a stay, and leaves that to the Court's discretion, Dell respectfully submits that any stay should not be imposed in the middle of expert depositions, as WSOU requests. Otherwise, Dell would have to engage in significant duplication of effort if and when this case ever resumes. Dell repeatedly requested for months that WSOU stay the case since the non-final rejection of these patents. WSOU never responded. Instead, WSOU waited until the ***night before*** the first expert deposition was scheduled. The timing of WSOU's motion therefore appears to be nothing more than a strategic and belated effort to avoid the deposition of its technical expert, Mr. Pope, whom WSOU has refused to make available for deposition.

1

## II.   BACKGROUND

### A.   WSOU's Meritless Assertion of 12 Patents Against Dell

Nearly three years ago, on June 2, 2020, WSOU filed 12 separate lawsuits against Dell, asserting infringement of 12 different patents, including the '144 and '435 patents. After investigating WSOU's infringement allegations, Dell promptly—and repeatedly—told WSOU that its allegations as to the '144 and '435 patents were meritless. *E.g.*, Ex. A (September 30, 2020 letter from B. Rosenthal to J. Etheridge); Ex. B (October 20, 2020 letter from B. Rosenthal to J. Etheridge); Ex. C (November 17, 2020 letter from B. Rosenthal to J. Etheridge). WSOU ignored Dell's letters and subsequent correspondences and continued to assert meritless claims.

### B.   Dell's Patent Office Challenges And WSOU's Narrowing of Claims

Given the unwieldy number of patents WSOU asserted against Dell, Dell challenged several of the patents before the Patent Office, starting with several petitions for *inter partes* review ("IPR"), which must be filed within 1 year of the Complaint. *See* IPR2021-00572; IPR2021-00272.

WSOU eventually agreed to dismiss six of its patents with prejudice—three by January 17, 2022 and three more by May 9, 2022. In other words, WSOU got to choose its six "champion" patents after taking discovery on Dell's technology. WSOU dismissed one more patent with prejudice on August 2, 2022 after a final written decision for one of the IPRs invalidated all the claims. *See* Case No. 6:20-cv-477-ADA-DTG, Dkt. 224. This left five patents remaining.

After the patents were narrowed to a more manageable number, Dell requested *ex parte* reexamination ("EPR") of the asserted claims of the '144 patent back on December 15, 2021, well over a year ago. The EPR was granted on February 3, 2022 and a non-final rejection of all asserted claims was issued July 28, 2022. The Patent Office issued its final rejection December 27, 2022.

2

Dell immediately asked WSOU to stay the '144 patent case. Ex. D (January 4, 2023 email from B. Rosenthal). WSOU completely ignored Dell's request, despite many follow ups.

Dell also requested EPR of the '435 patent on June 7, 2022. The Patent Office granted the EPR on July 5, 2022 and issued the final rejection February 28, 2023. Dell asked WSOU to stay the '435 patent case again that same day, citing the desire to avoid the need for expert discovery. Ex. E (February 28, 2023 email from B. Rosenthal). WSOU again ignored Dell.

WSOU has not yet filed any notices of appeal of the EPR decisions for either patent.

### C. WSOU Previously Opposed Dell's Motion to Stay Contrary to Its Argument Here

In October 2022, WSOU made the exact opposite arguments it makes here in opposing Dell's Motion to Stay pending resolution of its transfer motion. Specifically, Dell had requested that the Court stay the remaining cases pending resolution of its transfer motion, and noted that doing so would also allow the reexaminations to play out to a final decision. WSOU vigorously opposed any stay, arguing that it had already expended significant time and resources such that a stay is not warranted and a stay would not conserve judicial resources. Case No. 6:20-cv-476-ADA-DTG, Dkt. 208 at 1-2. Of course, WSOU now argues the opposite in its attempt to avoid the deposition of its experts.

### D. Dell's Victory At Trial

Just last month, Dell (and co-defendant VMware) defended itself at trial against three of the remaining five patents at trial, at which the Court granted a directed verdict after WSOU's case-in-chief. *See* Case No. 6:20-cv-480-ADA-DTG, Dkt. 393. After this victory, only two patents—the '144 and '435 patents—remain out of the original 12 asserted against Dell.

### E. WSOU Ignored Dell's Repeated Requests to Stay

In addition to the correspondence above, Dell followed up with WSOU several times to ask WSOU to stay the case before scheduling and preparing for expert depositions. Ex. F (February 9, 2023 email from B. Rosenthal); Ex. E (February 28, 2023 Email from B. Rosenthal). Again, WSOU ignored Dell. In view of WSOU's refusal to engage on a stay, and the scheduled close of expert discovery on March 23, 2023, Dell began providing dates for its experts on March 2, 2023. Ex. G (March 2, 2023 email from A. Kathir). WSOU completely ignored Dell's inquiries about whether WSOU would continue to pursue claims that were finally rejected by the Patent Office, and instead moved forward with scheduling expert depositions. Ex. H (March 8, 2023 email from H. Kim). Dell has engaged in significant work preparing for those depositions, and two of the expert depositions have already occurred (each side's survey expert).

The parties scheduled all of the expert depositions except for one—WSOU's technical expert, Mr. Pope.[1] WSOU has refused to provide a date for him and refused to offer any explanation for its delay. To this day, WSOU has still not offered a date for Mr. Pope. Moreover, the day before Dell responded to WSOU's motion, WSOU unilaterally canceled all expert depositions, despite the fact that Dell had not yet had an opportunity to respond to the present motion.

### F. WSOU's Gambit To Stall the Case In the Middle of Expert Discovery

It was not until March 16, 2023, ***the night before the deposition of Dell's first expert***, that WSOU first approached Dell about a request to dismiss the case, insisting that the dismissal be

---

[1] One of Dell's technical experts was scheduled to be deposed March 21, 2023, but had to be taken to the hospital for a medical emergency that morning. Given this medical issue, his deposition will need to be rescheduled when his condition has improved; Dell has already offered April 5-7.

4

without prejudice. Ex. I (March 16, 2023 email from H. Kim). In other words, WSOU knew that the patents had been finally rejected by the patent office for months (in the case of the '144 patent), and still insisted upon scheduling expert depositions. Now, WSOU wants to pull the rug out in the middle of expert depositions, presumably so it does not have to offer its technical expert for whom they still have not offered a date without any explanation.

This case has been going on for nearly three years. Expert discovery closes March 23, 2023.[2] Dispositive motions are due a month later on April 27, 2023, and trial is set for July 24, 2023.

### III.  LEGAL STANDARD

"The primary purpose of Rule 41(a)(2) is to 'prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). "[A] defendant's loss of significant time, effort or expense in preparing for trial can also constitute a legal prejudice." *Huml v. CitiMortgage, Inc.*, No. EP-12-CV-00245-DCG, 2012 WL 13028621, at *2 (W.D. Tex. Nov. 13, 2012).

### IV.  ARGUMENT

#### A.  Dismissal Without Prejudice Should Be Denied

WSOU's strategic request to dismiss this case *without* prejudice after nearly three years of litigation should not be allowed. WSOU has no support for such a dismissal this far along in the

---

[2] Due to scheduling and a medical emergency, some dates have been scheduled for early April.

5

litigation. As detailed above, Dell has repeatedly told WSOU to drop these meritless claims for two and a half years. WSOU refused. Dell has therefore been forced to spend millions of dollars to defend itself against WSOU's baseless claims. Indeed, Dell has already spent significant resources preparing for summary judgment and trial in this case, as those deadlines are now around the corner.

Two years after its initial Complaint, WSOU finally chose its six "champion" patents—out of the original 12—to narrow the case for trial. As was shown by last month's directed verdict in the middle of trial, three of those remaining five patents should never have been asserted. The same is true for the remaining two. Both of the remaining patents have had all asserted claims finally rejected during EPRs. These EPRs were clearly proper as, not only were they granted, but the claims now stand rejected over the same prior art grounds identified in Dell's invalidity contentions in these litigations. WSOU's belated request for dismissal without prejudice in the middle of expert discovery appears to be an attempt to avoid the deposition of its technical expert.

Dell has suffered extensive ***legal*** prejudice. As another Court in this district has found, "a defendant's loss of significant time, effort or expense in preparing for trial can also constitute a legal prejudice." *Huml*, 2012 WL 13028621, at *2. Dell has lost significant, time, effort, and expense during the nearly three years of litigation, including producing thousands of documents, handling more than 10 depositions, and conducting, at WSOU's insistence, expert discovery. Indeed, with trial only four months away, Dell has also already incurred substantial fees and costs associated with the preparation for trial and dispositive motions. As WSOU itself argued in October, "these cases have progressed substantially through much of the pretrial process, including all of fact discovery and claim construction, and the Court has spent considerable time and effort

6

in overseeing them." Case No. 6:20-cv-476-ADA-DTG, Dkt. 208 at 2. Dismissal without prejudice at this stage is inappropriate.

Furthermore, it is WSOU that unreasonably delayed in seeking dismissal. As WSOU admitted in its motion, the Patent Office ordered EPR—and in so doing found there was a substantial new question of patentability—for the '144 patent on February 3, 2022 (over a year ago) and for the '435 patent on July 5, 2022 (over 8 months ago). Yet, WSOU refused to stay or dismiss the case despite Dell's repeated requests. WSOU's suggestion that its patents remained "presumptively valid" is, again, disingenuous because the Patent Office ordered the EPRs only after finding a substantial new question of patentability.

WSOU's insinuation that Dell somehow delayed in filing EPRs is also disingenuous. As detailed above, Dell was facing an assertion of 12 patents (and hundreds of claims) at the beginning of these lawsuits. Dell filed promptly after the case was narrowed to a more manageable number of patents and claims. Furthermore, these EPRs were clearly justified as the asserted claims now stand rejected over the same prior art that Dell disclosed in its preliminary invalidity contentions back in December 2020. WSOU's argument that it is only seeking dismissal "because of the EPR invalidation, and not because of any arguments or positions advanced before this Court" is, again, insincere because the same exact invalidity positions that invalidated the claims are at issue here. *See* Ex. J (Dell's Final Invalidity Contentions, dated June 25, 2021) at E-7, E-9, E-10, E-11, H-3, H-10.

The cases WSOU cites are all readily distinguishable or support Dell. For example, in *United States ex rel. Doe v. Dow Chem. Co*., the Fifth Circuit affirmed the district court's denial of a motion to dismiss without prejudice because the case had been pending for over a year and many motions and arguments had taken place. *See* 343 F.3d 325, 330 (5th Cir. 2003). This case

is even further along and should not be dismissed without prejudice for the same reasons. *See id.*; Case No. 6:20-cv-476-ADA-DTG, Dkt. 208 at 1-2 (WSOU arguing that this case has progressed substantially through the pretrial process). As another example, WSOU cites *Elbaor*, but, in that case, the district court dismissed the case ***with prejudice***, even though the plaintiff moved to dismiss ***without prejudice***. The Fifth Circuit held that the district court had discretion to do so, but had to let the plaintiff withdraw its request instead of accepting the dismissal with prejudice. *See* 279 F.3d at 319-20 (5th Cir. 2002). If the Court is inclined to dismiss the case at this juncture, it should do so only with prejudice.[3]

Other cases WSOU cites that were dismissed without prejudice were only in the early stages of litigation, not almost three years in and only a couple months before trial like here. *See Huml*, 2012 WL 13028621, at *2 (dismissing where "minimal to no discovery has taken place"); *Bryant v. Wells Fargo Bank, N.A.*, No. 3:17-CV-3121-C (BT), 2018 WL 4290791, at *2 (N.D. Tex. Aug. 23, 2018) (dismissing the case during the motion to dismiss stage); *York v. Texas A&M Univ. 12th Man Found.*, No. 2:15-CV-352-JRG, 2015 WL 13306498, at *1 (E.D. Tex. Apr. 21, 2015) (same).

In sum, dismissal ***without*** prejudice would be highly prejudicial to Dell given the advanced stage in the litigation and significant lost time, effort, and expense incurred during the nearly three years of litigation.

**B.     A Stay, If Any, Should Only Happen After Expert Discovery**

As to WSOU's request for a stay, Dell leaves it to the Court's discretion except that any such stay should be granted—if at all—only after expert discovery is completed so Dell does not

---

[3] Indeed, Dell has motions to dismiss both patents with prejudice pending. No. 6:20-cv-473-ADA-DTG, Dkts. 184, 194; No. 6:20-cv-476-ADA-DTG, Dkt. 182.

have to re-do the preparation work it has already done at a later time. The timing of expert discovery is a problem entirely of WSOU's own making. As detailed above, Dell sent repeated emails in the months and weeks leading up to the close of expert discovery asking WSOU to stay the case. WSOU ignored those emails, instead insisting upon expert deposition dates. As it stands, two out of the seven experts have already been deposed and preparation is already well under way for the other five. A stay now pending the appeal process would force Dell to restart this preparation if the patents survive appeal, which could take many months or even years. *See* Case No. 6:20-cv-476-ADA-DTG, Dkt. 208 at 1-2. Dell therefore respectfully requests that any stay be entered only after the parties' complete the remaining five expert depositions.

## V.     CONCLUSION

For the foregoing reasons, Dell respectfully requests that WSOU's motion to dismiss without prejudice be denied and that, if the Court decides to stay the case, the stay order be postponed until after the close of expert discovery.

Dated: March 22, 2023				By: */s/ Brian Rosenthal*
                Barry K. Shelton
                Texas State Bar No. 24055029
                bshelton@winston.com
                **WINSTON & STRAWN LLP**
                2121 North Pearl Street, Suite 900
                Dallas, TX 75201
                Telephone: 214-453-6407
                Facsimile: 214-453-6400

                Benjamin Hershkowitz
                bhershkowitz@gibsondunn.com
                Brian A. Rosenthal
                brosenthal@gibsondunn.com
                Allen Kathir
                akathir@gibsondunn.com
                **GIBSON, DUNN & CRUTCHER LLP**
                200 Park Avenue
                New York, NY 10166-0193
                Telephone: 212.351.4000
                Facsimile: 212.351.4035

                Y. Ernest Hsin
                ehsin@gibsondunn.com
                Jaysen S. Chung
                jschung@gibsondunn.com
                **GIBSON, DUNN & CRUTCHER LLP**
                555 Mission Street, Suite 3000
                San Francisco, CA 94105-0921
                Telephone: 415.393.8200
                Facsimile: 415.393.8306

                Ryan K. Iwahashi
                riwahashi@gibsondunn.com
                **GIBSON, DUNN & CRUTCHER LLP**
                1881 Page Mill Road
                Palo Alto, CA 94304-1211
                Telephone: 650.849.5300
                Facsimile: 650.849.5333

                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22 day of March 2023, the foregoing was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Jason Perlman*
Jason Perlman
